Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Joseph Tojarieh, Esq. (#265492)
TOJARIEH LAW FIRM, PC
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@tojariehlaw.com

Attorneys for Plaintiff JANE DOE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California Corporation, BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, form unknown; and GEORGE TYNDALL, M.D., an individual, and DOES 1 to 100, inclusive;<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF TITLE IX (20 U.S.C. §1681);**<br>2. **VIOLATION OF UNRUH ACT (CC §51);**<br>3. **SEXUAL HARASSMENT (CC §51.9);**<br>4. **VIOLATION OF BANE ACT (CC §52.1);**<br>5. **GENDER VIOLENCE (CC §52.4);**<br>6. **SEXUAL ASSAULT;**<br>7. **SEXUAL BATTERY (CC §1708.5);**<br>8. **CONSTRUCTIVE FRAUD (CC §1573);**<br>9. **SEXUAL ABUSE AND HARASSMENT IN THE EDUCATIONAL SETTING (EDUCATION CODE §220);**<br>10. **VIOLATION OF THE CALIFORNIA EQUITY IN HIGHER EDUCATION ACT (EDUCATION CODE §66270);**<br>11. **NEGLIGENCE;**<br>12. **NEGLIGENCE PER SE;**<br>13. **NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION;**<br>14. **NEGLIGENT FAILURE TO WARN, TRAIN, AND/OR EDUCATE;**<br>15. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>16. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND**<br>17. **UNFAIR BUSINESS PRACTICES (B&PC §17200)**<br><br>**DEMAND FOR JURY TRIAL** |

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Plaintiff JANE DOE (hereinafter, "Ms. Doe"), an individual (hereinafter referred to as "Plaintiff" or "Ms. Doe"), hereby files this Complaint against Defendants UNIVERSITY OF SOUTHERN CALIFORNIA (hereinafter "USC"), BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA (hereinafter "The Board"); GEORGE TYNDALL, M.D. (hereinafter "Dr. Tyndall") and DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

## FACTUAL ALLEGATIONS

1.     Ms. Doe is a 46-year-old woman who attended USC from approximately 1990 to 1993.

2.     During the time she attended USC, in or about March of 1991, Ms. Doe was subjected to medical examination by Dr. Tyndall one time.

3.     During his medical examination of Ms. Doe, Dr. Tyndall molested, sexually abused, and sexually harassed her, including but not limited to by an unnecessarily aggressive inspection of Ms. Doe's private parts. Dr. Tyndall also made grossly inappropriate remarks during his examination.

4.     Ms. Doe visited Dr. Tyndall during the second semester of her freshman year at USC. She had never had a gynecological exam before and was sexually inexperienced.

5.     During the examination, Dr. Tyndall felt her breasts, put his fingers inside her vagina and anus, and aggressively moved first his fingers, and then a speculum around inside her. She sensed that Dr. Tyndall's examination was more about his own personal enjoyment than anything helpful for her.

6.     When Ms. Doe told Dr. Tyndall that she was having difficulty finding the string of her tampon, he remarked "You are such an idiot - don't you know it's not a black hole? Haven't you had sex before?" and words to that effect.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

7.    Ms. Doe recently read a news article[1] in the Los Angeles Times about Defendants USC, The Board, and Dr. Tyndall that brought forth the realization that she had been betrayed and violated by the very institution that she once had much pride in, and the horror of the reality of Dr. Tyndall's "medical care" set in.

8.    USC's failure to disclose these facts, and in fact actively conceal them, has allowed Dr. Tyndall, a sexual predator acting as a medical professional, to exploit Ms. Doe and numerous other student-patients, with absolutely no regard for their physical or mental state, safety, privacy, or dignity.

9.    Nearly thirty years ago, in 1989, USC and/or The Board hired Dr. Tyndall at their student health clinic as the sole full-time gynecologist. Over the span of three decades, or about sixty school semesters, Dr. Tyndall treated tens of thousands of female students, many of them teenagers seeing a gynecologist for the first time. Few, if any, who lay down on Dr. Tyndall's exam table at the Student Health Center knew that he had been accused repeatedly of misconduct toward young patients.

10.    When USC hired Dr. Tyndall, he told people he had selected the job over higher paying opportunities so he could work with the bright, sophisticated women of what he often called "the Stanford of the South." According to DMV records, the license plate on his Acura declared his dedication to his job, reading "COED DOC."

11.    In the 1990s, chaperones (who routinely accompanied Dr. Tyndall in the exam room) became alarmed about the frequency with which he used a camera during pelvic exams. Though gynecologists can have legitimate reasons to take pictures, including research, teaching and soliciting second opinions from colleagues, Dr. Tyndall's chaperones questioned his motivations. One chaperone recalled him taking multiple pictures of hundreds of patients' genitals, while

---

[1] "A USC doctor was accused of bad behavior with young women for years. The University let him continue treating students," by Harriet Ryan, Matt Hamilton and Paul Pringle, May 16, 2018, The Los Angeles Times.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

another said she witnessed 50 to 100 patients photographed. Bernadette
Kosterlitzky, a clinic nurse from 1992 to 2013, said that after a chaperone alerted
administrators to the camera, then-Executive Director Dr. Lawrence Neinstein
ordered it removed. "It was stopped as soon as it came to light," said Kosterlitzky,
who ran the clinic's oversight committee.

12.    Students also spoke up. In the early 2000s, at least three patients
submitted letters complaining about inappropriate touching and remarks. The
letters were read aloud during monthly committee meetings. It is unclear what
action Dr. Neinstein took, if any. Dr. Neinstein's files contain at least eight
complaints against Dr. Tyndall from 2000 to 2014. Some concern Dr. Tyndall's
patient care. In a summary of the investigation into Dr. Tyndall, USC stated:
"Several of the complaints were concerning enough that it is not clear today why
the former health center director permitted Dr. Tyndall to remain in his position."

13.    In 2013, the Student Health Clinic moved into a new building, named
for Michel Dedeaux Engemann, a university trustee. In the Engemann Student
Health Center, the troubling questions about Dr. Tyndall only intensified. Within
months of the grand opening, chaperones observed behavior in Dr. Tyndall's exam
room that unsettled them. Chaperones were concerned about what Dr. Tyndall
described as a full body scan for unusual moles. They said Dr. Tyndall frequently
had women lie naked on the exam table while he slowly inspected every part of
their body, down to the area between their buttocks.

14.    While he worked, Dr. Tyndall would make unseemly comments,
describing patients' skin as "flawless," "creamy" or "beautiful," according to
multiple witnesses. He remarked on students' "perky breasts." "They stand right up
there, don't they?" he was recalled as saying.

15.    In the spring of 2013, eight chaperones reported concerns about Dr.
Tyndall to their supervisor, veteran nurse Cindy Gilbert. Nurse Gilbert went to Dr.
Neinstein, and the head of clinic nursing, Tammie Akiyoshi. Dr. Neinstein, who

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 4 -

**DOE v. USC, et al. - COMPLAINT**

had talked to Dr. Tyndall about his behavior in the past, referred the complaints to the university's Office of Equity and Diversity, which investigates sexual misconduct and racial and gender discrimination.

16.     According to USC, an investigator interviewed seven employees and a patient (though multiple chaperones who had complained were never informed of the probe or questioned by the investigator). The investigation concluded there was no violation of school policy. The only action Dr. Neinstein took as a result of the investigation was barring Dr. Tyndall from locking the door of his office while with patients.

17.     Dr. Tyndall's co-workers were becoming increasingly disturbed by his behavior in the exam room. On top of the conduct they had already reported, chaperones discussed the way Dr. Tyndall used his fingers during the pelvic exam for many young women. In the final stage of the exam, gynecologists often assess the uterus for lumps and other abnormalities by inserting two fingers inside a patient while pressing on her lower abdomen. What troubled chaperones was Dr. Tyndall's use of his fingers at the start of the exam.

