N. DENISE TAYLOR - State Bar No. 101434
CHERIE L. LIEURANCE - State Bar No. 119979
TAYLOR DEMARCO LLP
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Telephone: (213) 687-1600
Facsimile: (213) 687-1620
dtaylor@taylordemarco.com
clieurance@taylordemarco.com

Attorneys for Defendant,
GEORGE TYNDALL, M.D.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California Corporation, BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, form unknown; and GEORGE TYNDALL, M.D., an individual, and DOES 1 through 100, inclusive,<br><br>        Defendants. | No.: 2:18-cv-09530- SVW-GJS<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINT AND AUTHORITIES**<br><br>[Local Rule 7-3 motion pre-filing requirement has been satisfied.]<br><br>Date: April 8, 2019<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A<br><br>Action Filed:  November 9, 2018<br>Trial Date:    None |

TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, JANE DOE, THROUGH HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN, that on April 8, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled court, located at 350 West 1st Street, in Los Angeles, California, Defendant George Tyndall, M.D. ("defendant" or "Dr. Tyndall"), will move the Court, pursuant to Federal Rules of Civil Procedure (FRCP), Rules 12(b)(6), for an order dismissing the First Amended Complaint ("FAC") of Plaintiff Jane Doe ("plaintiff"), and each claim asserted

therein, on the grounds the FAC fails to state a claim upon which relief can be granted, and will move to dismiss and/or strike plaintiff's claim for punitive damages, pursuant to FRCP, Rule 12(f), for the following reasons:

## **MOTION TO DISMISS**

1. Defendant moves to dismiss plaintiff's FAC in its entirety on the grounds that it demonstrates on its face that it is barred by the statute of limitations applicable to each claim, whether that be the one-year limitations period, Cal. Code of Civil Procedure § 340.5, the two-year limitations period, Cal. Code of Civil Procedure § 335.1, the three-year limitations period, Cal. Code of Civil Procedure § 338, or Cal. Civil Code § 54.2(b) (applicable to plaintiff's claim under Section 52.4 only). The alleged conduct of which plaintiff complains occurred twenty-seven (27) years prior to the filing of her original Complaint on November 9, 2018.

2. The First Claim for Violation of Title IX, 20 U.S.C. § 1681, is not asserted against this moving defendant.

3. Defendant moves to dismiss the Second Claim for Violation of the Unruh Act, Cal. Civil Code § 51, for failure to state a claim upon which relief can be granted. In addition to the Second Claim being barred by the applicable statute of limitations, plaintiff has failed to allege facts showing she was denied her equal accommodations, advantages, facilities, privileges, or services because of her gender as against this defendant, Dr. Tyndall.

4. Defendant moves to dismiss the Third Claim for Sexual Harassment, Cal. Civil Code § 51.9, for failure to state a claim upon which relief can be granted. In addition to the Third Claim being barred by the applicable statute of limitations, this statute did not exist at the time of which plaintiff complains and, therefore, the statute provides no basis for relief. Plaintiff also does not complain of conduct by Dr. Tyndall which would have been actionable under the statute as it was originally enacted.

5. Defendant moves to dismiss the Fourth Claim for Violation of the Bane

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1
2
3
4

Act, Cal. Civil Code § 52.1, for failure to state a claim upon which relief can be granted.  In addition to the Fourth Claim being barred by the applicable statute of limitations, plaintiff does not complain of any interference of any civil right by means of any threat, intimidation, or coercion, as required for liability to exist.

5
6
7
8
9
10

6.    Defendant moves to dismiss the Fifth Claim for Gender Violence, Cal. Civil Code § 52.4, for failure to state a claim upon which relief can be granted.  In addition to the Fifth Claim being barred by the applicable statute of limitations, this statute did not exist at the time of which plaintiff complains and, therefore provides no basis for relief.  Plaintiff also does not complain of conduct by Dr. Tyndall which would have been actionable under the statute as it was originally enacted.

11
12
13
14
15

7.    Defendant moves to dismiss the Sixth Claim for Sexual Assault, for failure to state a claim upon which relief can be granted.  In addition to the Sixth Claim being barred by the applicable statute of limitations, plaintiff fails to state facts showing that Dr. Tyndall subjected her to any threat or apprehension of harmful or offensive contact with her person.

16
17
18
19

8.    Defendant moves to dismiss the Seventh Claim for Sexual Battery, for failure to state a claim upon which relief can be granted.  In addition to the Seventh Claim being barred by the applicable statute of limitations, plaintiff fails to state facts showing that Dr. Tyndall subjected her to any unconsented-to, offensive contact.

20
21
22
23

9.    Defendant moves to dismiss the Eighth Claim for Constructive Fraud, for failure to state a claim upon which relief can be granted.  In addition to the Eighth Claim being barred by the applicable statute of limitations, plaintiff fails to state facts showing Dr. Tyndall engaged in any constructive fraud.

24
25
26

10.    Plaintiff's Ninth Claim for Violation of the California Equity in Higher Education Act, Cal. Education Code § 66270, is not asserted against his moving defendant.

27
28

11.    The Tenth, Eleventh, Twelfth and Thirteenth Claims for Negligence, Negligence Per Se, Negligent Hiring; Supervision, and/or Retention; and Negligent

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DeMARCO LLP

Failure to Warn, Train and/or Educate, are not asserted against this moving defendant.

12.     Defendant moves to dismiss the Fourteenth Claim for Intentional Infliction of Emotional Distress, for failure to state a claim upon which relief can be granted.  In addition to the Fourteenth Claim being barred by the applicable statute of limitations, plaintiff fails to state facts showing that Dr. Tyndall engaged in sufficiently "outrageous conduct" with the intent to, or reckless disregard for, the probability of causing plaintiff emotional distress and further fails to show plaintiff suffered severe emotional distress as a result.

13.     Defendant moves to dismiss the Fifteenth Claim for Negligent Infliction of Emotional Distress on the grounds the Fifteenth Claim is barred by the applicable statute of limitations.

14.     Defendant moves to dismiss the Sixteenth Claim for Unfair Business Practices.  In addition to the Sixteenth Claim being barred by the applicable statute of limitations, plaintiff fails to state facts showing that Dr. Tyndall engaged in any business practice forbidden by law.  Plaintiff has also failed to establish an economic loss upon which standing to maintain this claim is required.

15.     Defendant moves to dismiss plaintiff's claims for punitive damages, appearing at: page 24, line 17, page 25, line 22; page 27, lines 6 to 12; page 29, lines 8 to 14; page 45, lines 16 to 25; and prayer (e), on page 49, lines 25 to 27.  This motion will be made on the grounds that plaintiff's claims against Dr. Tyndall are based solely on state law and are before this court under supplemental jurisdiction.  Pursuant to Cal. Code of Civil Procedure § 425.13, before pleading a claim for punitive damages against a health care provider arising out of the provision of professional services, a plaintiff must obtain leave of court.  Section 425.13 applies in federal court.  Plaintiff did not seek or obtain leave as required by Section 425.13.

     **This motion is made following the conference of counsel pursuant to L.R. 7-3 which was completed on February 28, 2019.**

The motion will be based on this Notice of Motion; the accompanying

TAYLOR ❖ DEMARCO LLP

1   Memorandum of Points and Authorities; the complete court file on record herein and

2   specifically plaintiffs' Complaint and FAC, of which the Court is requested to take

3   judicial notice; and upon such further oral and documentary evidence as may be

4   presented at the hearing.

5

6    DATED: March 11, 2019                    TAYLOR DEMARCO LLP

7

8

9                                       By:_____

10                                          N. DENISE TAYLOR
                                            CHERIE L. LIEURANCE
                                            Attorneys for Defendant,
11                                          GEORGE TYNDALL. M.D.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION  .................................................................  14

II.     A DEFENDANT MAY MOVE TO DISMISS A COMPLAINT FOR FAILURE TO STATE A CLAIM  ....................................  15

III.    A COMPLAINT MUST ALLEGE FACTS SHOWING MORE THAN A MERE POSSIBILITY THAT DEFENDANT ACTED UNLAWFULLY  ....  16

IV.     PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS  ...........................................  17

V.      PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED UNDER THE UNRUH ACT, CAL. CIVIL CODE § 51  ...............................................................  21

VI.     PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL HARASSMENT, UNDER CAL. CIVIL CODE § 51.9  ...............................................  22

VII.    PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR VIOLATION OF THE BANE ACT, CAL. CIVIL CODE § 52.1  ................................................  22

VIII.   PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR GENDER VIOLENCE, CAL. CIVIL CODE § 52.4  ................................................................  24

IX.     PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL ASSAULT  ........................  24

X.      PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL BATTERY, CAL. CIVIL CODE § 1708.5  ............................................................  26

XI.     PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR CONSTRUCTIVE FRAUD  ............  27

XII.    PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS  ....................................................  28

XIII.   PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS  ....................................................  29

TAYLOR ❖ DeMARCO LLP

NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## TABLE OF CONTENTS (Cont.)

