1   N. DENISE TAYLOR - State Bar No. 101434
    CHERIE L. LIEURANCE - State Bar No. 119979
2   TAYLOR DEMARCO LLP
    1000 Wilshire Boulevard, Suite 600
3   Los Angeles, CA 90017-2463
    Telephone: (213) 687-1600
4   Facsimile: (213) 687-1620
    dtaylor@taylordemarco.com
5   clieurance@taylordemarco.com

6   Attorneys for Defendant,
    GEORGE TYNDALL, M.D.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  JANE DOE,                                   No.: 2:18-cv-09530-SVW-GJS

11          Plaintiff,                          **REPLY MEMORANDUM OF
                                                POINTS AND AUTHORITIES IN
12  v.                                          SUPPORT OF MOTION OF
                                                DEFENDANT GEORGE TYNDALL,
13  UNIVERSITY OF SOUTHERN                      M.D. TO DISMISS PLAINTIFF'S
    CALIFORNIA, a California Corporation,       FIRST AMENDED COMPLAINT**
14  BOARD OF TRUSTEES OF THE
    UNIVERSITY OF SOUTHERN
15  CALIFORNIA, an entity, form unknown;        Date: April 8, 2019
    and GEORGE TYNDALL, M.D., an                Time: 1:30 p.m.
16  individual, and DOES 1 through 100,         Dept.: Courtroom 10A
    inclusive,
17
            Defendants.
18

19                                              Action Filed:  November 9, 2018
                                                Trial Date:     None
20

21          TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, JANE DOE,

22  THROUGH HER ATTORNEYS OF RECORD:

23          Defendant, George Tyndall, M.D., submits the following Reply Memorandum

24  of Points and Authorities in support of his Motion to Dismiss Plaintiff's First

25  Amended Complaint:

26  ///

27  ///

28  ///

# TABLE OF CONTENTS

**Page**

I.   PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE
STATUTES OF LIMITATIONS ...................................................... 6

    A.   Plaintiff Was Aware of Her Injuries and Their Cause Twenty-Seven
Years Ago – The Limitations Period Accrued at that Time ................... 6

    B.   Plaintiff's Reliance on the Fraudulent Concealment Theory Is Not
Supported by the Law ........................................................... 8

II.   PLAINTFF HAS CONCEDED THAT HER THIRD AND FIFTH
CLAIMS MAY BE DISMISSED ................................................ 11

III.   PLAINTFF HAS FAILED TO STATE A CLAIM UNDER CAL. CIVIL
CODE § 51– HER SECOND CLAIM FOR RELIEF .................................. 11

IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE BANE ACT,
CIVIL CODE § 52.1 – HER FOURTH CLAIM FOR RELIEF .................... 12

V.   PLAINTIFF FAILS TO STATE FACTS A CLAIM FOR SEXUAL
ASSAULT – HER SIXTH CLAIM FOR RELIEF ........................................ 12

VI.   PLAINTIFF FAILS TO STATE A CLAIM UNDER CAL. CIVIL.
CODE § 1708.5 – HER SEVENTH CLAIM FOR RELIEF ........................ 13

VII.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST DR.
TYNDALL FOR CONSTRUCTIVE FRAUD – HER EIGHTH
CLAIM FOR RELIEF ................................................................. 14

VIII.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS – HER FOURTEENTH
CLAIM FOR RELIEF ................................................................. 14

IX.   PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS
PRACTICES – PLAINTIFF'S SIXTEENTH CLAIM FOR RELIEF ........... 15

X.   PLAINTIFF'S PUNITIVE DAMAGES SHOULD BE DISMISSE FOR
FAILURE TO COMPLYWITH CAL. CODE OF CIVIL PROCEDURE §
425.13 ...................................................................................... 16

XI.   CONCLUSION ........................................................................ 17

TAYLOR ❖ DeMARCO LLP

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT
GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

## **TABLE OF AUTHORITIES**

2

3  **Cases:**                                                                                                                 **Page**

4  *Aleksick v. 7-Eleven, Inc.,*
    205 Cal.App.4th 1176 (2012) ...................................................................... 15

5  *Allen v. Woodford*, 2006,
    U.S.Dist.LEXIS 45254 (E.D.Cal. 2006) ..................................................... 17

6

7  *Asghari v. Volkswagen Group of Am., Inc.,*
    42 F. Supp. 3d 1306 (C.D.Cal. 2013) ............................................................ 6

8  *Bernson v. Browning-Ferris Inds.,*
    7 Cal.4th 926 (1994) ...................................................................................... 8

9

10  *Birdsong v. Apple, Inc.,*
    590 F.3d 955 (9th Cir. 2009) ...................................................................... 16

11  *Burrows v. Redbus Cmty Hosp. Dist.,*
    188 F.R.D. 356 (N.D. Cal. 1997) ............................................................... 16