18.     Before inserting a speculum, the metal duck-billed device that spreads open the walls of the vagina and enables the physician to view the cervix, Dr. Tyndall would voice concern that the speculum might not fit. "He would put one finger in and say, 'Oh, I think it will fit. Let's put two fingers in,'" said a chaperone who worked with Dr. Tyndall for years.

19.     Further, four other people familiar with Dr. Tyndall's exams said that while he spoke, he was moving his fingers in and out of the patients. They said he made nearly identical statements to hundreds of women as he probed them: "My, what a tight muscle you have. You must be a runner." The chaperone who worked with Dr. Tyndall for years said she witnessed at least 70 such exams and remembered thinking the physician would eventually become embarrassed about repeating the same words to student after student. "He never was," she said.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 5 -

DOE v. USC, et al. - COMPLAINT

20.    During some exams, Dr. Tyndall made explicit reference to sexual intercourse while his fingers were inside patients, according to five people who heard the remarks or were told about them. "He would tell young ladies their hymens are intact. 'Don't worry about it, your boyfriend's gonna love it,'" a chaperone recalled.

21.    Dr. Sangeeta Mahajan, a national expert in pelvic pain, said she had never heard of a gynecologist moving his fingers in and out of a patient to gauge whether a speculum would fit and called the practice "very odd" and "creepy." Mahajan, the chief of Female Pelvic Medicine and Reconstructive Surgery at University Hospitals Cleveland Medical Center, said inserting fingers before the speculum was not "a reliable" way of identifying vaginismus.

22.    Dr. Louise King, an assistant professor of gynecology at Harvard Medical School, finds Dr. Tyndall's explanation not standard. Pelvic floor muscles do not typically pose problems for young women and are not examined unless a patient reports pain there. "It wouldn't be something a general gynecologist would do by rote," King said.

23.    At Engemann's first-floor walk-in clinic, at least five women in 2013 and 2014 refused to be scheduled with Dr. Tyndall, despite having gynecological problems that needed immediate attention. Some said "they felt like he was inappropriately touching them, that it didn't feel like a normal exam" or "They felt like they were violated."

24.    Nurse Gilbert recalled one longtime medical assistant at the clinic emerging from Dr. Tyndall's exam room in tears. "She felt so strongly that it was wrong and that it could easily be any of our daughters."

25.    One longtime chaperone said Dr. Tyndall's behavior was often trained on international students from Asia. In recent years, some colleagues feared that Dr. Tyndall was targeting the university's growing population of Chinese students, who often had a limited understanding of the English language and American

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

medical norms. Still, Dr. Tyndall was allowed to continue practicing.

26.    Throughout 2013 and 2014, USC chaperones gave Nurse Gilbert the names of women who seemed particularly shaken by Dr. Tyndall's exams. Nurse Gilbert contacted patients and explained how to make a written complaint against Dr. Tyndall. Some did, but others indicated they just wanted to find another gynecologist and forget about the experience. Nurse Gilbert volunteered to assist Dr. Tyndall to see his exams firsthand and witnessed at least a dozen pelvic exams she felt were inappropriate. In one case, Dr. Tyndall removed an intrauterine device from a patient and then asked the young woman if he could keep the used birth-control device, which was covered in blood and tissue. Multiple experts said they had never heard of such a request and knew of no medical reason a physician would retain an IUD.

27.    From 2014 to 2016, Nurse Gilbert repeatedly went to Tammie Akiyoshi, Dr. Neinstein and other clinic administrators, who seemed uninterested. Dr. Tyndall continued seeing as many as 16 patients a day.

28.    In June 2016, Nurse Gilbert went to USC's rape crisis center, known as Relationship and Sexual Violence Prevention and Services, and spoke to Executive Director Ekta Kumar, stating: "We all feel the same. We can't get anyone to act on it." Ms. Kumar, a psychologist, seemed astonished and used the word "abuse" in response to her description of Dr. Tyndall's conduct, promising to take the matter higher at USC.

29.    Also in June 2016, Nurse Gilbert and other staffers stumbled upon a box in a cabinet in Dr. Tyndall's office containing images of student-patients' genitals. The slides and photographs were shot in the old health clinic in 1990 and 1991 and some were labeled with identifying patient information. A senior clinic administrator confiscated the box.

30.    Even so, Dr. Tyndall continued to receive his salary from USC. Then, in a secret deal in the summer of 2017, top USC administrators allowed Dr.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**DOE v. USC, et al. - COMPLAINT**

Tyndall to resign quietly with a financial payout. The terms of the deal included the offer that if Dr. Tyndall would agree to resign, he would be given a severance, and the conclusion of the USC investigation would be changed to "no finding."

31.    Dr. Tyndall's resignation was effective June 30, 2017. USC did not inform Dr. Tyndall's patients. An October communication advised that Dr. Tyndall was "no longer with the University of Southern California."

32.    The Medical Board of California is the agency responsible for protecting the public from problem physicians. State law requires hospitals and many clinics to notify the Medical Board in a variety of circumstances where they suspend, discipline or terminate the privileges of physicians. These reports automatically trigger state investigations into a physician's license and hospital leaders face steep fines for failing to report. USC said the law didn't apply in Dr. Tyndall's case because USC itself wasn't governed by the rules for hospitals and clinics, the complaints against the gynecologist "were made as a human resources matter," and besides, Dr. Tyndall had advised school officials that he was going to retire from practice.

33.    In fact, Dr. Tyndall renewed his California medical license in January 2018 and has been quoted as saying that he intends to work well into his eighties.

34.    On May 22, 2018, two hundred of Defendants' Faculty Members communicated via letter their feelings about these incidents to Defendant The Board. The letter states in pertinent part:

> "USC kept a physician in a position of power and trust who abused that power and trust to sexually assault and degrade women students, targeting for abuse the most vulnerable international and minority students. The University's conduct is as much at issue in this case as the physician's. Numerous students and nursing staff reported Dr. Tyndall's misconduct in the years between 2000 and 2014, yet Dr. Tyndall was suspended only in 2016, after one brave staff person reported him to USC's rape crisis center.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 8 -

DOE v. USC, et al. - COMPLAINT

After concluding that the charges against Dr. Tyndall were true, the University allowed him to resign quietly. By failing to notify the state Medical Board, law enforcement, or patients, the university allowed Dr. Tyndall to keep his medical license, continue preying on women outside USC, and escape the consequences of his abuse."

35.    The Faculty continued:

"The University Administration's actions have been wrong at every turn, and not only in hindsight. In this case, as in prior cases, faced with an ongoing pattern of serious wrongdoing by a powerful University official, the University has kept the wrongdoing quiet, settled financially with the wrongdoer in secret, and denied any responsibility on the part of the University. There still has been no public report of the investigation into the two cases involving USC medical deans, nor any visible attempt to determine what University administrators knew and when they knew it, and why they waited as long as they did to take action."

36.    As such, and as set forth herein, the violations of Defendants USC, The Board, and Dr. Tyndall, of such statutes as the California <u>Civil Code</u> (hereafter "<u>Civil Code</u>" or "<u>CC</u>"), the California <u>Education Code</u> (hereafter "<u>Education Code</u>), Title IX (20 U.S.C. §1681), the California <u>Business and Professions Code</u> (hereafter, "<u>B&PC</u>"), and related common law principles, include but are not limited to the following:

    a.    Violations of Title IX (20 U.S.C. §1681);

    b.    Violations of the Unruh Act (<u>CC</u> §51);

    c.    Sexual harassment (<u>CC</u> §51.9);

    d.    Violations of the Bane Act (<u>CC</u> §52.1);

    e.    Gender violence (<u>CC</u> §52.4);

    f.    Sexual assault;

    g.    Sexual battery (<u>CC</u> §1708.5);

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

h.  Constructive fraud (<u>CC</u> §1573);

i.  Acts of sexual abuse and harassment in the educational setting (<u>Education Code</u> §220);

j.  Violations of the California Equity in Higher Education Act (<u>Education Code</u> §66270);

k.  Negligence;

l.  Negligence per se;

m. Negligent hiring, supervision and/or retention;

n.  Negligent failure to warn, train, and/or educate;

o.  Intentional infliction of emotional distress;

p.  Negligent infliction of emotional distress; and/or

q.  Unfair business practices (<u>B&PC</u> §17200).