XIV.  PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF
MAY BE GRANTED FOR UNFAIR BUSINESS PRACTICES,
CAL. BUSINESS AND PROFESSIONS CODE § 17200 ............................ 30

XV.  PUNITIVE DAMAGES PLED IN A COMPLAINT WITHOUT
COMPLYING WITH CAL. CODE OF CIVIL PROCEDURE
§ 425.13 MAY BE DISMISSED ..................................................... 31

    A.    Cal. Code of Civil Procedure § 425.13 Requires a Plaintiff to
          Obtain Leave of Court Plead Punitive Damages Against This
          Health Care Provider Defendant ........................................... 31

    B.    Cal. Code of Civil Procedure § 425.13 Applies in Federal
          Court ..................................................................................... 32

XVI.  CONCLUSION ................................................................................ 36

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TAYLOR ❖ DEMARCO LLP

NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

**Cases:**                                            **Page**

*Adams v. Southern California First Nat'l Bank*,
 492 F.2d 324 (9th Cir. 1973) ................................................. 33

*Aleksick v. 7-Eleven, Inc.*,
 205 Cal.App.4th 1176 (2012) ................................................ 30

*Allen v. Woodford*,
 2006 U.S.Dist.LEXIS 45254 (E.D.Cal. 2006) ........................... 34

*Ashcraft v. King*,
 228 Cal.App.3d 604 (1991) ................................................... 26

*Ashcroft v. Iqbal ("Iqbal)*,
 556 U.S. 662 (2009) ..................................................... 16, 25

*Austin v. Medicis*,
 21 Cal.App.5th 577 (2018) ................................................... 17

*Bell Atl. Corp. v. Twombly ("Twombly")*,
 550 U.S. 544 (2007) ........................................................... 16

*Birdsong v. Apple, Inc.*,
 590 F.3d 955 (9th Cir. 2009) ................................................ 31

*Bogard v. Emplrs Casualty Co.*,
 164 Cal.App.3d 602 (1985) ................................................... 29

*Brown v. Smith*,
 55 Cal. App. 4th 767 (1997) .................................................. 22

*Cel–Tech Comms., Inc. v. Los Angeles Cellular Tele. Co.*,
 20 Cal.4th 163 (1999) ......................................................... 30

*Central Pathology Srvc. Med. Clnc., Inc. v. Superior Court*,
 3 Cal.4th 181, 192 (1992) .................................................... 32

*Christensen v. Superior Court*,
 54 Cal.3d 868 (1991) .......................................................... 28

*City and County of San Francisco v. Ballard*,
 136 Cal.App.4th 381 (2006) .................................................. 23

*Clemes v. Del Norte Co. Unified Sch. Dist.*,
 1994 U.S.Dist.LEXIS 8625 (N.D.Cal. 1994) ............................. 32

*Connell v. United States*,
 2010 U.S.Dist.LEXIS 36957 (E.D.Cal. 2010) ...................... 25, 26

*Cooper v. Superior Court*,
 56 Cal.App.4th 744 (1997) .............................................. 25, 26, 32

TAYLOR ❖ DeMARCO LLP

8

1

## **TABLE OF AUTHORITIES (Cont.)**

*Crowley v. Katleman,*
    8 Cal.4th 666 (1994) ........................................... 18

*Curtis v. Kellogg & Anderson,*
    73 Cal.App.4th 492 (1999) ................................. 17

*DeRose v. Carswell,*
    196 Cal.App.3d 1011 (1987) .............................. 19

*Elias v. Nvasartian,*
    2017 U.S. Dist. LEXIS 23229, (E.D.Cal. 2017) ........... 34

*Erie R. Co. v. Tompkins,*
    304 U.S. 64 (1938) ................................... 33, 34, 35

*Estate of Gump,*
    1 Cal.App.4th 582 (1991) ................................. 27

*Estate of Prasad v. County of Sutter,*
    958 F. Supp. 2d 1101 (E.D.Cal. 2013) ................... 35

*Evangelatos v. Superior Court,*
    44 Cal.3d 1188 (1988) ................................. 22, 24

*Flowers v. Prasad,*
    238 Cal.App.4th 930 (2015) ............................. 21

*Fox v. Ethicon Endo-Surgery, Inc.,*
    35 Cal.4th 797 (2005) ..................................... 18

*George v. Sonoma Cnty. Sheriff's Dept.,*
    732 F.Supp.2d 922 (N.D.Cal. 2010) ..................... 34

*Graham v. Hansen,*
    128 Cal.App.3d 965 (1982) .............................. 17

*Gregory v. Albertsons, Inc.,*
    104 Cal.App.4th 845 (2002) ............................. 30

*Grisham v. Philip Morris U.S.A., Inc.,*
    40 Cal.4th 623 (2007) ..................................... 18

*Guaranty Trust Co. of N.Y. v. York,*
    326 U.S. 99 (1945) ......................................... 33

*Gutierrez v. Mofid,*
    39 Cal.3d 892 (1985) ..................................... 17

*Hankins v. Pfizer, Inc.,*
    2005 U.S.Dist.LEXIS 17191 (C.D.Cal. 2005) ........... 33

*Hanna v. Plumer,*
    380 U.S. 460 (1965) ....................................... 33

TAYLOR ❖ DeMarco LLP

9

## <u>TABLE OF AUTHORITIES (Cont.)</u>

*Harris v. Capital Growth Investors XIV*,
    52 Cal.3d 1142 (1991) ................................................................. 21

*Hughes v. Pair*,
    46 Cal.4th 1035 (2009) .................................................. 19, 28, 29

*Hundley v. St. Francis Hospital*,
    161 Cal.App.2d 800 (1958) ........................................................ 19

*Jackson v. East Bay Hosp.*,
    980 F.Supp. 1341 (N.D.Cal. 1997) ........................................... 34

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (1988) ................................................................ 17

*Jones v. Krautheim*,
    208 F.Supp.2d 1173 (D.Colo. 2002) ......................................... 35

*Kaplan v. Mamelak*,
    162 Cal.App.4th 637 (2008) ....................................................... 25

*Kelly v. General Telephone Co.*,
    136 Cal.App.3d 278 (1982) ........................................................ 29

*Khoury v. Maly's of Calif., Inc.*,
    14 Cal.App.4th 612 (1993) ........................................................ 30

*Koire v. Metro Car Wash*,
    40 Cal.3d 24 (1985) ................................................................... 21

*Korea Supply Company v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) .............................................................. 30

*Leon v. Gordon Trucking, Inc.*,
    76 F.Supp.3d 1055 (C.D.Cal. 2014) .......................................... 33

*Lukovsky v. City and County of San Francisco*,
    535 F.3d 1044 (9th Cir. 2008) ................................................... 20

*Lyall v. City of Los Angeles*,
    807 F.3d 1178 (9th Cir. 2015) ................................................... 23

*Mangini v. Aerojet-General Corp.*,
    230 Cal.App.3d 1125 (1991) ...................................................... 18

*Marina Point, Ltd.* v. Wolfson,
    30 Cal.3d 721 (1982) ................................................................. 21

*Mark K. v. Roman Catholic Archbishop*,
    67 Cal.App.4th 603 (1998) ........................................................ 20

*Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*,
    632 F.3d 1056 (9th Cir. 2011) ................................................... 33

10

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

## **TABLE OF AUTHORITIES (Cont.)**

*McKelvey v. Boeing North American, Inc.,*
  74 Cal.App.4th 151 (1999)  ................................................................ 18