12

13  *Cel–Tech Comms., Inc. v. Los Angeles Cellular Tele. Co.,*
    20 Cal.4th 163 (1999) .................................................................................. 15

14  *City and County of San Francisco v. Ballard,*
    136 Cal.App.4th 381 (2006) ........................................................................ 12

15

16  *Cooper v. Superior Court,*
    56 Cal.App.4th 744 (1997) ..................................................................... 13, 17

17  *DeRose v. Carswell,*
    196 Cal.App.3d 1011 (1987) ,,,,.......................................................... 7, 8, 13

18

19  *Elias v. Navasartian,*
    2017 U.S.Dist.LEXIS 23229 (E.D.Cal. 2017) ........................................ 16, 17

20  *Gregory v. Albertsons, Inc.,*
    104 Cal.App.4th 845 (2002) ........................................................................ 15

21

22  *Guerrero v. Gates,*
    442 F.3d 697 (9th Cir. 2006) ...................................................................... 10

23  *Hughes v. Pair,*
    46 Cal.4th 1035 (2009) ........................................................................ 7, 11, 15

24

25  *Jackson v. East Bay Hospital,*
    980 F. Supp. 1341 (N.D. Cal. 1997) ............................................................ 16

26  *Leadsinger, Inc. v. BMG Music Publ'g,*
    512 F.3d 522 (9th Cir. 2008) ...................................................................... 18

27

28

3

TAYLOR ❖ DEMARCO LLP

1

## TABLE OF AUTHORITIES (Cont.)

2

3    *Lukovsky v. City and County of San Francisco*,
         535 F.3d 1044 (9th Cir. 2008) ..................................................................... 9, 10

4    *Mark K. v. Roman Catholic Archbishop,*
         67 Cal.App.4th 603 (1998)   .......................................................... 9, 10
5

6    *Marsha v. Gardner*,
         231 Cal.App.3d 265 (1991) ......................................................................... 7

7    *Michaelian v. State Comp. Ins. Fund,*
         50 Cal.App.4th 1093 (1996) ........................................................................ 14
8

9    *Pashley v. Pac. Elec. Ry. Co.*,
         25 Cal.2d 226 (1944) ............................................................................... 8, 9

10   *Pillsbury, Madison & Sutro v. Lerner*,
         31 F.3d 924 (9th Cir. 1994) ........................................................................ 14
11

12   *Rhodes v. Placer Cnty.*,
         2011 U.S. Dist.LEXIS 35498 (E.D. Cal. 2011),
         adopted, 2011 U.S.Dist. LEXIS 47894 (E.D. Cal. 2011) .............................. 17
13

14   *Rivera v. Peri & Sons Farms, Inc.*,
         735 F.3d 892 (9th Cir. 2013) ........................................................................ 6

15   *Scalia v. County of Kern*,
         308 F.Supp.3d 1064 (E.D.Cal. 2018) .......................................................... 16
16

17   *Shekarlab v. County of Sacramento*, 2018 U.S.Dist.LEXIS 70579,
         (E.D. Cal. 2018) ........................................................................................ 17

18   *Shoyoye v. County of Los Angeles,*
         203 Cal.App.4th 947 (2012) ....................................................................... 12
19

20   *Small v. Fritz Companies, Inc.*,
         30 Cal.4th 167 (2003) ................................................................................ 14

21   *Sonbergh v. MacQuarrie*,
         112 Cal.App.2d 771 (1952) .................................................................. 7, 8, 13
22

23   *Thomas v. Hickman*,
         2006 U.S. Dist. LEXIS 72988 (E.D. Cal. 2006) ........................................... 17

24   *Venegas v. County of Los Angeles*,
         32 Cal.4th 820 (2004) ................................................................................ 12
25

26

27

28

TAYLOR ❖ DEMARCO LLP

1

## **TABLE OF AUTHORITIES (Cont.)**

2

**Statutes and Rules:**

3   Cal. Business & Profession Code § 17204 ............................................................. 16

4   Cal. Civil Code § 51.9 ...................................................................................... 11, 18

5   Cal. Civil Code § 52.1 ............................................................................................ 12

6   Cal. Civil Code § 52.4 ...................................................................................... 11, 18

7   Cal. Civil Code § 1708.5 ........................................................................................ 13

8   Cal. Code of Civil Procedure § 335.1 ..................................................................... 11

9   Cal. Code of Civil Procedure § 340.5 ..................................................................... 11

10  Cal. Code of Civil Procedure § 425.13 ............................................................. 16-18

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR ❖ DEMARCO LLP

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REPLY MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

### I.

### PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS

**A.    Plaintiff Was Aware of Her Injuries and Their Cause Twenty-Seven Years Ago – The Limitations Period Accrued at that Time.**

The First Amended Complaint ("FAC") pleads facts which demonstrate plaintiff had the requisite knowledge back *in 1991* to start the accrual of the limitations period, and where a complaint shows on its face it is barred by the applicable statute of limitations, the court may dismiss the complaint. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Asghari v. Volkswagen Group of Am., Inc.*, 42 F. Supp. 3d 1306, 1323 (C.D.Cal. 2013).