## II.

## <u>JURISDICTION AND VENUE</u>

37.    This District Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States.

38.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendants.

39.    Here, jurisdiction is not founded only on diversity of citizenship. Therefore, venue is proper in the Central District of California because:

a.  Pursuant to 28 U.S.C. §1391(b), a substantial part of the events or omissions giving rise to the claims occurred in this District; and

b.  Pursuant to 28 U.S.C. §1391(c), Defendants are found in this District and Defendants' illegal treatment of Plaintiff as described herein occurred in the counties within the Central District of California.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 10 -

DOE v. USC, et al. - COMPLAINT

# III.

# PARTIES

PLAINTIFF JANE DOE ("Ms. Doe")

40.     Ms. Doe is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California and the United States of America.

41.     As described herein, Ms. Doe seeks recovery herein from Defendants because with regard to Ms. Doe, Defendants have committed the following acts:

     a.  Violations of Title IX (20 U.S.C. §1681);

     b.  Violations of the Unruh Act (CC §51);

     c.  Sexual harassment (CC §51.9);

     d.  Violations of the Bane Act (CC §52.1);

     e.  Gender violence (CC §52.4);

     f.  Sexual assault;

     g.  Sexual battery (CC §1708.5);

     h.  Constructive fraud (CC §1573);

     i.  Acts of sexual abuse and harassment in the educational setting (Education Code §220);

     j.  Violations of the California Equity in Higher Education Act (Education Code §66270);

     k.  Negligence;

     l.  Negligence per se;

     m. Negligent hiring, supervision and/or retention;

     n.  Negligent failure to warn, train, and/or educate;

     o.  Intentional infliction of emotional distress;

     p.  Negligent infliction of emotional distress; and/or

     q.  Unfair business practices (B&PC §17200).

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

DOE v. USC, et al. - COMPLAINT

DEFENDANT, UNIVERSITY OF SOUTHERN CALIFORNIA ("USC")

42.    Defendant USC is now and/or at all times mentioned in this Complaint was a California corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA ("The Board")

43.    Defendant The Board is now and/or at all times mentioned in this Complaint was an entity, form unknown, and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, GEORGE TYNDALL, M.D. ("Dr. Tyndall")

44.    Defendant Dr. Tyndall is now and/or at all times mentioned in this Complaint was an individual licensed to do business and actually doing business as a physician in the State of California.

DOES 1 TO 100, INCLUSIVE

45.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

46.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names.

47.    Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

48.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 12 -
DOE v. USC, et al. - COMPLAINT

49.     Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

50.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in committing the acts alleged herein, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

51.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

52.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

53.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

54.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

///
///
///
///
///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

# IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE IX

### (20 U.S.C. §§1681(a), et seq.)

### (Against Defendants USC, The Board, and DOES 1 to 100)

55.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

56.     Title IX of the Education Amendments Act of 1972 states "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. §1681, et seq.

57.     Plaintiff is a "person" under Title IX.

58.     Though a private institution, Defendant USC receives federal financial assistance for its various education programs, and is therefore subject to the provisions of Title IX, 20 U.S.C. §§1681(a), et seq.

59.     As a young student and medical patient at Defendants' institution, Plaintiff was subjected to molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall.

60.     Defendants USC and The Board are required under Title IX to investigate allegations of molestation, sexual assault, sexual abuse, and/or sexual harassment.

61.     Defendant USC, with authority to institute corrective measures, had actual notice that Dr. Tyndall posed a substantial risk of molestation, sexual assault, sexual abuse, and/or sexual harassment to the young female student-patients who sought treatment through Defendant USC's Student Health Clinic. Specifically, Defendant USC received numerous complaints of Dr. Tyndall's

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1   sexual abuse, yet allowed such sexual abuse to continue unabated.

2       62.    Defendants USC, The Board, and DOES 1 to 100 were deliberately

3   indifferent to the substantial risk of molestation, sexual assault, sexual abuse,

4   and/or sexual harassment posed to student-patients who came into contact with Dr.

5   Tyndall at Defendants USC, The Board, and DOES 1 to 100. After receiving actual

6   notice of complaints of sexual abuse by Dr. Tyndall, Defendants USC, The Board,

7   and DOES 1 to 100, through their employees, agents, and servants, ignored the

8   sexual abuse that Dr. Tyndall inflicted on Plaintiff and others and allowed him to

9   continue treating young female students. It was this conduct that constitutes willful

10  indifference towards Plaintiff, who was subjected to Dr. Tyndall's unfettered

11  sexual misconduct.

12      63.    As a result of the above-described conduct, Plaintiff suffered and

13  continues to suffer great pain of mind and body, shock, emotional distress, physical

14  manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace,

15  humiliation, and loss of enjoyment of life; has suffered and continue to suffer and

16  was prevented and will continue to be prevented from performing daily activities

17  and obtaining the full enjoyment of life; will sustain loss of earnings and earning

18  capacity, and will incur expenses for medical and psychological treatment, therapy,

19  and counseling.

20      64.    In subjecting Plaintiff to the wrongful treatment herein described,

21  Defendants USC, The Board, Dr. Tyndall, and DOES 1 to 100, acted willfully and

22  maliciously with the intent to harm Plaintiff, and in conscious disregard of

23  Plaintiff's rights, so as to constitute malice and oppression under Civil Code

24  §3294. Plaintiff is therefore entitled to the recovery of punitive damages, in an

25  amount to be determined by the court, against Defendants USC, The Board, Dr.

26  Tyndall, and DOES 1 to 100, in a sum to be shown according to proof.

27      65.    Further, Plaintiff requests the award of attorneys' fees pursuant to 42

28  U.S.C. §1988.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 15 -

DOE v. USC, et al. - COMPLAINT

## SECOND CAUSE OF ACTION

## VIOLATION OF UNRUH ACT

## (CIVIL CODE §51)

### (Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)

66.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.     Civil Code §51, also known as the "Unruh Civil Rights Act," states in pertinent part at subsection (b): "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

68.     Plaintiff's civil rights were violated by Defendant USC, when Defendant USC, through its agents, actors and employees, intentionally concealed complaints of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall from Plaintiff. Plaintiff had a right to be free from gender discrimination, molestation, sexual assault, sexual abuse, and/or sexual harassment under the Unruh Civil Rights Act.

69.     Defendants USC, The Board, Dr. Tyndall, and DOES 1 to 100 were acting under the color of their authority and in the scope of their employment, during the time when Plaintiff was a student-patient at Defendant USC and DOES 1 to 100.

70.     Defendants USC, The Board, and DOES 1 to 100 denied Plaintiff full and equal accommodations, advantages, facilities, privileges and healthcare services because of her gender, by allowing Dr. Tyndall unfettered access to sexually abuse Plaintiff, by and through his position of authority as the Student

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 16 -

DOE v. USC, et al. - COMPLAINT

Health Center's sole full-time gynecologist, by actively concealing from Plaintiff its knowledge that Dr. Tyndall was a serial sexual predator.

71.    By employing and retaining Dr. Tyndall as the sole full-time gynecologist in its Student Health Clinic, despite its knowledge of myriad reports of Dr. Tyndall's sexually abusive nature, Defendant USC forced its female students to seek necessary medical treatment from Dr. Tyndall, thereby exposing Plaintiff to Dr. Tyndall's sexual abuse. Thus, Defendant USC's retention of Dr. Tyndall denied Plaintiff of full and equal access to safe medical facilities, treatment and services, based upon her gender.