*Mock v. Santa Monica Hospital,*
  187 Cal.App.2d 57 (1960)  ................................................................ 19

*Norgart v. Upjohn Co.,*
  21 Cal.4th 383 (1999)  ...................................................................... 17

*Ortegoza v. Kho,*
  2013 U.S.Dist.LEXIS 69999 (S.D. Cal. 2013)  ............................... 34

*Padilla v. Beard,*
  2014 U.S.Dist.LEXIS 159377 (E.D.Cal. 2014)  .............................. 35

*Pillsbury, Madison & Sutro v. Lerner,*
  31 F.3d 924 (9th Cir. 1994)  .............................................................. 16

*Plotnik v. Meihaus,*
  208 Cal.App.4th 1590 (2012)  .......................................................... 25

*Potter v. Firestone Tire & Rubber Co.,*
  6 Cal.4th 965 (1993)  ........................................................................ 28

*Reyes v. County of Los Angeles,*
  197 Cal.Ap.3d 584 (1988)  ................................................................ 19

*Rhodes v. Placer Cnty.,*
  2011 U.S. Dist.LEXIS 35498 (E.D. Cal. 2011),
  adopted, 2011 U.S.Dist. LEXIS 47894 (E.D. Cal. 2011)  ............... 34

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir. 1984)  ............................................................ 16

*Samura v. Kaiser Foundation Health Plan,*
  17 Cal.App.4th 1284 (1993)  ............................................................ 30

*Shekarlab v. County of Sacramento,*
  2018 U.S.Dist.LEXIS 70579 (E.D. Cal. 2018)  ........................... 34-36

*Shoyoye v. County of Los Angeles,*
  203 Cal.App.4th 947 (2012)  ............................................................ 23

*So v. Shin,*
  212 Cal.App.4th 652 (2013)  ............................................................ 25

*Sonbergh v. MacQuarrie,*
  112 Cal.App.2d 771 (1952)  .............................................................. 19

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001)  ........................................................... 16

TAYLOR ❖ DeMARCO LLP

# TABLE OF AUTHORITIES (Cont.)

*Steckman v. Hart Brewing*,
143 F.3d 1293 (9th Cir. 1998) ........................................ 16

*Thomas v. Hickman*,
2006 U.S. Dist. LEXIS 72988 (E.D. Cal. 2006) ........................................ 34

*Venegas v. County of Los Angeles*,
32 Cal.4th 820 (2004) ........................................ 23

*Walker v. Armco Steel Corp.*,
446 U.S. 740 (1980) ........................................ 33-35

*Winston Square HOA v. Centex W.*,
213 Cal.App.3d 282 (1989) ........................................ 17

*Wray v. Gregory*,
61 F.3d 1414 (9th Cir. 1995) ........................................ 34

*W. Shield Investigations & Sec. Consultants v. Superior Court*,
82 Cal.App.4th 935, 951-953 (2000) ........................................ 20

*Younan v. Equifax Inc.*,
111 Cal.App.3d 498 (1980) ........................................ 27

*Young v. Haines*,
41 Cal.3d 883 (1986) ........................................ 19

## Statutes and Rules:

Cal. Business & Professions Code § 17200 ........................................ 20, 30

Cal. Business & Profession Code § 17204 ........................................ 31

Cal. Business & Professions Code § 17208 ........................................ 14, 20

Cal. Civil Code § 51 ........................................ 2, 21

Cal. Civil Code § 51.9 ........................................ 15, 20, 22

Cal. Civil Code § 52.1 ........................................ 20, 22-24

Cal. Civil Code § 52.4 ........................................ 3, 14, 15, 20, 24

Cal. Civil Code § 1708.5 ........................................ 26

Cal. Civil Code § 3515 ........................................ 26

Cal. Code Civil Procedure § 312 ........................................ 17

Cal. Code of Civil Procedure § 340.5 ........................................ 2, 14, 20

Cal. Code of Civil Procedure § 335.1 ........................................ 2, 14. 20

TAYLOR ✥ DeMARCO LLP

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF AUTHORITIES (Cont.)

Cal. Code of Civil Procedure § 338  ................................................. 2, 14, 20

Cal. Code of Civil Procedure § 425.13 .......................... 4, 15, 31, 32, 34-36

Federal Rules of Civil Procedure, Rule 8  ................................................. 35

Federal Rules of Civil Procedure, Rule 12  ................................. 2, 15, 16

Federal Rules of Civil Procedure, Rule 15  ................................................. 35

Federal Rules of Civil Procedure, Rule 16  ................................................. 36

Stats 1994 Cal. SB 612 (Cal. Civil Code § 51.9)  .................................. 22

Stats 2002 Cal. SB 1928 (Cal. Civil Code § 52.4)  ................................ 24

28 U.S.C.S. § 1332  ................................................................. 33

28 U.S.C.S. § 1367  ................................................................. 33

42 U.S.C. § 1983  ................................................................. 32, 33

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

## I.

### INTRODUCTION

George Tyndall, M.D.  is a gynecologist formerly employed by the University of Southern California (USC) and provided medical services to students in the USC Student Health Center.

Plaintiff alleges that in 1991, *twenty-seven (27) years ago*, she underwent a gynecological examination by Dr. Tyndall on a single occasion.  During the examination, Dr. Tyndall allegedly "felt her breasts, put his fingers inside her vagina and anus, and aggressively moved first his fingers, and then a speculum[1] around inside her.  She sensed that Dr. Tyndall's examination was more about his own personal enjoyment than anything helpful to her." (FAC; ¶ 5, lines 1-6.) (footnote added). The complaint further alleges that when plaintiff "told Dr. Tyndall that she was having difficulty finding the string of her tampon, he remarked 'You are such an idiot – don't you know it's not a black hole?  Haven't you had sex before?' and words to that effect." (FAC; ¶ 6, lines 7-9).

Based on those facts, plaintiff is asserting numerous intentional tort theories, including sexual harassment, sexual assault and battery, gender violence and intentional infliction of emotional distress.

All of plaintiff's claims are barred by applicable statute of limitations, whether they be subject to a one-year limitations period, Cal. Code of Civil Procedure § 340.5, a two-year limitations period, Cal. Code of Civil Procedure § 335.1, a three-year limitations period, Cal. Code of Civil Procedure § 338 and Cal. Civil Code § 52.4(b) (as to the claim under Section 52.4 only), or four-year limitations period, Cal Business & Professions Code § 17208 (applicable only to the unfair competition claim).  Where

---

[1]A speculum is an instrument inserted into a body passage, especially to facilitate visual inspection or medication. See https://www.merriam-webster.com/dictionary/speculum.

Taylor ❖ DeMarco LLP

a complaint shows on its face that the claim would be barred without the benefit of the discovery rule it must specifically plead facts sufficient to show there was an inability to have made earlier discovery despite reasonable diligence that existed.  Plaintiff has pled no such facts and it is inconceivable that she would be able to do so.   Where an "awareness of a wrongful act" carries with it "awareness of harm," such as is the case with a claim for battery or intentional infliction of emotional distress, the discovery rule cannot apply.

Plaintiff's claims are also without merit for other reasons.  Several of the claims are based on statutes that are inapplicable or did not exist at the time of which plaintiff complains and, thus, may provide no basis for relief, including her claims based on Cal. Civil Code § 51.9 and § 52.4.  Plaintiff has also failed to plead facts showing liability beyond a speculative level.  She has pled no fact which demonstrates that Dr. Tyndall's touching during the examination was in any way inappropriate or without her consent and has also failed to plead any facts which show Dr. Tyndall's alleged comments give rise to a claim for sexual harassment or intentional infliction of emotional distress. For these reasons, dismissal of plaintiff's FAC is appropriate.

Plaintiff was also required to, but did not obtain leave of court before pleading her claim for punitive damages based on a claim(s) arising out the provision of professional services pursuant to Cal. Code of Civil Procedure § 425.13, which is applicable in federal court.  Plaintiff's claim for punitive damages should, accordingly, be dismissed and/or stricken.

## II.

## A DEFENDANT MAY MOVE TO DISMISS A COMPLAINT FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).  A complaint may be dismissed as a matter of law for either lack of a

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)*.