Plaintiff alleges that when she was seen by Dr. Tyndall, he engaged in an unnecessarily aggressive inspection of her private parts, felt her breasts, aggressively moved his fingers, then a speculum, inside of her.   Plaintiff, *at that time*, "sensed that Dr. Tyndall's examination was more about his own personal enjoyment than anything helpful for her." FAC, ¶ 5.   Plaintiff also alleges *at the time* she was examined by Dr. Tyndall, he made an inappropriate and demeaning remark to her when she expressed difficulty in removing her tampon. Plaintiff alleges Dr. Tyndall commented to her, "[y]ou are such an idiot – don't you know it's not a black hole?  Haven't you had sex before?" FAC, ¶¶ 5-6.  Plaintiff has repeatedly admitted that as a result of Dr. Tyndall's conduct she was caused "permanent and continuing injur[ies]," including "great mental, physical and nervous pain, suffering…and shock." *Id.*, ¶¶ 68, 79, 91, 102, 116, 123, 150, 195, 202.  Plaintiff was aware of her injuries and the cause of those injuries in 1991, when they allegedly occurred.  It cannot therefore be disputed that plaintiff suspected ("sensed") wrongdoing *twenty-seven years ago*.

In plaintiff's opposition she glosses over the actual facts, hoping the court

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   accepts her conclusory assertions that she did not discover her claims until 2018.

2   Pltf's Opp., pp. 5:20-7:23, These assertions are contradicted by her own allegations in

3   the FAC: that when she read 2018 *LA Times* news article, it "brought forth a

4   realization that she had been betrayed and violated" by USC, and the horror and

5   reality of Dr. Tyndall's medical care "***set in***" and caused "***a recurrence***" of those

6   injuries. FAC, ¶¶ 7, 151.  These allegations demonstrate Plaintiff had actual

7   knowledge in 1991, at the time of the purported encounter with Dr. Tyndall. Plaintiff's

8   assertions that the facts "set in" when she read 2018 Times article does not constitute

9   "later discovery" of those injuries and cause for purposes of tolling the statute of

10  limitations.

         Plaintiff has not plead facts showing that she had an inability to discover her

11

12  claims at the time of Dr. Tyndall's examination, or at any time in the following 27

13  years, despite reasonable diligence.

         By their very nature, the intentional tort claims plaintiff has made against Dr.

14

15  Tyndall: assault, battery, sexual harassment and intentional infliction of emotional

16  distress (IIED), carry with them an "awareness of harm."[1] As to such claims, the

17  discovery rule cannot apply. See *DeRose v. Carswell,* 196 Cal.App.3d 1011, 1015-

18  1018 (1987) (affirming the order sustaining defendant's demurrer on statute of

19  limitations grounds, finding delayed discovery rule did not apply to claims for assault,

20  battery and IIED); *Sonbergh v. MacQuarrie,* 112 Cal.App.2d 771, 772-774 (1952) (a

21  battery or a cause of action for negligently harming a person or a thing is complete,

22  and the limitations period accrues upon physical contact even though there is no

23  observable damage at the time of contact); *Marsha v. Gardner*, 231 Cal.App.3d 265,

24  271-273 (1991) (finding delayed discovery inapplicable to 32 year-old plaintiff's

25

26      [1]To recover damages on an IIED claim plaintiff would have had to have been
    subjected to "outrageous conduct" and, as a result, suffered "emotional distress of such
27  substantial quality or enduring quality that no reasonable person in civilized society
    should be expected to endure it." *Hughes v. Pair,* 46 Cal.4th 1035, 1039-1040 (2009).
28  Knowledge of such harm and its cause would have been known to plaintiff at the time
    of the alleged outrageous conduct giving rise thereto.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

complaint against stepfather for sexual molestation of plaintiff that occurred when plaintiff was between the ages of 8 and 15).

Plaintiff's opposition ignores the holdings in *DeRose* and *Sonbergh*, which were cited in Defendant's Motion to Dismiss, P&A's, pp. 18:24-19:12.[2]

**B.      Plaintiff's Reliance on the Fraudulent Concealment Theory Is Not Supported by the Law.**

Under the fraudulent concealment theory, "a defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." *Bernson v. Browning-Ferris Inds.*, 7 Cal.4th 926, 931 (1994).