72.    The substantial motivating reason for Defendant USC's conduct of actively concealing numerous complaints of Dr. Tyndall's sexually abusive nature was Plaintiff's gender, as Defendant USC knew that only its female students would seek gynecological treatment from Dr. Tyndall and, thus, would be unwittingly subjected to his sexual assaults.

73.    As a direct and proximate result of Defendants' tortuous acts, omissions, wrongful conduct and breaches of their duties, Plaintiff's employment and professional development have been adversely affected. Plaintiff has lost wages and will continue to lose wages in an amount to be determined at trial.

74.    As a further direct and proximate result of Defendants' wrongful actions, as herein alleged, Plaintiff has been hurt in her health, strength and activity. Plaintiff has sustained permanent and continuing injury to her nervous system and person, which has caused and continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but in no event less than the jurisdictional minimum requirements of this Court.

///

///

///

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

**DOE v. USC, et al. - COMPLAINT**

## THIRD CAUSE OF ACTION

### SEXUAL HARASSMENT

### (CIVIL CODE §51.9)

### (Against Defendants USC, The Board, and DOES 1 to 100)

75.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

76.    Civil Code §51.9(a)(1)(A) states in pertinent part: "(a) A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

(1)  There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person, including, but not limited to, any of the following persons:

(A)  Physician, psychotherapist, or dentist. For purposes of this section, "psychotherapist" has the same meaning as set forth in paragraph (1) of subdivision (c) of Section 728 of the Business and Professions Code."

77.    Civil Code §51.9(a) continues the elements for sexual harassment:

(2)  The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.

(3)  There is an inability by the plaintiff to easily terminate the relationship.

(4)  The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2)."

78.    During Plaintiff's time as a student at Defendants USC and DOES 1 to 100, Dr. Tyndall intentionally, recklessly and wantonly made sexual advances,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiff's gender that were unwelcome, pervasive and severe, including but not limited to Dr. Tyndall groping and fondling Plaintiff's breasts, vagina and anus, all under the supervision of Defendants, who were acting in the course and scope of their agency with Defendants, and each of them.

79.    The incidents of abuse outlined herein above took place while Plaintiff was under the control of Dr. Tyndall and Defendants USC, The Board, and DOES 1 to 100, in their capacity and position as supervisors of physicians, medical professionals, and staff at Defendants USC, The Board, and DOES 1 to 100, and while acting specifically on behalf of Defendants.

80.    During Plaintiff's time as a student at Defendants USC and DOES 1 to 100, Dr. Tyndall intentionally, recklessly and wantonly did acts which resulted in harmful and offensive contact with intimate parts of Plaintiff's persons, including but not limited to, using his position of authority and age to force Plaintiff to give into Dr. Tyndall's sexual suggestions.

81.    Because of Dr. Tyndall's age and position of authority versus Plaintiff's physical seclusion, mental and emotional state, and age, Plaintiff was unable to, and did not and could not, give consent to such acts.

82.    Even though Defendants knew or should have known of these activities by Dr. Tyndall, Defendants did nothing to investigate, supervise or monitor Dr. Tyndall to ensure the safety of the student-patients in their charge.

83.    Because of Plaintiff's relationship with Defendants, as a student-patient of Defendants, and Plaintiff's young age, Plaintiff was unable to easily terminate the physician-patient relationship she had with Defendants.

84.    A corporation is a "person" within meaning of Civil Code §51.9, which subjects persons to liability for sexual harassment within a business, service or professional relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.* (2009)

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@Kbarnes.com

- 19 -

DOE v. USC, et al. - COMPLAINT

169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

85. Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiff.

86. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTH CAUSE OF ACTION

### VIOLATION OF BANE ACT

### (CIVIL CODE §52.1)

**(Against Defendants USC, The Board, Dr. Tyndall, and DOES 1 to 100)**

87. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

88. Civil Code §52.1(a) states: "If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated."

89.    Further, Civil Code §52.1(b) states: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

90.    Defendants' actions, as alleged herein, have had and will continue to interfere with Plaintiff's right to be free from gender discrimination in the form of sexual harassment in the educational and collegiate athletic setting, codified under 20 U.S.C. §1681. Furthermore, Plaintiff had a right to have Defendant USC respond immediately and investigate her molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall.

91.    During Plaintiff's time as a student at Defendant USC, Defendants engaged in oppressive and unlawful tactics in ignoring, concealing, and ultimately suppressing complaints of sexual abuse by Dr. Tyndall. Plaintiff was threatened, intimidated and coerced by Dr. Tyndall's own intimidating and humiliating conduct, as well as the conspiratorial silence and inaction of Defendant USC's chaperones. These intentional acts of concealment of Dr. Tyndall's abusive

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

**DOE v. USC, et al. - COMPLAINT**

behavior violated Plaintiff's right to be free from discrimination on the basis of her gender, under Title IX.

92.    Furthermore, Plaintiff was deprived of due process of law, when various complaints to Defendant USC's employees failed to trigger any report, investigation, or other action by Defendants USC and/or The Board, who were required to do so, both under their own policies and procedures, as well as under federal mandate by Title IX and the Fourteenth Amendment.

93.    In addition, these actions were contrary to Plaintiff's civil rights guaranteed under the Constitution of the State of California.

94.    Defendants' wrongful conduct was intended to, and did successfully interfere with Plaintiff's constitutional rights to be free from gender discrimination and harassment, as well as interfered with their rights of due process under the United States Constitution, specifically the Fifth and Fourteenth Amendments.

95.    Defendants unlawfully and wrongfully used, or employed others to wrongfully use threats, intimidation, harassment, violence, and coercion over Plaintiff's person, to which Plaintiff had no relief except to submit to Defendants' wrongful threats, intimidation, harassment, violence, and coercion, which rendered Plaintiff's submission involuntary.

96.    Defendants' above-noted actions were the legal and proximate causes of physical, psychological, emotional, and economic damages, and damage to Plaintiff, who has suffered and continues to suffer to this day. The actions of Defendants have also resulted in requiring Plaintiff to incur, in the future, expenses for medical and psychological treatment, therapy, and counseling.

97.    As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 22 -

DOE v. USC, et al. - COMPLAINT

obtaining the full enjoyment of life; have and will continue to sustain loss of earning capacity; and will incur expenses for medical and psychological treatment, therapy, and counseling.

98. Plaintiff has also suffered economic, vocational and employment losses.

99. In subjecting Plaintiff to the wrongful treatment described herein, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to compensatory damages in a sum to be shown according to proof, emotional distress damages in a sum to be shown according to proof, punitive and/or exemplary damages, attorney's fees, other damages pursuant to Civil Code §52(b)(1), and a temporary restraining order or a preliminary or permanent injunction ordering Defendants to refrain from conduct or activities as alleged herein, stating "VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE PENAL CODE," and other such relief as the court deems proper.

## FIFTH CAUSE OF ACTION

### GENDER VIOLENCE

### (CIVIL CODE 52.4)

### (Against Defendant Dr. Tyndall and DOES 1 to 100)

100. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101. Civil Code §52.4 states: "Any person who has been subjected to gender violence may bring a civil action for damages against any responsible party. The plaintiff may seek actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.   A prevailing plaintiff may also be awarded attorney's fees and costs."

102. Dr. Tyndall's acts committed against Plaintiff, as alleged herein, including the molestation, sexual assault, sexual abuse, and/or sexual harassment of

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Plaintiff, constitutes gender violence and a form of sex discrimination in that one or more of Dr. Tyndall's acts would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

103.    Dr. Tyndall's acts committed against Plaintiff, as alleged herein, including the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiff, constitutes gender violence and a form of sex discrimination in that Dr. Tyndall's conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

104.    As a proximate result of Dr. Tyndall's acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

105.    Plaintiff is also entitled to an award of attorney's fees and costs against Dr. Tyndall pursuant to Civil Code §52.4.