In ruling upon a motion under Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true, *Steckman v. Hart Brewing, 143 F.3d 1293, 1295 (9th Cir. 1998)*.  This, however, does not automatically extend to bald assertions, subjective characterizations or legal conclusions.  *Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994)*; *Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)*.

**III.**

**A COMPLAINT MUST ALLEGE FACTS SHOWING MORE THAN A MERE POSSIBILITY THAT DEFENDANT ACTED UNLAWFULLY**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *Id.*, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 555 (2007)*.  The allegations in the complaint "must be enough to raise a right to relief above the speculative level -- a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly, 550 U.S. 544 at 570*.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v, Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009)*; *Twombly, 550 U.S. at 556*.  While the Court must take a complaint's factual allegations alleged as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal, 556 U.S. at 678*.  Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Pillsbury, Madison, supra, 31 F.3d at 928*; *Sprewell, supra, 266 F.3d 979, 988*.

///

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DeMARCO LLP

# IV.

## PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

A plaintiff must bring a cause of action within the applicable limitations period applicable after accrual of the cause of action. Cal. Code Civil Procedure § 312; *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397 (1999).

Generally, a cause of action accrues "when, under the substantive law, the wrongful act is done," or the wrongful result occurs, and the consequent "liability arises." *Norgart, supra*, 21 Cal.4th at 397.  Under the "discovery rule" exception to the general accrual rule, a cause of action is postponed until the plaintiff discovers or has reason to discover the cause of action. *Id.*  Discovery is deemed made and the statute of limitations begins to accrue, when the plaintiff suspects a factual basis upon which to base the cause of action's elements – essentially "***when the plaintiff suspects that someone has done something wrong***; 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding.'" *Id., at 397-398* (emphasis added).  Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must go find the facts.  She cannot wait for the facts to find her. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988).

 "Cause of action" in this context does not refer to a legal theory.  Ignorance of a legal theory of recovery against a defendant is irrelevant for statute of limitations accrual purposes. *Curtis v. Kellogg & Anderson,* 73 Cal.App.4th 492, 501 (1999); *Gutierrez v. Mofid,* 39 Cal.3d 892, 898 (1985); see also *Graham v. Hansen,* 128 Cal.App.3d 965, 972 (1982) ("[t]he statute of limitations is not tolled by belated discovery of legal theories, as distinguished from belated discovery of facts."). "Cause of action" refers to the nature of the injury and the primary right involved. *Austin v. Medicis,* 21 Cal.App.5th 577, 585 (2018); see also *Winston Square HOA v. Centex W.,* 213 Cal.App.3d 282, 287 (1989) (it is the right or injury sought to be established, not the remedy or relief, which determines the nature and substance of a cause of action);

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

*Crowley v. Katleman,* 8 Cal.4th 666, 681-682 (1994) (the primary right is simply the plaintiff's right to be free from the particular injury suffered, and not the legal theory on which liability for that injury is premised).

Where a complaint demonstrates on its face that the claim would be barred without the benefit of the discovery rule, as here, the complaint must plead facts which justify the statute's accrual due to an inability that existed which prevented earlier discovery despite reasonable diligence. *Mangini v. Aerojet-General Corp.,* 230 Cal.App.3d 1125, 1150 (1991); *McKelvey v. Boeing North American, Inc.,* 74 Cal.App.4th 151, 160 (1999).

As is set forth in the FAC, plaintiff was very much aware of the allegedly inappropriate conduct and comments made on the part of Dr. Tyndall at the time they occurred and, in fact, suspected wrongdoing -- that Dr. Tyndall's "examination was more about his own personal enjoyment than anything helpful for her." FAC, ¶ 5. Plaintiff also alleges (repeatedly) that, as a result, she was caused "permanent and continuing injur[ies]," including "great mental, physical and nervous pain, suffering,... and shock," *Id.*, ¶¶ 68, 79, 91, 102, 116, 123, 150, 195, 202. Plaintiff alleges the recent media disclosures of alleged improper conduct on the part of Dr. Tyndall caused "recurrences" of those injuries. *Id.*, ¶¶ 7, 151. Suspicion of one or more elements of a cause of action (i.e., wrongful conduct), coupled with knowledge of any remaining element (i.e., injury) will trigger the limitations period. *Grisham v. Philip Morris U.S.A., Inc.,* 40 Cal.4th 623, 634 (2007); *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797, 806-807 (2005). Plaintiff is not entitled to restart the clock because of "recurrences" of injuries brought on by being reminded of same.

Also, where an "awareness of a wrongful act" carries with it "awareness of harm" such as the case with claims for assault, battery, sexual harassment and intentional infliction of emotional distress (IIED),[2] ***the discovery rule cannot apply.***

---

[2]To recover damages on an IIED claim, Plaintiff would have had to have suffered "emotional distress of such substantial quality or enduring quality that no reasonable

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

See *DeRose v. Carswell,* 196 Cal.App.3d 1011, 1018 (1987) (finding delayed discovery rule did not apply to claims for assault and battery and IIED); *Sonbergh v. MacQuarrie,* 112 Cal.App.2d 771, 772-774 (1952) (a battery or a cause of action for negligently harming a person or a thing is complete, and the limitations period accrues upon physical contact even though there is no observable damage at the time of contact).  The nature of plaintiff's claims against Dr. Tyndall are based on alleged conduct of the type which necessarily carries with it an awareness of harm and plaintiff's allegations show she had awareness of the alleged wrongful conduct and the alleged harm she suffered as a result at the time the alleged conduct occurred.  FAC, ¶¶ 5-6, 91, 105, 114-115, 118-122, 126, 189.  Therefore, the accrual of the applicable limitations period(s) occurred at the time of the alleged wrongful conduct on the part of Dr. Tyndall.

There can be no delayed discovery on the facts alleged.  Even when a patient remains in the physician's care, there is no tolling where the patient's actual discovery of the injury or a failure to discover occurred through lack of diligence on the plaintiff's part. See *Sanchez v. South Hoover Hospital*, 18 Cal.3d 93, 97 (1976); *Mock v. Santa Monica Hospital*, 187 Cal.App.2d 57, 64 (1960); *Hundley v. St. Francis Hospital*, 161 Cal.App.2d 800, 806 (1958). Here, the plaintiff saw Dr. Tyndall and suspected wrongdoing in 1991, ***twenty-seven years*** before her complaint was filed.

There can also be no tolling on the grounds of fraud or concealment. *Young v. Haines*, 41 Cal.3d 883, 901 (1986) (concealment will not toll the limitations period if discovery has occurred); *Reyes v. County of Los Angeles*, 197 Cal.Ap.3d 584, 588, 594-595 (1988) (fraud and intentional concealment did not toll accrual of cause of action after the date plaintiffs began looking through the yellow pages and contacted an attorney, even though attorney told her that she did not have much of a case).  Further, any claim of fraudulent concealment upon which tolling is predicated, must

---

person in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal.4th 1035, 1039-1040 (2009).

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DeMARCO LLP

some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, [which prevented] the plaintiff from suing in time." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008); see also Mark K. v. Roman Catholic Archbishop, 67 Cal.App.4th 603, 613 (1998) (fraudulent concealment tolling may not be based on the contention that defendant failed to disclose that it had engaged in wrongdoing). All plaintiff alleges is that defendants failed to disclose that they had engaged in any wrongdoing.

Any claim under Cal. Civil Code § 52.4, "shall be commenced within three years of the act,..." *Id.*, subd. (b). Section 52.4 does not recognize any tolling. Assuming plaintiff could maintain a claim under Section 52.4, her claim brought 27 years after the alleged wrongful act is 24 years too late.

There exist several limitations periods potentially applicable to the remainder of plaintiff's claims: Cal. Code of Civil Procedure § 340.5, which requires a lawsuit to be brought within three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first;[3] Cal. Code of Civil Procedure § 335.1, which generally requires actions for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another to be brought within two years; Cal. Code of Civil Procedure § 338, which requires an action for liability founded upon statute to be brought within three years,[4] and Cal. Business & Professions Code § 17208, which requires claims for unfair business practices under Section 17200 to be brought within four years. The court need not resolve which of these limitations periods are applicable, as even assuming the applicability of the longest period (four

---

[3] It is Dr. Tyndall's contention that Section 340.5 applies to all claims asserted against him, except the claim for Gender Violence pursuant to Cal. Civil Code § 52.4.