The case relied on by plaintiff, *Pashley v. Pac. Elec. Ry. Co.*, 25 Cal.2d 226 (1944), illustrates the type of fraudulent conduct that may give rise to fraudulent concealment, which is distinguishable from the instant case. In *Pashley*, plaintiff suffered an eye injury while on a streetcar negligently operated by defendant. The defendant directed plaintiff to go to certain eye specialists who were employed by the defendant. These defendant-employed physicians examined plaintiff's eye and removed splinters of glass, told him he must not go to any other physician and that if he did, they would not be responsible. The plaintiff was also told by these physicians that his eye wounds would heal quickly, and he would have no further trouble; he was suffering mainly from shock; and that he should return in two years for a final check-up. When plaintiff followed the physicians' directions and returned in two years, he was advised by those same physicians that the cure was complete, and his eye was in perfect condition; all the while knowing his injury would eventually cause a cataract

___

[2]Plaintiff does cite to *DeRose*, in her opposition, but only for the proposition that sexual assault constitutes outrageous conduct, *Pltf's Opp., P&A's*, p. 14:13-19, an argument which reinforces defendant's point here, that such conduct would have put plaintiff on notice of the alleged wrongdoing, in addition to injury and causation, at the time it occurred because it was purportedly outrageous.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

and destruction of eyesight.  After plaintiff began having vision problems years later, he consulted an independent physician and discovered that damage had been caused to the delicate tissues of the eyeball at the time of the accident, which resulted in total and permanent blindness in his right eye. *Id.*, at 227-228.  The Court held that because the defendant had, through the misrepresentations to the plaintiff, prevented the plaintiff from bringing an action within the statute of limitations period, the defendant was estopped from relying on that defense. *Id.*, at 231-232.

*Mark K. v. Roman Catholic Archbishop,* 67 Cal.App.4th 603 (1998) and *Lukovsky v. City and County of San Francisco,* 535 F.3d 1044 (9th Cir. 2008),  by contrast, illustrate what representations will not toll the limitation period, both of which were cited in Dr. Tyndall's motion, P&A's, pp. 19:26-20:7. The holdings in both cases require a finding that fraudulent concealment does not apply here. Plaintiff's opposition misrepresents the holding of the first and completely ignores the second.

In *Mark K,* the plaintiff, while a minor, was sexually molested by a priest.  He relied on fraudulent concealment to avoid a statute of limitations defense on his negligent supervision complaint against the church.  He claimed the church had implied that it "was safe, and morally and spiritually beneficial to all children" and that he had not discovered, until later, that a year or two prior to his molestation the church had received reports of the priest sexually exploiting children and was on notice that it was foreseeable he would continue to do so. Despite these reports, the church failed to investigate the reports and protect plaintiff from the priest. *Id.*, 67 Cal.App.4th at 607-608.  Plaintiff argued that the church owed him a fiduciary duty to disclose the accusations against the priest and that it breached that duty by failing to come forward with that information, which resulted in the tolling of the statute of limitations. *Id.*, at 613.  In affirming the trial court's orders sustaining the church's demurrer on statute of limitations grounds, the Court of Appeal rejected plaintiff's theory.  Noting that what the church failed to disclose "was merely evidence that the

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   wrong had been committed," the Court held:

2       "If plaintiff's approach were to prevail, then any time a tortfeasor failed
        to disclose evidence that would demonstrate its liability in tort, the statute
3       of limitations would be tolled under the doctrine of concealment.
        Regardless of whether the issue is characterized as fraud by concealment
4       or equitable estoppel, *this is not the law*." *Mark K., supra,* 67 Cal.App.4th
        613 (emphasis added).[3]

5
        *Lukovsky, supra,* 535 F.3d 1044, a Ninth Circuit case, followed the same
6
7   reasoning. The plaintiffs sought to avoid the statute of limitations in an employment

8   discrimination action, alleging that defendants prevented them from timely filing suit

9   by defendant's misrepresentations about requiring written verification of qualifying

10  experience, concealing that they were hiring unqualified Asian and Filipino applicants

11  instead. *Id., at 1051.* The Ninth Circuit noted that under both California and federal

12  law, equitable estoppel, sometimes referred to as "fraudulent concealment," "focuses

13  on actions taken by the defendant *to prevent* a plaintiff from filing suit." *Id., at 1051-*

14  *1052*

        "The primary problem with plaintiffs' argument is that their alleged basis
15      for equitable estoppel is the same as their cause of action.  As we have
        previously explained, the plaintiff must point to some fraudulent
16      concealment, some active conduct by the defendant '*above and beyond*
        the wrongdoing upon which the plaintiff's claim is filed, to prevent the
17      plaintiff from suing in time." *Lukovsky, supra,* 535 F.3d at 1052, quoting
        *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006).

18
19      Plaintiff's theory of fraudulent concealment against Dr. Tyndall does not rise

20  above and beyond the alleged wrongdoing upon which her claims are based.