## SIXTH CAUSE OF ACTION

### SEXUAL ASSAULT

### (Against Defendant Dr. Tyndall and DOES 1 to 100)

106.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

107.    Dr. Tyndall, in committing the acts alleged herein, including intending to subject Plaintiff to molestation, sexual assault, sexual abuse, and/or sexual harassment during Plaintiff's time with Defendants USC, The Board, and DOES 1 to 100, in 1991, including but not limited to instances of Dr. Tyndall groping and fondling Plaintiff's breasts, vagina and anus, all while Dr. Tyndall acted in the

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**DOE v. USC, et al. - COMPLAINT**

course and scope of his agency/employment with Defendants, and each of them and were intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

108.    As set forth herein, Plaintiff was put in imminent apprehension of a harmful or offensive contact by Dr. Tyndall and actually believed Dr. Tyndall had the ability to make harmful or offensive contact with Plaintiff's person.

109.    Plaintiff did not consent to Dr. Tyndall intended harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact.

110.    In committing the acts alleged herein, Dr. Tyndall violated Plaintiff's right, pursuant to Civil Code §43, of protection from bodily restraint or harm, and from personal insult. In committing the acts alleged herein, Dr. Tyndall violated his duty, pursuant to Civil Code §1708, to abstain from injuring the person of Plaintiff or infringing upon her rights.

111.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and will incur expenses for medical and psychological treatment, therapy, and counseling.

112.    Plaintiff is informed and based thereon alleges that the conduct of Defendants was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of their right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to Civil Code §3294, entitling Plaintiff to punitive damages against Defendants in an amount appropriate to punish

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

and set an example of Defendants.

## SEVENTH CAUSE OF ACTION

### SEXUAL BATTERY

### (Civil Code §1708.5)

### (Against Defendant Dr. Tyndall and DOES 1 to 100)

113.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

114.    Civil Code §1708.5(a) states: "(a) A person commits a sexual battery who does any of the following:

(1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.

(2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results.

(3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results."

115.    During Plaintiff's time as a student with Defendants USC and DOES 1 to 100, Dr. Tyndall intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person, including but not limited to being subjected to sexual abuse by Dr. Tyndall, during Plaintiff's time with Defendants USC, The Board, and DOES 1 to 100, in 1991, including but not limited to instances of Dr. Tyndall groping and fondling Plaintiff's breasts, vagina and anus, all while Dr. Tyndall acted in the course and scope of his agency/employment with Defendants, and each of them.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

116.    Dr. Tyndall did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person, and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

117.    Because of Dr. Tyndall's position of authority over Plaintiff, and Ms. Doe's mental and emotional state and age, Plaintiff did not give meaningful consent to such acts.

118.    As a direct, legal and proximate result of the acts of Dr. Tyndall, Plaintiff sustained serious and permanent injuries to her person, all of this damage in an amount to be shown according to proof and within the jurisdiction of the Court.

119.    As a direct result of the sexual abuse by Dr. Tyndall, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff, including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of the sexual abuse inflicted upon her by Defendants. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. As a direct result of the molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall, Plaintiff suffered immensely, including, but not limited to, encountering issues with a lack of trust, various psychological sequelae, depressive symptoms, anxiety, nervousness, and self-medicating behavior.

120.    Plaintiff is informed and based thereon alleges that the conduct of Dr. Tyndall was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to Civil Code §3294, entitling

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Plaintiff to punitive damages against Dr. Tyndall in an amount appropriate to punish and set an example of Dr. Tyndall.

**EIGHTH CAUSE OF ACTION**

**CONSTRUCTIVE FRAUD**

**(Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)**

121.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

122.   By holding Dr. Tyndall out as an agent of Defendants, and by allowing him to undertake the medical care of young patients such as Plaintiff, Defendants entered into a confidential, fiduciary, and special relationship with Plaintiff.

123.   By holding themselves out as a preeminent collegiate facility, thereby enticing Plaintiff to attend Defendant USC as undergraduate and graduate students, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

124.   Defendants breached their confidential, fiduciary duty and special duties to Plaintiff by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiff in matters relating to Plaintiff's safety, security and health. In particular, in breaching such duties as alleged, Defendants were able to sustain their status as an institution of high moral repute, and preserve their reputation, all at the expense of Plaintiff's further injury and in violation of Defendants' mandatory duties.

125.   By virtue of their confidential, fiduciary and special relationship with Plaintiff, Defendants owed Plaintiff a duty to:

    a.    Investigate or otherwise confirm or deny such claims of sexual abuse;

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

b.  Reveal such facts to Plaintiff, the community at large, and law enforcement agencies;

c.  Refuse to place Dr. Tyndall and other molesters in positions of trust and authority within Defendants' institutions;

d.  Refuse to hold out Dr. Tyndall and other molesters to the public, the community, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with him and his position as a physician, faculty member and authority figure;

e.  Refuse to assign Dr. Tyndall and other molesters to positions of power within USC and over young students; and

f.  Disclose to Plaintiff, the public, the school community, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that Dr. Tyndall had engaged in with patients.

126.  Defendants' breach of their respective duties included:

a.  Not performing reasonable investigations of Dr. Tyndall;

b.  Issuing no warnings about Dr. Tyndall;

c.  Permitting Dr. Tyndall to routinely be supervised only by untrained chaperones, who were consistently derelict in their duty to report Dr. Tyndall's sexual abuse to law enforcement;

d.  Not adopting a policy to prevent Dr. Tyndall from routinely having patients and students in his unsupervised control;

e.  Making no reports of any allegations of Dr. Tyndall's abuse of students prior to or during his employment and/or agency at Defendants USC, The Board, and DOES 1 to 100; and

f.  Assigning and continuing to assign Dr. Tyndall to duties which placed him in positions of authority and trust over other student-patients, positions in which Dr. Tyndall could easily isolate and sexually abuse other student-patients.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

127.   At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on her rights.

128.   Defendants' misconduct did reasonably cause Plaintiff to forbear on her rights.

129.   The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against Dr. Tyndall, or that there were no other charges of unlawful or sexual misconduct against Dr. Tyndall or others and that there was no need for them to take further action or precaution.

130.   The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that Dr. Tyndall was a molester, and was known to commit wrongful sexual acts with student-patients, including Plaintiff.

131.   Defendants knew or should have known at the time they suppressed and concealed the true facts regarding Dr. Tyndall's molestation, sexual assault, sexual abuse, and/or sexual harassment, that the resulting impressions were misleading.

132.   Defendants suppressed and concealed the true facts regarding Dr. Tyndall with the purpose of: preventing Plaintiff and others from learning that Dr. Tyndall and others had been and were continuing to sexually harass, molest and abuse patients, Dr. Tyndall and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' program and other enterprises of Defendants; preventing further reports and outside investigations into Dr. Tyndall and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants'

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

power and status in the community and the gymnastics community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of Dr. Tyndall, and of others.

133.   At all times mentioned herein, Defendants, and in particular Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100, with knowledge of the tortious nature of their own and Dr. Tyndall's conduct, knowingly conspired and gave each other substantial assistance to perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual misconduct lodged against Dr. Tyndall, and allowing Dr. Tyndall to remain in his position as a Student Health Center physician, faculty member and authority figure, so they could maintain their reputations and continue with their positions within the organization.

134.   Plaintiff and others were misled by Defendants' suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by Defendants. Specifically, Plaintiff was induced to believe that there were no allegations of criminal or sexual abuse against Dr. Tyndall and that he was safe to be around patients. Had Plaintiff known the true facts about Dr. Tyndall, she would have not participated further in activities of Defendants, or continued to financially support Defendants' activities. They would have reported the matters to the proper authorities and to other patients, so as to prevent future recurrences; they would not have allowed their children, including Plaintiff, to be alone with, or have any relationship with Dr. Tyndall; they would not have allowed young female students, including Plaintiff, to attend or be under the control of Defendants; they would have undertaken their own investigations which would have led to discovery of the true facts; and they would have sought psychological counseling for Plaintiff and for other student-patients who had been abused by Dr. Tyndall.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

135.    By giving Dr. Tyndall the position of Student Health Center physician, faculty member and authority figure, Defendants impliedly represented that Dr. Tyndall was safe and morally fit to give medical care and provide gynecological treatment.