[4] This statute of limitations has been held inapplicable to the civil rights statutes asserted herein by plaintiff. See, i.e., *W. Shield Investigations & Sec. Consultants v. Superior Court*, 82 Cal.App.4th 935, 951-953 (2000) (as claims under Civil Code §§ 51.9 and 52.1 were rooted in common law, the personal injury limitations period was held to apply thereto).

years), plaintiff's complaint is still 23 years too late.

Because on the face of the FAC each of plaintiff's claims are clearly barred, this motion to dismiss should be granted with prejudice.

## V.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED UNDER THE UNRUH ACT, CAL. CIVIL CODE § 51

In addition to being barred by the applicable limitations period, plaintiff fails to state facts upon which relief may be granted under Cal. Civil Code § 51.

Cal. Civil Code § 51 guarantees equal accommodations, advantages, facilities, privileges, or services in all business establishments, regardless of any protected class to which she may belong, including gender.  *Id.*; see also *Koire v. Metro Car Wash*, 40 Cal.3d 24, 28-30 (1985);.  The Act was enacted to 'create and preserve a nondiscriminatory environment in business establishments, "by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments." *Flowers v. Prasad*, 238 Cal.App.4th 930, 937 (2015); see also *Marina Point, Ltd.* v. Wolfson, 30 Cal.3d 721, 733 (1982) (the Unruh Civil Rights Act must properly be interpreted to interdict all arbitrary discrimination by a business enterprise).  Intentional discrimination is required; an adverse impact on a particular group is insufficient. *Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1149, 1159-1162 (1991).

 Plaintiff does not allege facts showing she was subjected to any unequal treatment by Dr. Tyndall based on her gender – that she was denied services, privileges, etc., to which others not in her protected class enjoyed. FAC, ¶¶ 1-6, 73-76. It is noted that this claim appears to be directed primarily at USC, based on the allegation that USC subjected plaintiff to discrimination by its failure to disclose that Dr. Tyndall had been subjected to complaints of misconduct. *Id.*, ¶¶ 67-74.  While it is possible to envision how that discriminatory treatment by USC might result if it notified male patients to misconduct by USC-employed physicians, but intentionally withheld such notification to female patients, plaintiff has not alleged facts showing

21

TAYLOR ❖ DEMARCO LLP

that USC received any complaints about Dr. Tyndall **prior to** plaintiff's contact with

him in 1991, which it could have disclosed. See *Id*., ¶¶ 11-35.

## VI.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL HARASSMENT UNDER CAL. CIVIL CODE § 51.9

In addition to being barred by the applicable limitations period, plaintiff's claim

brought pursuant to Cal. Civil Code § 51.9, is, on its face, without merit.

Cal. Civil Code § 51.9 was enacted in 1994, effective January 1, 1995, Stats

Cal. 1994 SB 612.  It did not exist at the time of which plaintiff complains and does

not provide for retroactive application. *Evangelatos v. Superior Court*, 44 Cal.3d

1188, 1209-1218 (1988) (in the absence of a specific provision in the legislation

calling for retroactive application, the general presumption of prospective application

applies).  Section 51.9 provides no basis for relief based on conduct occurring in 1991,

when plaintiff allegedly came into contact with Dr. Tyndall. *Brown v. Smith*, 55 Cal.

App. 4th 767, 787-788 (1997) (holding Section 51.9, effective Jan. 1, 1995, did not

apply to conduct that took place in 1991).

Further, plaintiff does not allege conduct on the part of Dr. Tyndall which

would have been actionable under the statute as originally enacted -- sexual advances,

solicitations, sexual requests, or demands for sexual compliance that were unwelcome

and persistent or severe, and continued after a request was made by the plaintiff to

stop. See Stats 1994 Cal. SB 612.

## VII.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR VIOLATION OF THE BANE ACT, CIVIL CODE § 52.1

In addition to being barred by the applicable limitations period, plaintiff's claim

brought pursuant to Cal. Civil Code § 52.1 is without merit. Cal. Civil Code § 52.1,

provides for liability when a person interferes by threats, intimidation, or coercion, or

attempts to interfere **by threats, intimidation, or coercion**, with the exercise or

enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States or of the State of California. *Id.*

Section 52.1 requires an attempted or completed act of interference with a legal right, accompanied by a form of coercion. *City and County of San Francisco v. Ballard,* 136 Cal.App.4th 381, 408 (2006); *see also Venegas v. County of Los Angeles,* 32 Cal.4th 820, 843 (2004) (section 52.1 "provides remedies for 'certain misconduct *that interferes with*' federal or state laws, *if accompanied by* threats, intimidation, or coercion"; emphasis added); *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 959 (2012) (statutory or common law remedies are already available to redress interference with rights protected by state or federal constitutions or laws; Section 52.1 focuses specifically on the *additional element* – putting persons in fear of their safety and it is that element that is being emphasized in Section 52.1).

For example, in *Shoyoye, supra,* 203 Cal.App.4th 947, a county prisoner brought a claim under Section 52.1 alleging he was overly-detained for two weeks beyond the date he should have been released from custody, which the prisoner claimed was in violation of his constitutional right, despite his asking for assistance of jail employees. While the court recognized that being confined is coercive, that coercion was not independent from the civil right violation – the wrongful detention, and, therefore, was an insufficient basis for a Section 52.1 claim. *Id.,* at 959-962; *see also Lyall v. City of Los Angele,* 807 F.3d 1178, 1196 (9th Cir. 2015) (plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act).

Plaintiff does not allege that Dr. Tyndall tried to or prevented plaintiff from *exercising* a civil right. Plaintiff alleges Dr. Tyndall violated her right by engaging in the alleged sexual harassment. The latter does not give rise to a Bane Act claim.

///

///

///

NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TAYLOR ❖ DeMARCO LLP

**VIII.**

**PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR GENDER VIOLENCE, CAL. CIVIL CODE § 52.4**

In addition to being barred by the requirement that claims brought under Cal. Civil Code § 52.4 "shall be commenced within three years of the act," *Id.*, subd. (b), not 27 years after the alleged act, as is the case here, plaintiff's claim under Section 52.4 is without merit for other reasons.

Cal. Civil Code § 52.4 was originally enacted in 2002, effective January 1, 2003, Stats 2002 Cal. SB 1928.  It did not exist at the time of which plaintiff complains and does not provide for retroactive application. *Evangelatos, supra,* 44 Cal.3d at 1209-1218.  Accordingly, Section 52.4 provides no basis for relief for conduct occurring at some unspecified time between the years 1990 and 1993.

Further, plaintiff does not allege conduct on the part of Dr. Tyndall which would have been actionable under the statute as originally enacted.  Like Cal. Civil Code § 52.1, liability under Section 52.4, as originally enacted, and as it still exists today, requires a showing that either the use, attempted use, or threatened use of physical force or physical intrusion or invasion of a sexual nature ***under coercive conditions***. Stats 2002 Cal. A.B. 1928.  Plaintiff alleges no such coercive conditions occurred.  Her claim under Section 52.4 is without merit and should be dismissed.

**IX.**

**PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL ASSAULT**

In addition to plaintiff's assault claim being barred by the applicable limitations statute(s), plaintiff has failed to plead facts upon which relief may be granted for sexual assault.

The elements of a cause of action for assault are: (1) the defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner; (2) the plaintiff reasonably believed he was about to be

TAYLOR ❖ DeMARCO LLP

touched in a harmful or offensive manner or it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *So v. Shin,* 212 Cal.App.4th 652, 668-669 (2013); see also *Plotnik v. Meihaus,* 208 Cal.App.4th 1590, 1603-1604 (2012) (action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm).

Plaintiff does not plead facts showing Dr. Tyndall caused plaintiff to be or become apprehensive of harmful or offensive contact with plaintiff's person. Plaintiff only alleges Dr. Tyndall performed an unnecessarily aggressive examination of plaintiff's private parts and made an inappropriate comment. These alleged acts cannot reasonably be interpreted as communicating any threat or intent to engage in any harmful or offensive contact by Dr. Tyndall towards plaintiff.