21  Plaintiff's allegation of fraud is based on Dr. Tyndall's alleged failure to disclose to

22  her that his conduct (i.e., the alleged inappropriate touching), was not medically

23  proper or within the standard of care. FAC, ¶ 56; Pltf's Opp. P&A's, p. 9:15-18.

24  Those allegations do not describe any further conduct above and beyond the

25  _____

26      [3]Plaintiff, by her assertion that the holding in *Mark K.* was based on the finding
    that there was "no allegation... that the church concealed the fact of plaintiff's
27  underlying injury," see Pltf's Opp. P&A's, p. 9:21-24, misrepresents the true holding
    of that case.  Even if plaintiff's representation of the holding were correct, that would
    not help plaintiff and neither word her reliance on *Pahsley*.  Plaintiff does not allege
28  that Dr. Tyndall concealed plaintiff's underlying injuries or cause.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT
GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1  wrongdoing itself and do not demonstrate that this failure was intended to prevent

2  plaintiff from bringing suit within the applicable statute of limitations period.

3  It is not disputed that several limitations periods are applicable to plaintiffs'

4  claims, the longest of which is four years, Cal. Business & Professions Code § 17208

5  (applicable to plaintiff's unfair business practices claim, only).  Plaintiff's lawsuit was

6  brought 27 years after the statute of limitations accrued.  Plaintiff's Complaint is

7  *twenty-three years too-late* and is barred in its entirety.

8  ## II.

9  ## PLAINTIFF HAS CONCEDED THAT HER THIRD AND

10  ## FIFTH CLAIMS MAY BE DISMISSED

11  Plaintiff has conceded that her Third and Fifth Claims, based on Cal. Civil Code

12  §§ 51.9 and 52.4 may be dismissed. Pltf's Opp., P&A's, p. 11:4-11.)

13  ## III.

14  ## PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER

15  ## CAL. CIVIL CODE § 51– HER SECOND CLAIM FOR RELIEF

16  Defendant maintains that this claim is barred by the applicable statute of

17  limitations, whether that be the one-year limitations period applicable to claims arising

18  out of the rendition of professional services, Cal. Code of Civil Procedure § 340.5 or

19  the two-year limitations period applicable to claims for personal injuries in general.

20  Cal. Code of Civil Procedure § 335.1.

21  Plaintiff's opposition clarifies that her claim under the Unruh Act is for sexual

22  harassment, a form of sexual discrimination. Pltf's Opp. P&A's., p. 10:22-11:3.

23  To be actionable under both California and federal law, sexual harassment must

24  be "pervasive or severe." See *Hughes, supra,* 46 Cal.4th 1035, 1042-1046 (discussing

25  sexual harassment under federal and state law).

26  Had plaintiff been subjected to pervasive or severe harassment by Dr. Tyndall,

27  certainly she would have been aware of it at the time it happened and, thus, her claims

28  would have accrued at that time.  Plaintiff cannot reasonably rely on any form of

TAYLOR ❖ DEMARCO LLP

1    delayed discovery theory under these circumstances to avoid the statute of limitations

2    bar.

3                                          **IV.**

4    **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE BANE ACT, CIVIL**

5             **CODE § 52.1 – HER FOURTH CLAIM FOR RELIEF**

6         Plaintiff intentionally misconstrues both the Bane Act and Dr. Tyndall's

7    argument with respect thereto.  She has not addressed any of the legal authority cited

8    by defendant in the motion to dismiss; this is because she cannot dance around it.

9         The mere fact that plaintiff has a Constitutional right to be free from sexual

10   harassment, which she alleges she was deprived of, Pltf's Opp., p. 11:20-24, does not

11   alone constitute a Bane Act claim.

12        Liability under Cal. Civil Code § 52.1 requires an attempted or completed act of

13   interference with a legal right, accompanied by a form of coercion. *City and County of*

14   *San Francisco v. Ballard,* 136 Cal.App.4th 381, 408 (2006); see also *Venegas v.*

15   *County of Los Angeles,* 32 Cal.4th 820, 843 (2004).  Statutory or common law

16   remedies are already available to redress interference with constitutional rights.

17   Section 52.1 focuses specifically on the ***additional element of coercion.*** *Shoyoye v.*

18   *County of Los Angeles,* 203 Cal.App.4th 947, 959 (2012).    It is that additional

19   element – the coercion – that plaintiff fails to allege. That failure renders plaintiff's

20   claim under the Bane Act insufficient.

21                                          **V.**

22    **PLAINTIFF FAILS TO STATE A CLAIM FOR SEXUAL ASSAULT – HER**

23                    **SIXTH CLAIM FOR RELIEF**

24        Accepting as true for purposes of argument plaintiff's conclusory allegation that

25   she was placed in apprehension of harmful or offensive touching by Dr. Tyndall at the

26   time of the examination, Dr. Tyndall's point that plaintiff cannot rely on a delayed

27   discovery argument to avoid the statute of limitations bar is significantly reinforced.