136.    When Defendants made these affirmative or implied representations and nondisclosures of material facts, Defendants knew or should have known that the facts were otherwise. Defendants knowingly and intentionally suppressed the material facts that Dr. Tyndall, had on numerous, prior occasions sexually, physically, and mentally abused patients of Defendants, including Plaintiff, and knew of or learned of conduct, or should have known of conduct by Dr. Tyndall which placed Defendants on notice that Dr. Tyndall had previously been suspected of felonies, including unlawful sexual conduct with patients, and was likely sexually abusing student-patients in his care.

137.    Because of Plaintiff's age, and because of the status of Dr. Tyndall as a trusted, authority figure to Plaintiff, Plaintiff was vulnerable to Dr. Tyndall. Dr. Tyndall sought Plaintiff out, and was empowered by and accepted Plaintiff's vulnerability. Plaintiff's vulnerability also prevented her from effectively protecting herself from the sexual advances of Dr. Tyndall.

138.    Defendants had the duty to obtain and disclose information relating to sexual misconduct of Dr. Tyndall.

139.    Defendants misrepresented, concealed or failed to disclose information relating to sexual misconduct of Dr. Tyndall.

140.    Defendants knew that they had misrepresented, concealed or failed to disclose information related to sexual misconduct of Dr. Tyndall.

141.    Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of Dr. Tyndall.

142.    Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100, in concert with each other and with the intent to conceal and defraud, conspired and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**DOE v. USC, et al. - COMPLAINT**

came to a meeting of the minds whereby they would misrepresent, conceal or fail to
disclose information relating to the sexual misconduct of Dr. Tyndall, the inability
of Defendants to supervise or stop Dr. Tyndall from sexually harassing, molesting
and abusing Plaintiff, and their own failure to properly investigate, supervise and
monitor his conduct with patients.

143.   By so concealing, Defendants committed at least one act in
furtherance of the conspiracy.

144.   As a result of the above-described conduct, Plaintiff has suffered and
continue to suffer great pain of mind and body, shock, emotional distress, physical
manifestations of emotional distress including embarrassment, loss of self-esteem,
disgrace, humiliations, and loss of enjoyment of life; have suffered and continues
to suffer and were prevented and will continue to be prevented from performing
daily activities and obtaining the full enjoyment of life; will sustain loss of
earnings and earning capacity, and/or has incurred and will continue to incur
expenses for medical and psychological treatment, therapy, and counseling.

145.   In addition, when Plaintiff finally discovered the fraud of Defendants,
and continuing thereafter, Plaintiff experienced recurrences of the above-described
injuries. Plaintiff experienced extreme and severe mental anguish and emotional
distress that Plaintiff had been the victim of Defendants' fraud; that Plaintiff had not
been able to help other young female patients to avoid being molested because of the
fraud, and that Plaintiff had not been able because of the fraud to receive timely
medical treatment needed to deal with the problems Plaintiff had suffered and
continues to suffer as a result of the molestation, sexual assault, sexual abuse,
and/or sexual harassment.

146.   In subjecting Plaintiff to the wrongful treatment herein described,
Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 acted willfully and
maliciously with the intent to harm Plaintiff, and in conscious disregard of
Plaintiff's rights, so as to constitute malice and/or oppression under Civil Code

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 33 -

DOE v. USC, et al. - COMPLAINT

§3294. Plaintiff is informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the court, against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100.

## NINTH CAUSE OF ACTION
### SEXUAL ABUSE AND HARASSMENT
### IN THE EDUCATIONAL SETTING
### (Education Code §220)

**(Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)**

147.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

148.   Education Code §220 states: "No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code, including immigration status, in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid."

149.   Plaintiff was harmed by being subjected to molestation, sexual assault, sexual abuse, and/or sexual harassment at Defendants USC, The Board, and DOES 1 to 100 because of Plaintiff's gender and Defendants are responsible for that harm.

150.   Plaintiff suffered harassment that was so severe, pervasive, and offensive that it effectively deprived Plaintiff of the right of equal access to educational benefits and opportunities.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

151.    Defendants had actual knowledge that this molestation, sexual assault, sexual abuse, and/or sexual harassment was occurring. Specifically, Defendant USC, by and through its employees, witnessed Dr. Tyndall's abuse firsthand, as it was witnessed by multiple USC-employed chaperones. Further, Defendant USC received, and then actively suppressed and ignored, numerous complaints of Dr. Tyndall's sexual abuse, dating back to at least the year 2000.

152.    In the face of this knowledge of molestation, sexual assault, sexual abuse, and/or sexual harassment that was being perpetrated upon Plaintiff by Dr. Tyndall, Defendants acted with deliberate indifference towards responding to these alarms and preventing further abuse. Defendants allowed Dr. Tyndall to remain as a Student Health Center physician at Defendants USC, The Board, and DOES 1 to 100, to sexually harass, abuse and molest other patients. It was not until June of 2017 that Defendants allowed Dr. Tyndall to resign, with a monetary settlement, that Dr. Tyndall's sexual abuse of young female students of Defendant USC finally stopped.

153.    As a result of the aforementioned conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and will incur expenses for medical and psychological treatment, therapy, and counseling.

154.    In subjecting Plaintiff to the wrongful treatment herein described, Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under Civil Code §3294. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 35 -

DOE v. USC, et al. - COMPLAINT

determined by the court, against USC, The Board, Dr. Tyndall and DOES 1 to 100, in a sum to be shown according to proof.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA

### EQUITY IN HIGHER EDUCATION ACT

### [Education Code §66270]

### (Against Defendants USC, The Board, and DOES 1 to 100)

155.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

156.   The California Sex Equity in Education Act §66281.5 provides in pertinent part: "(a) It is the policy of the State of California, pursuant to Section 66251, that all persons, regardless of their sex, should enjoy freedom from discrimination of any kind in the postsecondary educational institution of the state. The purpose of this section is to provide notification of the prohibition against sexual harassment as a form of sexual discrimination and to provide notification of available remedies."

157.   The conduct of Defendants USC, The Board, and DOES 1 to 100 as alleged herein constitutes sexual harassment as a form of sexual discrimination against Plaintiff, and violated the Equity in Higher Education Act. Plaintiff is entitled to enforce the Act through a civil action pursuant to Education Code §66292.4.

158.   As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

///

///

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

# ELEVENTH CAUSE OF ACTION

## NEGLIGENCE

### (Against Defendants USC, The Board, and DOES 1 to 100)

159.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

160.   Prior to and after the first incident of Dr. Tyndall's molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiff, through the present, Defendants, knew and/or should have known that Dr. Tyndall had and was capable of sexually, physically, and mentally abusing and harassing Plaintiff or other victims.

161.   Defendants and each of them had special duties to protect Plaintiff and the other patients, when such individuals were entrusted to Defendants' care. Plaintiff's care, welfare and physical custody was entrusted to Defendants. Defendants voluntarily accepted the entrusted care of Plaintiff. As such, Defendants owed Plaintiff, Defendants' student-patient, a special duty of care that adults and medical professionals dealing with vulnerable medical patients and young students owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiff.

162.   Defendants breached their duties of care to Plaintiff by allowing Dr. Tyndall to come into contact with Plaintiff without effective supervision; by failing to adequately hire, supervise and retain Dr. Tyndall whom they permitted and enabled to have access to Plaintiff; by concealing from Plaintiff, the public and law enforcement that Dr. Tyndall was sexually harassing, molesting and abusing patients; and by holding Dr. Tyndall out to Plaintiff as being of high moral and ethical repute, in good standing and trustworthy.