In fact, it is not even clear that plaintiff has pled a battery, which requires an offensive or harmful touching without the victim's consent. *So, supra,* 212 CalApp.4th at 669; *Kaplan v. Mamelak,* 162 Cal.App.4th 637, 645 (2008). It is recognized in both state and federal courts that a "[a] doctor rendering gynecological care cannot render the full panoply of gynecological services without touching, probing or otherwise manipulating a woman's genitalia." *Cooper v. Superior Court,* 56 Cal.App.4th 744, 751 (1997); *Connell v. United States,* 2010 U.S.Dist.LEXIS 36957, *8. (E.D.Cal. 2010).* Plaintiff's alleged facts do not show that any touching done by Dr. Tyndall was not performed as part of a legitimate gynecological examination; nor do plaintiff's alleged facts show that the touching Dr. Tyndall did do, was inappropriate or was performed without her consent. Plaintiff only alleges that she "sensed" that his examination "was more about his own personal enjoyment than anything helpful to her." FAC, ¶ 5. These allegations are insufficient. To adequately plead a claim, plaintiff must allege facts showing more than a mere "possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. 662, 678.

# X.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR SEXUAL BATTERY, CAL. CIVIL CODE § 1708.5

In addition to plaintiff's battery claim being barred by the applicable limitations, plaintiff has failed to plead facts upon which relief may be granted for sexual battery.

A person commits a sexual battery under Cal. Civil Code § 1708.5 when he "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results." Id.  "Intimate part" means the sexual organ, anus, groin, or buttocks of any person, or the breast of a female. Id., subd. (d). "Offensive contact" means contact that offends a reasonable sense of personal dignity. Id., subd. (f).

There are few decisions addressing Section 1708.5, and none has applied section 1708.5 to contact between a gynecologist and a patient in the course of an examination.  By its very nature, however, a gynecological examination involves a touching of the patient's "intimate parts", as described in Section 1708.6.  *Cooper, supra*, 56 Cal.App.4th at 751 ("[a] doctor rendering gynecological care, cannot render the full panoply of gynecological services without touching, probing or otherwise manipulating a woman's genitalia."); *Connell, supra,* 2010 U.S. Dist.LEXIS 36957, *9 (E.D.Cal. 2010) (acknowledging and adopting observation in *Cooper*, in concluding the plaintiff had not shown that the gynecological services rendered were a guise or pretext allowing defendant to engage in sexual misconduct with her).

Battery in general requires an unconsented, harmful or offensive contact with the plaintiff's person, *Ashcraft v. King*, 228 Cal.App.3d 604, 611 (1991), and one who consents to an act is not wronged by it. Cal. Civil Code § 3515.  In the context of a gynecologist, to constitute an "offensive contact," the plaintiff should be required to prove the contact was without consent, was not related to the gynecological examination and/or was performed for no purpose other than the physician's personal

TAYLOR ❖ DeMARCO LLP

gratification. Plaintiff's allegation that she "sensed" that Dr. Tyndall's examination "was more about his own personal enjoyment than anything helpful to her," FAC, ¶ 5, does not establish that Dr. Tyndall's touching was not related to his gynecological examination of her, or that it was inappropriate or offensive, and without her consent.

## XI.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR CONSTRUCTIVE FRAUD

In addition to being barred by the applicable limitations, plaintiff has failed to plead facts upon which relief may be granted for constructive fraud.

The elements of a constructive fraud cause of action are (1) a fiduciary or confidential relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive, and (4) reliance and resulting injury (causation). *Younan v. Equifax Inc.,* 111 Cal.App.3d 498, 516, fn. 14 (1980).

It is unclear upon what basis plaintiff is asserting this claim against Dr. Tyndall. Plaintiff's allegations of constructive fraud appear to be directed at USC: USC failed to investigate complaints of alleged sexual misconduct against Dr. Tyndall; failed to warn plaintiff of those complaints; and placed Dr. Tyndall in a position in which he could abuse other patients in light of said complaints.  FAC, ¶¶ 130-131.  Even as to USC, it does not appear from any facts alleged that constructive fraud occurred. Constructive fraud pertains to the failure to disclose material facts within the knowledge of the fiduciary-defendant. *Estate of Gump,* 1 Cal.App.4th 582, 601 (1991).  There is no allegation that USC had ever been made aware of any complaints of misconduct against Dr. Tyndall to investigate, disclose or otherwise influence its appointment of Dr. Tyndall, prior to the time plaintiff saw him in 1991. See FAC, ¶¶ 11-35.

Even assuming plaintiff's claim against Dr. Tyndall is the allegation he failed to tell plaintiff that his touching was not a legitimate part of the gynecological examination, the claim fails for a lack of a factual showing.

# XII.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In addition to being barred by the statute of limitations, plaintiff has failed to state facts upon which relief for Intentional Infliction of Emotional (IIED) may be granted.

A claim for IIED exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993); *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter*, at 1001. And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.*

Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Hughes, supra*, 46 Cal.4th 1035, 1051 (finding insufficient to constitute "outrageous conduct," sexual/romantic advances made to plaintiff by a defendant-trustee who controlled plaintiff's son's $350 million trust and telling plaintiff, when she called him "crazy,": "I'll get you on your knees eventually. I'm going to fuck you one way or another").

Plaintiff had one contact with Dr. Tyndall. She has not pled facts showing that the alleged touching of which she complains was inappropriate (she only sensed it was), and the alleged comments Dr. Tyndall purportedly made fall far, far short of that described in *Hughes*, which comments, though offensive, were found to be insufficient to constitute extreme and outrageous conduct. See, *Hughes, supra*, 46

28

TAYLOR ❖ DeMARCO LLP

Cal.4th at 1051; see also *Cornell v. Berkeley Tennis Club*, 18 Cal.App.5th 908, 945-46 (2017) (although plaintiff raised a triable issue as to whether she was subjected to harassment based on her obesity, that harassing conduct did not rise to the level of "outrageous conduct beyond the bounds of human decency.").

A plaintiff must also show severe emotional distress. The California Supreme Court has set a very high bar by requiring the severe emotional distress must be of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it. *Hughes, supra,* at 1051 (a plaintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation as the result of defendant's comments, held insufficient). Here, plaintiff only conclusorily alleges that she suffered "great pain of mind and body, shock, emotional, distress, physical manifestations of emotional distress, including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." Those allegations are not supported by facts showing she suffered emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it. Her conclusory allegations are also belied by the fact *she waited 27 years* to seek any relief based on her alleged injuries.

## XIII.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

At this time, defendant is only challenging this claim based on the statute of limitations bar. Just as with the cause of action for IIED, "serious emotional distress is an essential element of the cause of action for negligent infliction of emotional distress." *Bogard v. Emplrs Casualty Co.,* 164 Cal.App.3d 602, 618 (1985); *Kelly v. General Telephone Co.*, 136 Cal.App.3d 278, 286 (1982). It is inconceivable to assume, that had plaintiff suffered such serious emotional distress as a result of the alleged examination by Dr. Tyndall, she would not have been aware of her injuries, emotional or otherwise, at the time of her examination. And since plaintiff has pled no

TAYLOR ❖ DEMARCO LLP

specific facts showing otherwise, her claims in this regard are without merit.

Plaintiff's claim for negligent infliction of emotional distress should be dismissed.

## XIV.

## PLAINTIFF FAILS TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED FOR UNFAIR BUSINESS PRACTICES, CAL. BUSINESS AND PROFESSIONS CODE § 17200

In addition to this claim be barred by the applicable statute of limitations, plaintiff has failed to state facts upon which relief for unfair business practices may be granted.

A plaintiff alleging unfair business practices in violation of Cal. Business and Professions Code § 17200 "must state with reasonably particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Calif., Inc.,* 14 Cal.App.4th 612, 619 (1993). Business and Professions Code § 17200 (Unfair Competition Law ("UCL")), describes unfair competition as including "unlawful, unfair or fraudulent business practice," which, in turn, has been consistently interpreted by the courts as including "anything that can be called a business practice and that at the same time is forbidden by law." *Samura v. Kaiser Foundation Health Plan,* 17 Cal.App.4th 1284, 1292 (1993); *Cel–Tech Comms., Inc. v. Los Angeles Cellular Tele. Co.,* 20 Cal.4th 163, 180 (1999). Conduct which is not proscribed by any statute or regulation does not constitute unfair competition. *Aleksick v. 7-Eleven, Inc.,* 205 Cal.App.4th 1176, 1192 (2012) (an unfair competition claim, must be tethered to specific constitutional, statutory or regulatory provisions); *Gregory v. Albertsons, Inc.,* 104 Cal.App.4th 845, 854 (2002) (same). An action under Section 17200 is not an "all-purpose substitute" for a related tort or contract action. *Korea Supply Company v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1150 (2003). The primary purpose of Cal. Business and Professions Code § 17200, *et seq.* is to preserve fair business competition. *Gregory, supra,* 104 Cal.App.4th 845, 851.