28   Plaintiff's allegation establishes she had knowledge of the alleged wrongdoing when it

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1   purportedly happened, in addition having knowledge at that time of any injury she

2   purportedly suffered as a consequence, and the reason for the injury.  This very same

3   point was recognized in the holdings in *DeRose* and *Sonberg,* that there can be no

4   delayed discovery when a plaintiff asserts a claim for assault, battery or intentional

5   infliction of emotional distress. *DeRose, supra,* 196 Cal.App.3d 1011, 1018 and

6   *Sonbergh, supra,* 112 Cal.App.2d 771, 772-774,

**VI.**

**PLAINTIFF FAILS TO STATE A CLAIM UNDER CAL. CIVIL. CODE §**
**1708.5 – HER SEVENTH CLAIM FOR RELIEF**

10  Plaintiff admits that she "consented to a gynecological exam" by Dr. Tyndall.

11  Pltf's Opp. P&A's, p. 13:5-6.  Under Cal. Civil Code § 1708.5 a person commits a

12  sexual battery when he "[a]cts with the intent to cause a harmful or offensive contact

13  with an intimate part of another, and a sexually offensive contact with that person

14  directly or indirectly results." *Id.*  "Offensive contact" means contact that offends a

15  reasonable sense of personal dignity. *Id.*, subd. (f). In this case, whether any touching

16  constituted "offensive contact" must be evaluated in the context of a gynecological

17  examination.  By its very nature, a gynecological examination involves a touching of

18  the patient's "intimate parts" as described in Section 1708.5. *Cooper v. Superior*

19  *Court,* 56 Cal.App.4th 744, 751 (1997) ("[a] doctor rendering gynecological care,

20  cannot render the full panoply of gynecological services without touching, probing or

21  otherwise manipulating a woman's genitalia.").

22  Plaintiff has not pled facts showing that Dr. Tyndall's touching, including the

23  insertion of his fingers inside her vagina and anus and the insertion of a speculum,

24  were not proper and appropriate procedures in a gynecological examination or that Dr.

25  Tyndall exceeded plaintiff's consent.

26  ///

27  ///

28  ///

TAYLOR ❖ DEMARCO LLP

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT**
**GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

TAYLOR ❖ DEMARCO LLP

## VII.

## <u>PLAINTIFF FAILS TO STATE A CLAIM AGAINST DR. TYNDALL FOR</u>

## <u>CONSTRUCTIVE FRAUD – HER EIGHTH CLAIM FOR RELIEF</u>

Defendant pointed out in his motion that it was unclear upon what basis
plaintiff was asserting a claim for constructive fraud against Dr. Tyndall, as all of
plaintiff's allegations of constructive fraud appear to be directed at USC. Defendant's
Mot. to Dis., p. 27:14-25.

Plaintiff's opposition asserts that her claim is based on Dr. Tyndall failing to
"disclose his sexually abusive proclivities and inappropriateness of his examination,"
Pltf's Opp. P&A's, pp. 13:21-26, citing FAC, ¶¶ 130, 138, 140, 142. These
paragraphs do not clearly state that Dr. Tyndall failed to make any such disclosures.
And while such allegations might arguably be inferred, constructive fraud must be
pled with factual specificity. *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 184
(2003); see also *Pillsbury, Madison & Sutro, supra,* 31 F.3d 924, 928 (describing
federal pleading standards). Plaintiff has also failed to allege any facts demonstrating
Dr. Tyndall had any sexually abusive proclivities about which he hid from or failed to
disclose to her, or that his examination(s) were inappropriate.

## VIII.

## <u>PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION</u>

## <u>OF EMOTIONAL DISTRESS – HER FOURTEENTH CLAIM FOR RELIEF</u>

As with the claim for sexual battery, plaintiff has not plead facts showing Dr.
Tyndall's gynecological examination of plaintiff was inappropriate. She has only pled
conclusory allegations, which are insufficient. *Pillsbury, Madison & Sutro, supra,* 31
F.3d 924, 928; see also *Michaelian v. State Comp. Ins. Fund,* 50 Cal.App.4th 1093,
1114 (1996) (holding claim for intentional infliction of emotional distress must be
plead with specific facts). Further, plaintiff has failed to plead facts showing Dr.
Tyndall engaged in outrageous conduct, facts upon which a claim for intentional
infliction of emotional distress (IIED) must be based.

1    Plaintiff's reliance on in support of her contentions regarding what is necessary

2  to plead emotional distress for purposes of an IIED claim is not well founded.  The

3  California Supreme Court more recently made clear in *Hughes v. Pair*, 46 Cal.4th 1035

4  *(2009)*, that to establish a claim for IIED a plaintiff must show severe emotional

5  distress --  this means emotional distress of such substantial quality or enduring

6  quality that no reasonable person in civilized society should be expected to endure it.