163.   Defendants breached their duties to Plaintiff by failing to investigate or otherwise confirm or deny such facts of sexual abuse by Dr. Tyndall, failing to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

reveal such facts to Plaintiff, the community and law enforcement agencies, and by placing Dr. Tyndall into a position of trust and authority, holding him out to Plaintiff and the public as being in good standing and trustworthy.

164.   Defendants breached their duty to Plaintiff by failing to adequately monitor and supervise Dr. Tyndall and failing to prevent Dr. Tyndall from committing wrongful sexual acts with medical patients, including Plaintiff. Defendants' voluminous past records of sexual misconduct by Dr. Tyndall caused Defendants to know, or gave them information where they should have known, of Dr. Tyndall's incapacity to serve as a physician, faculty member, and authority figure at Defendants' institution, providing for the physical care of young females.

165.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TWELFTH CAUSE OF ACTION

### NEGLIGENCE *PER* SE

### (Against Defendants USC, The Board, and DOES 1 to 100)

166.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

167.   Under applicable law, Defendants, by and through their employees and agents, were medical care providers and were under a statutory duty to report known or suspected incidents of molestation, sexual assault, sexual abuse, and/or sexual harassment of student-patients or any individuals in their care to the

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 38 -

DOE v. USC, et al. - COMPLAINT

appropriate authorities, and not to impede the filing of any such report.

168.   Defendants knew or should have known that their gynecological physician, Dr. Tyndall, had sexually molested, abused or caused touching, battery, harm, and/or other injuries to female students including Plaintiff, giving rise to a duty to report such conduct.

169.   Defendants knew, or should have known, in the exercise of reasonable diligence, that an undue risk to patients, including Plaintiff, existed because Defendants did not comply with mandatory reporting requirements.

170.   By failing to report the continuing molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall, which Defendants knew or should have known about, and by ignoring the fulfillment of the mandated compliance with the reporting requirements, Defendants created the risk and danger contemplated by the applicable mandated reporting laws, and as a result, unreasonably and wrongfully exposed Plaintiff and other patients to molestation, sexual assault, sexual abuse, and/or sexual harassment.

171.   Plaintiff is member of the category of persons for whose protection applicable mandated reporting laws were specifically adopted to protect.

172.   Had Defendants adequately reported the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiff and other patients, as required by applicable mandated reporting laws, further harm to Plaintiff and other individuals would have been avoided.

173.   As a proximate result of Defendants' failure to follow the mandatory reporting requirements, Defendants wrongfully denied Plaintiff and others the intervention of law enforcement and the appropriate authorities. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiff by Dr. Tyndall.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

174.    The physical, mental, and emotional damages and injuries resulting from the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiff by Dr. Tyndall, were the type of occurrence and injuries that the applicable mandated reporting laws were designed to prevent.

175.    As a result, Defendants' failure to comply with the mandatory reporting requirements constituted a per se breach of Defendants' duties to Plaintiff.

176.    Defendants, and each of them, breached their duty to Plaintiff by failing to adequately monitor and supervise Dr. Tyndall and stop Dr. Tyndall from committing wrongful sexual acts with patients, including Plaintiff.

177.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or will incur expenses for medical and psychological treatment, therapy, and counseling.

## THIRTEENTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

## (Against Defendants USC, The Board, and DOES 1 to 100)

178.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

179.    By virtue of Plaintiff's special relationships with Defendants, and Defendants' relationship to Dr. Tyndall, Defendants owed Plaintiff a duty to provide reasonable supervision of Dr. Tyndall, to use reasonable care in investigating Dr. Tyndall's background, and to provide adequate warning to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

DOE v. USC, et al. - COMPLAINT

Plaintiff of Dr. Tyndall dangerous propensities and unfitness. As organizations and individuals responsible for, and entrusted with, the welfare of patients, Defendants USC, The Board, and DOES 1 to 100 had a duty to protect, supervise, and monitor Plaintiff from being preyed upon by sexual predators, and to supervise and monitor Dr. Tyndall such that he would not be placed in seclusion with vulnerable medical patients, including Plaintiff.

180.    Further, by virtue of Plaintiff's special relationship with Defendants, and Defendants' relationship to Dr. Tyndall, Defendants owed Plaintiff a duty to not hire or retain, given his dangerous and exploitive propensities, which Defendants knew or should have known about had they engaged in a reasonable, meaningful and adequate investigation of her background prior to his hiring or retaining her in subsequent positions of employment.

181.    As representatives of Defendants USC, The Board, and DOES 1 to 100, where many of the patients thereof are vulnerable young women entrusted to these Defendants, these Defendants' agents expressly and implicitly represented that the Student Health Center physicians and healthcare professionals, faculty members and staff, including Dr. Tyndall, were not a sexual threat to student-patients and all other individuals who would fall under Dr. Tyndall's influence, control, direction, guidance, and care.

182.    Defendants, by and through their respective agents, servants and employees, knew or should have known of Dr. Tyndall's dangerous and exploitive propensities and that Dr. Tyndall was an unfit agent.

183.    Despite such knowledge, Defendants negligently failed to supervise Dr. Tyndall in his position of trust and authority as a Student Health Center physician, faculty member, and authority figure over patients and young women, where he was able to commit wrongful acts of sexual misconduct against Plaintiff.

184.    Defendants failed to provide reasonable supervision of Dr. Tyndall, failed to use reasonable care in investigating Dr. Tyndall, and failed to provide

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 41 -
DOE v. USC, et al. - COMPLAINT

adequate warning to Plaintiff of Dr. Tyndall's dangerous propensities and unfitness. Defendants further failed to take reasonable steps to ensure the safety of patients, including Plaintiff, from molestation, sexual assault, sexual abuse, and/or sexual harassment.

185.   At no time during the time periods alleged herein did Defendants have in place a reasonable system or procedure to investigate, supervise and/or monitor its Student Health Center physicians and healthcare professionals, faculty members and staff, including Dr. Tyndall, to prevent molestation, sexual assault, sexual abuse, and/or sexual harassment of student-patients and/or others, nor did they implement a system or procedure to oversee or monitor conduct toward student-patients and/or others in Defendants' care.

186.   Defendants were aware or should have been aware of how vulnerable student-patients were to molestation, sexual assault, sexual abuse, and/or sexual harassment by physicians, faculty members and/or other persons of authority within the control of Defendants prior to Plaintiff's sexual abuse by Dr. Tyndall.

187.   Defendants were put on notice, knew and/or should have known that Dr. Tyndall had previously engaged and continued to engage in unlawful sexual conduct with student-patients, and had previously and was continuing to commit other felonies, for his own personal sexual gratification, and that it was, or should have been foreseeable that Dr. Tyndall was engaging, or would engage in illicit sexual activities with Plaintiff and others, under the cloak of his authority, confidence, and trust, bestowed upon him through Defendants.

188.   Defendants were placed on actual or constructive notice that Dr. Tyndall had molested and/or was molesting student-patients during his employment with Defendants. Defendants were informed of molestation, sexual assault, sexual abuse, and/or sexual harassment of patients committed by Dr. Tyndall prior to Plaintiff's sexual abuse, and of conduct by Dr. Tyndall that would put a reasonable person on notice of such propensity to molest and abuse young

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 42 -
DOE v. USC, et al. - COMPLAINT

female students. Defendants also had knowledge of inappropriate conduct and molestation, sexual assault, sexual abuse, and/or sexual harassment committed by Dr. Tyndall during his employment, yet chose to allow him to remain unsupervised where he could sexually abuse Plaintiff.

189. Even though Defendants knew or should have known of these sexually illicit activities by Dr. Tyndall, Defendants failed to use reasonable care in investigating Dr. Tyndall, and did nothing to reasonably investigate, supervise and/or monitor Dr. Tyndall to ensure the safety of his patients.