TAYLOR ❖ DeMARCO LLP

Plaintiff fails to state facts showing that Dr. Tyndall engaged in a business practice forbidden by law.  As explained in the preceding sections, plaintiff has not pled facts establishing a violation of any statutory provision that existed at the time of which plaintiff complains, or, in fact, at all.

Standing to bring an action for unfair competition also requires the plaintiff to show actual injury occurred, and a loss of money or property resulted as a consequence of the unfair competition. Cal. Business & Profession Code § 17204; *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009).  Plaintiff has failed to establish any economic loss was incurred by her as a result of any alleged unlawful business practice in which Dr. Tyndall engaged. FAC, ¶¶ 221-222.

## XV.

## PUNITIVE DAMAGES PLED IN A COMPLAINT WITHOUT COMPLYING WITH CAL. CODE OF CIVIL PROCEDURE § 425.13 MAY BE DISMISSED

**A.    Cal. Code of Civil Procedure § 425.13 Requires Plaintiff to Obtain Leave of Court to Plead Punitive Damages Against This Health Care Provider Defendant.**

Cal. Code of Civil Procedure § 425.13 requires leave of court before a plaintiff may plead punitive damages against a health care provider "arising out of" the "professional negligence."   Identifying a cause of action as an "intentional tort" as opposed to "negligence" does not itself remove the claim from the requirements of Section 425.13.  A cause of action against a health care provider is governed by Section 425.13, when the injury arose out of the manner in which professional services are provided.

"[S]ection 425.13(a) applies regardless of whether the complaint purports to state a single cause of action for an intentional tort or also states a cause of action for professional negligence. The clear intent of the Legislature behind its enactment of Section 425.13 is that any claim for punitive damages in an action against a health care provider be subject to the statute if the injury that is the basis for the claim was caused

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

by conduct that was directly related to the rendition of professional services." *Central Pathology Srvc. Med. Clnc., Inc. v. Superior Court,* 3 Cal.4th 181, 192 (1992).   The nature and cause of a plaintiff's injury must be examined to determine whether each is directly related to the manner in which professional services were provided. *Id.*

A plaintiff's claim for fraud and intentional infliction of emotional distress, when arising out of the rendition of professional service, for example, are subject to Code Civ. Proc., § 425.13, subd. (a). *Central Pathology, supra,* 3 Cal.4th at 192-193. Likewise, *a claim for sexual battery by a gynecologist* also arises out of the rendition of professional service and is subject to Section 425.13.   In finding Section 425.13 applied to a claim for sexual battery, the Court in *Cooper, supra,* 56 Cal.App.4th 744, found: "A doctor rendering gynecological care cannot render the full panoply of gynecological services without touching, probing or otherwise manipulating a woman's genitalia; thus, when a gynecologist is accused, ..., of committing a sexual battery in the course of rendering gynecological services, that accusation is necessarily 'directly related' to the manner in which the gynecological services were rendered." Id., at 751.

Plaintiff's allegations against Dr. Tyndall are directly related to the manner in which he provided gynecological services – everything was done in the course and scope of a gynecological examination. Compl., ¶¶ 1-6.

## B.    Cal. Code of Civil Procedure § 425.13 Applies in Federal Court.

All causes of action asserted against Dr. Tyndall are based on California law. The only basis for federal jurisdiction is the claim brought under Title IX, which is not asserted against Dr. Tyndall and would not apply to him in any event. See *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 901 (1st Cir. 1988); *Doe v. Petaluma City Sch. Dist.,* 830 F.Supp. 1560, 1577 (N.D.Cal. 1993);[5] *Clemes v. Del Norte Co. Unified Sch.*

---

[5]In reversing on other grounds, the Ninth Circuit in *Doe by & Through Doe v. Petaluma City Sch. Dist.,* 54 F.3d 1447 (9th Cir.t 1995), the Ninth Circuit accepted the District Court's holding that a employee of an educational institution may not be held liable under Title IX and analyzed whether the employee may be held liable under any 42 U.S.C. § 1983. *Doe by & Through Doe,* at 1449.  Because there is no allegation and no basis for believing Dr. Tyndall was acting under the color of law, as a physician at a

TAYLOR ❖ DeMARCO LLP

1    *Dist.,* 1994 U.S.Dist.LEXIS 8625, *13 (N.D.Cal. 1994).  Accordingly, all of

2    plaintiff's claims against Dr. Tyndall are based on supplemental jurisdiction.  28

3    U.S.C.S. § 1367; see also FAC, ¶ 38.

4         The Ninth Circuit has stated that when a district court sits in diversity, or hears

5    state law claims based on supplemental jurisdiction, the court applies state substantive

6    law to the state law claims.  *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l*

7    *LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011); *Shekarlab v. County of Sacramento,* 2018

8    U.S.Dist.LEXIS 70579, *4 (E.D. Cal. 2018).  Jurisdiction under the Class Action

9    Fairness Act is a form of diversity jurisdiction. See 28 U.S.C.S. § 1332(d); *Leon v.*

10   *Gordon Trucking, Inc.,* 76 F.Supp.3d 1055, 1060 (C.D.Cal. 2014); *Hankins v. Pfizer,*

11   *Inc.,* 2005 U.S.Dist.LEXIS 17191, *2 (C.D.Cal. 2005).

12        Federal courts deciding state claims apply state substantive law and, generally,

13   federal procedural law. See *Hanna v. Plumer,* 380 U.S. 460 (1965) (describing the

14   impact of *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938). Over the years, however, it

15   has become clear "that Erie-type problems [are] not to be solved by reference to any

16   traditional or common-sense substance-procedure distinction[.]" *Id.* at 465-466.

17   Instead the crucial question is: "does it significantly affect the result of a litigation for

18   a federal court to disregard a law of a State that would be controlling in an action upon

19   the same claim by the same parties in a State court?" *Id.* (quoting *Guaranty Trust Co.*

20   *of N.Y. v. York,* 326 U.S. 99 (1945).

21        Federal courts embark on a two-part inquiry to decide whether a state

22   procedural rule should apply in a given case.  First, the court will ask whether there is

23   a direct conflict between a federal rule and the state law. *Shekarlab, supra,* at *4,

24   citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749-752 (1980). If there is a

25   conflict and the Federal Rule clearly applies, then the court will follow the Federal

26   Rule unless it falls outside the scope of the Rules Enabling Act or the constitutional

27   _____

28   private institution, Section 1983 would be inapplicable to him. *Adams v. Southern*
     *California First Nat'l Bank,* 492 F.2d 324, 329 (9th Cir. 1973).

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1    grant of power. *Shekarlab, supra,* at *4, citing *Walker, supra,* at 748.  If there is no a

2    conflict, the court then considers whether application of the state procedural rule

3    might result in forum shopping or an inequitable administration of the law. *Shekarlab,*

4    *supra,* at *4; *Walker, supra,* at 753.  "The Ninth Circuit has also held that 'where a

5    state evidentiary rule is intimately bound up with the rights and obligations being

6    asserted, [*Erie*] mandates the application of the state rule.'" *Shekarlab, supra,* at *4-5,

7    quoting *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995).

8         Federal courts sitting in California applying Section 425.13 have either found it

9    to be "intimately bound" to state substantive law and therefore a substantive, not a

10   procedural, rule, or found the plaintiff's punitive damages claims largely arise under

11   state law and that state law should therefore apply.  *Elias v. Nvasartian*, 2017 U.S.

12   Dist. LEXIS 23229, *16 (E.D.Cal. 2017); citing e.g., *Thomas v. Hickman*, 2006 U.S.

13   Dist. LEXIS 72988, *41 (E.D. Cal. 2006) (finding Section 425.13 intimately bound to

14   the state substantive causes of action for professional negligence); *Rhodes v. Placer*

15   *Cnty.*, 2011 U.S. Dist.LEXIS 35498, *21 (E.D. Cal. 2011), adopted, 2011 U.S.Dist.