7  *Id.,* at 1051.   Plaintiff's allegations of emotional distress (great pain of mind and

8  body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, FAC, ¶

9  202), do not show any greater degree of emotional distress which the Supreme Court

10  found insufficient in *Id.* (plaintiff's "assertions that she has suffered discomfort,

11  worry, anxiety, upset stomach, concern, and agitation as the result of defendant's

12  [conduct] do not comprise 'emotional distress of such substantial quality or enduring

13  quality that no reasonable [person] in civilized society should be expected to endure

14  it.'").

15  ## IX.

16  ## PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS

17  ## PRACTICES – PLAINTIFF'S SIXTEENTH CLAIM FOR RELIEF

18    The Unfair Competition Law ("UCL") describes unfair competition as

19  including "unlawful, unfair or fraudulent business practice," which, in turn, has been

20  consistently interpreted by the courts as including anything that can be called a

21  business practice and that at the same time is forbidden by law. *Cel–Tech Comms.,*

22  *Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal.4th 163, 180 (1999).*.*  Conduct which is

23  not proscribed by any statute or regulation does not constitute unfair competition.

24  *Aleksick v. 7-Eleven, Inc.*, 205 Cal.App.4th 1176, 1192 (2012) (an unfair competition

25  claim, must be tethered to specific constitutional, statutory or regulatory provisions);

26  *Gregory v. Albertsons, Inc.*, 104 Cal.App.4th 845, 854 (2002) (same).

27    Plaintiff states that she has asserted multiple statutory violations that may serve

28  as a basis for her UCL claim.  However, plaintiff must plead facts demonstrating a

15

1   claim under those statutes exists, and failing to do so, she cannot rely on those statutes

2   for her UCL claim.

3       Further, to have standing to bring a claim under the UCL, the plaintiff ***must***

4   ***show actual injury*** occurred, and a loss of money or property resulted as a

5   consequence of the unfair competition. Cal. Business & Profession Code § 17204. She

6   must show a distinct and palpable injury -- "an invasion of a legally protected interest

7   which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

8   hypothetical." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009).  Plaintiff's

9   conclusory allegation that she suffered economic loss due to defendant's alleged

10  wrongful conduct, FAC, ¶ 222; Pltf's Opp. P&A's p. 15:20-21, does not meet this

11  requirement.

## X.

## PLAINTIFF'S PUNITIVE DAMAGES SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH CAL. CODE OF CIVIL PROCEDURE § 425.13

16      Federal district courts are divided on whether Cal. Code of Civil Procedure §

17  425.13 applies in federal court.  The Ninth Circuit has not resolved the issue. See

18  *Elias v. Navasartian*, 2017 U.S.Dist.LEXIS 23229, *16 (E.D.Cal. 2017) ("[i]n the

19  absence of direction from the Ninth Circuit, this court is persuaded by those of its

20  sister courts that have found § 425.13 applicable in federal court").

21      Plaintiff asserts that the weight of authority holds that Section 425.13 is a

22  procedural statute and therefore does not apply in federal court, citing *Jackson v. East

23  Bay Hospital*, 980 F. Supp. 1341 (N.D. Cal. 1997), *Burrows v. Redbus Cmty Hosp.

24  Dist.*, 188 F.R.D. 356 (N.D. Cal. 1997) and *Scalia v. County of Kern*, 308 F.Supp.3d

25  1064, 1091 (E.D.Cal. 2018) and, thus, that this court should follow those decisions.

26      Defendant has found that the split of district court opinions is pretty even, with

27  a majority of the more recent and the more persuasive decisions (as explained in

28  defendant's moving papers) finding that a state's view of the measure of damages is

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

inseparable from the substantive right of action, such that Section 425.13 must be applied in federal court. See *Elias, supra,* 2017 U.S.Dist.LEXIS 23229, *16; *Thomas v. Hickman,* 2006 U.S. Dist. LEXIS 72988, *41 (E.D. Cal. 2006) (finding Section 425.13 intimately bound to the state substantive causes of action for professional negligence); *Rhodes v. Placer Cnty.,* 2011 U.S. Dist.LEXIS 35498, *21 (E.D. Cal. 2011), adopted, 2011 U.S.Dist.LEXIS 47894 (E.D. Cal. 2011) (§ 425.13 is applicable because plaintiff's punitive damages claims arise from state law claims); see also *Allen v. Woodford,* 2006 U.S.Dist.LEXIS 45254, *62-67 (E.D.Cal. 2006) ("§ 425.13 is so "intimately bound up" with the substantive law of [plaintiff's] underlying claim that it must be applied by federal courts when addressing the issue of punitive damages"); *Shekarlab v. County of Sacramento,* 2018 U.S.Dist.LEXIS 70579, *7-10 (E.D. Cal. 2018) (finding § 425.13 to be intimately bound to state substantive law and therefore a substantive and not a procedural rule, and there being no direct conflict between Section 425.13 and federal rules, Section 425.13 is applicable in federal court).