190. Defendants' conduct was a breach of their duties to Plaintiff.

191. Defendants, and each of them, breached their duty to Plaintiff by failing to adequately monitor and supervise Dr. Tyndall and stop Dr. Tyndall from committing wrongful sexual acts with student-patients, including Plaintiff.

192. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or will incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTEENTH CAUSE OF ACTION

## NEGLIGENT FAILURE TO WARN, TRAIN, AND/OR EDUCATE

### (Against Defendants USC, The Board, and DOES 1 to 100)

193. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

194. Defendants owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other student-patients from the risk of

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall by properly warning, training, and/or educating Plaintiff about how to avoid such a risk.

195.   Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other patients from the risk of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall, such as the failure to properly warn, train, and/or educate Plaintiff and other patients about how to avoid such a particular risk that Dr. Tyndall posed—of sexual misconduct.

196.   Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other patients from the risk of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Tyndall, by failing to supervise and stop employees of Defendants, including Dr. Tyndall, from committing wrongful sexual acts with student-patients, including Plaintiff.

197.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FIFTEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)

198.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

199.   The conduct of Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 toward Plaintiff, as described herein, was outrageous and extreme.

200.   A reasonable person would not expect or tolerate the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiff by Dr. Tyndall, and Defendants' knowledge and callous indifference thereof. Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Dr. Tyndall and Defendants' wrongful conduct, turned to fear.

201.   A reasonable person would not expect or tolerate Defendants putting Dr. Tyndall who was known to Defendants to have physically and sexually abused other student-patients, in a position of care of Plaintiff and other patients, which enabled Dr. Tyndall to have access to other patients so that he could commit wrongful sexual acts, including the conduct described herein, with young female students, including Plaintiff. Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

202.   A reasonable person would not expect or tolerate Defendants and their agents to be incapable of supervising and/or stopping participants and members of Defendants, including Dr. Tyndall, from committing wrongful sexual acts with other patients, including Plaintiff, or to supervise Dr. Tyndall. Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

203.   Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with the substantial certainty that Plaintiff would suffer humiliation, mental anguish, and emotional and physical distress.

204.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or will incur expenses for medical and psychological treatment, therapy, and counseling.

205.   In subjecting Plaintiff to the wrongful treatment herein described, Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under <u>Civil Code</u> §3294. Plaintiff is informed, and on that basis alleges that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of Defendants.

206.   Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the Court, against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100.

### SIXTEENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)

207.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

208.   Dr. Tyndall's conduct negligently caused emotional distress to Plaintiff and could reasonably foresee that his action would have caused such emotional distress.

209.   Plaintiff was in a specific zone of danger when being examined and/or meeting with Dr. Tyndall in the USC examination room, and at risk of physical harm, causing emotional distress when the examination became sexual in nature.

210.   During her medical examinations, Plaintiff suffered emotional distress and harm.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

211.   Dr. Tyndall's conduct was committed within the scope of his employment at USC. A causal nexus exists between Dr. Tyndall's medical examinations, USC's and The Board's pattern of allowing Dr. Tyndall to examine female patients even after they had been repeatedly warned about him, and Dr. Tyndall's role in the emotional distress inflicted on Plaintiff.

212.   Each act of assault or battery by Dr. Tyndall on Plaintiff was foreseeable, given USC's and The Board's awareness that Dr. Tyndall failed to follow protocol, including but not limited to his physical examinations and abusive conversations, complaints from student-patients and staff members, and the commission of the acts at USC's student-health center.

213.   Dr. Tyndall's conduct is not so unusual or startling that it would seem unfair to include the emotional distress resulting from it among other costs of USC's business. Assaults in the context of a medical examination, when women are the most vulnerable but must put themselves in this situation in order to get necessary medical care, are exactly why female patients would expect physicians' offices and student-health centers to take extra precautions to ensure that they are protected from abuses of the physician-patient relationship.

214.   Holding USC and The Board liable promotes the underlying policy goals of respondent superior, including the prevention of future injuries and assurance of compensation to victims, given that Plaintiff does not have separate remedies under Title VII because they were not employees of USC.

## SEVENTEENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

## (B&PC §17200)

### (Against Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100)

215.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**DOE v. USC, et al. - COMPLAINT**

216.  <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

217.  <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

218.  <u>B&PC</u> §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

219.  Dr. Tyndall and Defendants USC, The Board, and DOES 1 to 100 have engaged in unlawful, unfair and deceptive business practices including allowing Dr. Tyndall to engage in repeated harassment of student-patients, including Plaintiff, and failing to take all reasonable steps to prevent harassment and abuse from occurring. The unlawful, unfair and deceptive business practices also included failing to adequately investigate, vet, and evaluate individuals for employment with Defendants USC, The Board, and DOES 1 to 100, refusing to design, implement, and oversee policies regarding sexual harassment and abuse of student-patients in a reasonable manner that is customary in similar educational environments.

220.  Dr. Tyndall and Defendants USC, The Board, and DOES 1 to 100, have engaged in unlawful, unfair and deceptive business practices including concealing molestation, sexual assault, sexual abuse, and/or sexual harassment claims by student-patients, such as Plaintiff, so as to retain other similarly situated individuals within Defendants USC, The Board, and DOES 1 to 100 who were not apprised of such illicit sexual misconduct by Dr. Tyndall.

221.  Defendants engaged in a common scheme, arrangement or plan to actively conceal allegations against sexual abusers who were employees, agents, members, and/or participants at Defendant USC, including Dr. Tyndall, such that Defendants USC, The Board, and DOES 1 to 100 could maintain their public

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

image, and avoid detection of such abuse and abusers. Plaintiff is informed and believes and thereon alleges that Defendants actively concealed these allegations, such that Defendants would be insulated from public scrutiny, governmental oversight, and/or investigation from various law enforcement agencies, all done in order to maintain the false sense of safety for participants and their families and to perpetuate the program financially.

222.   By engaging in unlawful, unfair and deceptive business practices, Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 benefitted financially to the detriment of its competitors, who had to comply with the law.

223.   Unless restrained, Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 will continue to engage in the unfair acts and business practices described above, resulting in great and irreparable harm to Plaintiff.

224.   Plaintiff seeks restitution for all amounts improperly obtained by Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 through the use of the above-mentioned unlawful business practices, as well as the disgorgement of all ill-gotten gains and restitution on behalf of Plaintiff, who was subjected to Defendants' illegal and unfair business practices.

225.   Pursuant to B&PC §17203 and available equitable powers, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants USC, The Board, Dr. Tyndall and DOES 1 to 100 from continuing the unlawful and unfair business practices described above.

226.   Further, Plaintiff seeks the appointment of a court monitor to enforce its orders regarding client safety.

227.   In addition, Plaintiff is entitled to recover reasonable attorneys' fees pursuant to the B&PC and CCP §1021.5.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

a. For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, as allowed by law in an amount to be determined at trial;

b. For past, present and future non-economic damages, as allowed by law in an amount to be determined at trial;

c. For any appropriate statutory damages, as allowed by law in an amount to be determined at trial;

d. For costs of suit, as allowed by law in an amount to be determined at trial;

e. For punitive damages, according to proof, though not as to the Negligence Causes of Action (Causes of Action 10 through 13), as allowed by law in an amount to be determined at trial;

f. For interest on damages, as well as pre-judgment and post-judgment interest, as allowed by law in an amount to be determined at trial;

g. For attorney's fees, as allowed by law in an amount to be determined at trial;

h. For declaratory and injunctive relief, including but not limited to Court oversight of Defendants, as allowed by law; and

i. For any other such relief as this Court may deem just and proper.

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated: November 9, 2018                LAW OFFICES OF KEVIN T. BARNES
                                       TOJARIEH LAW FIRM, PC

                                       By:    */s/ Kevin T. Barnes*
                                              Kevin T. Barnes, Esq.
                                              Gregg Lander, Esq.
                                              Attorneys for Plaintiff

**DOE v. USC, et al. - COMPLAINT**