16   LEXIS 47894 (E.D. Cal. 2011) (§ 425.13 is applicable because plaintiff's punitive

17   damages claims arise from state law claims); see also *Allen v. Woodford*, 2006

18   U.S.Dist.LEXIS 45254, *62-67 (E.D.Cal. 2006) (finding that because plaintiff's

19   punitive damage claim was brought under state, not federal law, and was so

20   "intimately bound up" with the substantive law of the underlying state claim, Section

21   425.13 must be applied).

22        In contrast, district courts in the Northern and Southern District of California

23   have declined to apply Section 425.13, finding it to be a procedural rather than a

24   substantive one. *Shekarlab, supra,* at *6, citing e.g., *Jackson v. East Bay Hosp.*, 980

25   F.Supp. 1341, 1352 (N.D.Cal. 1997); *George v. Sonoma Cnty. Sheriff's Dept.*, 732

26   F.Supp.2d 922, 951-52 (N.D.Cal. 2010) (following Jackson); *Ortegoza v. Kho*, 2013

27   U.S.Dist.LEXIS 69999, *7 (S.D.Cal. 2013) (same). Two courts in the Eastern District

28   also declined to apply Section 425.13, finding the statute to be in direct conflict with

NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

the plain meaning of FRCP, Rule 8(a)(3). See *Estate of Prasad v. County of Sutter*, 958 F. Supp. 2d 1101, 1121 (E.D.Cal. 2013); *Padilla v. Beard*, 2014 U.S.Dist.LEXIS 159377, *27-29 (E.D.Cal. 2014).

The Ninth Circuit has not resolved the conflict between the districts.

In the most recent decision on this issue, *Shekarlab, supra*, 2018 U.S. Dist. LEXIS 70579, the court analyzed the factors in favor of and against applying Section 425.13 in federal court, and the various differing district court opinions on the issue. The Court ultimately found Section 425.13 to be intimately bound to state substantive law and therefore a substantive, and not a procedural rule. *Id., at *9-10* (Section 425.13 evinces a legislative intent "to screen and assure the bona fides and merits of a claim against a health care provider before a case can be filed").  The *Shekarlab* Court was not persuaded that the federal courts' authority to manage their own calendars obviates the propriety of respecting this legislative balancing in federal court. "Without the rule, prayers for punitive damages that lack evidentiary support remain in a lawsuit until defendants move for summary judgment or adjudication. This result could cause the sort of forum shopping and inequitable administration of the law that the *Erie* doctrine was designed to prevent." *Id., at * 10-11*, citing *Walker, supra*, 446 U.S. at 753.

The *Shekarlab* court found no direct conflict between Section 425.13 and federal rules.  The Court found persuasive the observation in *Jones v. Krautheim*, 208 F.Supp.2d 1173 (D.Colo. 2002), that "'[i]n practical use, [FRCP] Rule 8 does not and cannot operate in isolation, but instead must be considered in conjunction with Rule 15, which anticipates liberal amendment of pleadings throughout the course of the litigation...  So long as a plaintiff has the opportunity to amend the initial complaint to comply with Rule 8(a)(3) before the issues are ultimately tried, there is no practical conflict between [the state statute] and Fed. R. Civ. P. 8(a)(3).'" *Shekarlab, supra*, 2018 U.S. Dist. LEXIS 70579, *7*, quoting *Jones, supra*, at 1178.  "The federal pleading rule does not require that every type of relief sought be included in the

1   complaint in its first iteration. The Rules provide for pre-trial amendments of the

2   complaint, which district courts freely permit upon a plaintiff's motion or, at later

3   stages of litigation, grant for good cause. See Fed. R. Civ. P. 15 & 16. A plaintiff can

4   therefore follow the mandate of Section 425.13 consistent with the Federal Rules."

5   *Shekarlab, supra,* at *8.

6   Because plaintiff's punitive damages claim against Dr. Tyndall arises solely

7   from state law and is directly related to the manner in which Dr. Tyndall provided

8   professional services, plaintiff was required to petition the court for leave to plead

9   punitive damages pursuant to Section 425.13. Because plaintiff failed to do so, her

10  claim for punitive damages should be dismissed.

11                                    **XVI.**

12                                **CONCLUSION**

13  Plaintiff's FAC and each claim asserted therein is barred by the applicable

14  limitations period, whether the applicable limitations period is one-year, two-years,

15  three-years or four-years.  The alleged conduct of which plaintiff complains occurred

16  27 years ago.  The FAC shows on its face that plaintiff was aware of the conduct of

17  which she complains and was aware of her alleged injuries at the time they occurred

18  27 years ago. She is not entitled to restart the clock because of "recurrences" of

19  injuries brought on by being reminded of them through some news article published in

20  2018.

21  Plaintiff is also asserting claims based on statutes which did not exist at the

22  times of which she complains, and further fails to state facts upon which relief may be

23  granted under these statutes. Plaintiff also fails to state facts upon which relief may be

24  granted under any of her non-statutory theories pled as well.

25  Finally, plaintiff was required to, but did not, seek leave of court before

26  pleading a claim for punitive damages, which requires this claim to be dismissed

27  and/or stricken.

28  For these reasons, dismissal of plaintiff's First Amended Complaint is

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1    appropriate.   Because plaintiff's claims are clearly barred by the applicable

2    limitations period and that fatality cannot be cured by any amendment, dismissal

3    without leave to amend is appropriate.

4

5        DATED: March 11, 2019                    TAYLOR DEMARCO LLP

6

7

8                                       By:_____

9                                          N. DENISE TAYLOR
                                           CHERIE L. LIEURANCE
10                                         Attorneys for Defendant,
                                           GEORGE TYNDALL. M.D.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I, Christine Chung, hereby certify that on this 11th day of March 2019, I electronically filed the following documents:

**NOTICE OF MOTION AND MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINT AND AUTHORITIES**

with the Clerk of the United States District Court for the Central District of California using the CM/ECF system which shall send electronic notification to all counsel of record. See attached Notice of Electronic Service for all parties served.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles, California on March 11, 2019.


_____
Christine Chung

TAYLOR ❖ DeMarco LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR ❖ DeMARCO LLP

## SERVICE LIST
Re:  Jane Doe v. USC, et al.
Case No: 2:18-cv-09530-SVW-GJS

| | |
|---|---|
| Kevin T. Barnes, Esq.<br>Gregg Lander, Esq.<br>LAW OFFICES OF KEVIN T.<br>BARNES<br>1635 Pontius Avenue, 2nd Floor<br>Los Angeles, CA 90025 | Attorneys for Plaintiff,<br>JANE DOE<br><br>Tel: (323) 549-9100<br>Fax: (323) 549-0101<br>barnes@kbarnes.com<br>lander@kbarnes.com |
| Joseph Tojarieh, Esq.<br>TOJARIEH LAW FIRM, P.C.<br>10250 Constellation Boulevard,<br>Suite 100<br>Los Angeles, CA 90067 | Attorneys for Plaintiffs,<br>JANE DOE<br><br>Tel: (310) 553-5533<br>Fax: (310) 553-5536<br>jft@tojariehlaw.com |
| Stephen Fraser, Esq.<br>Alexander Watson, Esq.<br>FRASER, WATSON & CROUCH, LLP<br>100 West Broadway, Suite 650<br>Glendale, CA 91210 | Attorneys for Defendant,<br>UNIVERSITY OF SOUTHERN<br>CALIFORNIA<br><br>Tel: (818) 543-1380<br>Fax: (818) 543-1389<br>sfraser@fwcllp.com<br>awatson@fwcllp.com |
| Michael Williams, Esq.<br>Shon Morgan, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN<br>865 South Figueroa Street<br>Los Angeles, CA 90017 | Attorneys for Defendant,<br>UNIVERSITY OF SOUTHERN<br>CALIFORNIA<br><br>Tel: (213) 443-3000<br>Fax: (213) 443-3100<br>michaelwilliams@quinnemanuel.com<br>shonmorgan@quinnemanuel.com |

2
**CERTIFICATE OF SERVICE**