Because plaintiff's punitive damages claim against Dr. Tyndall arises solely from state law and is directly related to the manner in which Dr. Tyndall provided professional services, plaintiff was required to petition the court for leave to plead punitive damages pursuant to Section 425.13. *Cooper, supra,* 56 Cal.App.4th 744, 751 ("when a gynecologist is accused, ..., of committing a sexual battery in the course of rendering gynecological services, that accusation is necessarily 'directly related' to the manner in which the gynecological services were rendered," such that Section 425.13 is applicable to a claim based thereon).

Because plaintiff failed to seek leave of court, as required by Cal. Code of Civil Procedure § 425.13, before pleading a claim for punitive damages, her claim for punitive damages should be dismissed.

///

///

///

17

TAYLOR ❖ DEMARCO LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# XI.

## CONCLUSION

Plaintiff's FAC and each claim asserted is barred by the applicable limitations periods, the longest of which is four years.  On its face, the FAC shows that plaintiff was aware in 1991, twenty-seven years ago, of the purportedly inappropriate conduct at the time it occurred; that plaintiff was also aware she suffered injuries in 1991 at the time they allegedly happened – twenty-seven years ago; and that plaintiff was aware at that same time that the alleged conduct of Dr. Tyndall was the cause of those injuries. Based on the allegations contained in plaintiff's complaint, plaintiff further *suspected* the conduct was wrongful at that time, and her claims for assault and intentional infliction of emotional distress also reflect she was actually aware that the alleged conduct was purportedly wrongful twenty-seven years ago.

Plaintiff has conceded that her Third (based on Cal. Civil Code § 51.9) and Fourth (based on Cal. Civil Code § 52.4) Claims for Relief may be dismissed. Plaintiff has failed to state facts upon which relief may be granted on her other claims and she has asserted a claim for punitive damages without complying with Cal. Code of Civil Procedure § 425.13, as required.  For those reasons, those claims should be dismissed.

Because plaintiff cannot conceivably amend her complaint to avoid the statute of limitations bar, the Court may and should properly deny leave to amend. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (court may deny leave to amend where amendment would be futile).

DATED: March 25, 2019             TAYLOR DEMARCO LLP


By: _____
     N. DENISE TAYLOR
     CHERIE L. LIEURANCE
     Attorneys for Defendant,
     GEORGE TYNDALL. M.D.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I, Christine Chung, hereby certify that on this 25th day of March 2019, I electronically filed the following documents:

**REPLY MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION OF DEFENDANT GEORGE TYNDALL, M.D. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

with the Clerk of the United States District Court for the Central District of California using the CM/ECF system which shall send electronic notification to all counsel of record. See attached Notice of Electronic Service for all parties served.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles, California on March 25, 2019.

Christine Chung

**SERVICE LIST**
Re:  Jane Doe v. USC, et al.
Case No: 2:18-cv-09530-SVW-GJS

1

2

3

4

5   Kevin T. Barnes, Esq.
    Gregg Lander, Esq.
6   LAW OFFICES OF KEVIN T.
    BARNES
7   1635 Pontius Avenue, 2nd Floor
    Los Angeles, CA 90025
8

Attorneys for Plaintiff,
JANE DOE

Tel: (323) 549-9100
Fax: (323) 549-0101
barnes@kbarnes.com
lander@kbarnes.com

9   Joseph Tojarieh, Esq.
    TOJARIEH LAW FIRM, P.C.
10  10250 Constellation Boulevard,
    Suite 100
11  Los Angeles, CA 90067
12

Attorneys for Plaintiffs,
JANE DOE

Tel: (310) 553-5533
Fax: (310) 553-5536
jft@tojariehlaw.com

13  Stephen Fraser, Esq.
    Alexander Watson, Esq.
14  FRASER, WATSON & CROUCH, LLP
15  100 West Broadway, Suite 650
    Glendale, CA 91210
16

Attorneys for Defendant,
UNIVERSITY OF SOUTHERN
CALIFORNIA

Tel: (818) 543-1380
Fax: (818) 543-1389
sfraser@fwcllp.com
17  awatson@fwcllp.com

18  Michael Williams, Esq.
    Shon Morgan, Esq.
19  QUINN EMANUEL URQUHART &
    SULLIVAN
20  865 South Figueroa Street
21  Los Angeles, CA 90017
22

Attorneys for Defendant,
UNIVERSITY OF SOUTHERN
CALIFORNIA

Tel: (213) 443-3000
Fax: (213) 443-3100
michaelwilliams@quinnemanuel.com
shonmorgan@quinnemanuel.com

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**