UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [43][44]

On February 27, 2019, Plaintiff Jane Doe filed a First Amended Complaint in this action. *See* Dkt. 38 (the "FAC"). On March 8, 2019, Defendants University of Southern California and the Board of Trustees of the University of California (collectively, "USC") filed a motion to dismiss the FAC, arguing that Plaintiff failed to state a plausible claim for relief and that Plaintiff's claims are barred by the applicable statute of limitations. Dkt. 43. On March 11, 2019, Defendant George Tyndall, M.D. ("Dr. Tyndall") filed a motion to dismiss on similar grounds. Dkt. 44. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.

**I.   Factual Allegations**

Plaintiff attended USC from 1990 to 1993, and Plaintiff saw Dr. Tyndall for a gynecological examination at USC's student health center in or around March of 1991. FAC ¶¶ 1-2. Plaintiff alleges that Dr. Tyndall performed an "unnecessarily aggressive inspection of Ms. Doe's private parts," including the touching of breasts and digital penetration of the vagina and anus, and "made grossly inappropriate remarks during his examination" of Plaintiff, criticizing Plaintiff for her apparent lack of sexual experience. *Id.* ¶¶ 3, 5-6. Plaintiff avers that she sensed Dr. Tyndall was extracting personal enjoyment from the examination, rather than conducting the examination for medical purposes in a professional manner. *Id.* ¶ 5. Plaintiff states that she had never received a gynecological examination prior to seeing Dr. Tyndall and was misled into believing that Dr. Tyndall's actions were medically necessary and appropriate. *Id.* ¶¶ 4-5.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

Plaintiff then recites many of the allegations against Dr. Tyndall revealed by a news article in the Los Angeles Times on May 16, 2018,[1] which purported to establish that Dr. Tyndall had been acting in a similarly inappropriate manner when conducting gynecological examinations of many other USC students for over two decades. *See id.* ¶¶ 7-24. The news article was critical of USC for allegedly failing to respond appropriately to numerous student complaints, both formal and informal, lodged with health professionals or other officials at USC over the course of Dr. Tyndall's tenure at USC. *See id.* ¶¶ 15-16, 27-31.

In the FAC, Plaintiff brings the following causes of action:

(1) Violation of Title IX, 201 U.S.C. §§ 1681(a) *et seq.*, against USC;
(2) Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, against all Defendants;
(3) Sexual harassment in violation of Cal. Civ. Code § 51.9 against USC;[2]
(4) Violation of the Bane Act, Cal. Civ. Code § 52.1, against all Defendants;
(5) Gender violence in violation of Cal. Civ. Code § 52.4 against Dr. Tyndall;[3]
(6) Sexual assault against Dr. Tyndall;
(7) Sexual battery in violation of Cal. Civ. Code § 1708.5 against Dr. Tyndall;
(8) Constructive fraud against all Defendants;
(9) Violation of the California Equity in Higher Education Act, Cal. Educ. Code § 66270, against all Defendants;
(10) Negligence against USC;
(11) Negligence per se against USC;
(12) Negligent hiring, supervision, and/or retention against USC;
(13) Negligent failure to warn, train, and/or educate against USC;
(14) Intentional infliction of emotional distress against all Defendants;
(15) Negligent infliction of emotional distress against all Defendants; and

---

[1] The Los Angeles Times is available at https://www.latimes.com/local/california/la-me-usc-doctor-misconduct-complaints-20180515-story.html.

[2] Plaintiff acknowledges that Section 51.9 had not been enacted at the time Dr. Tyndall allegedly violated Plaintiff's rights, and Plaintiff agrees to the dismissal of this cause of action. *See* Dkt. 45 at 13. Therefore, Plaintiff's third cause of action is DISMISSED without prejudice.

[3] Plaintiff acknowledges that Section 52.4 had not been enacted at the time Dr. Tyndall allegedly violated Plaintiff's rights, and Plaintiff agrees to the dismissal of this cause of action. *See* Dkt. 45 at 13. Therefore, Plaintiff's fifth cause of action is DISMISSED without prejudice.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

(16) Unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 against all Defendants.

*See id.* ¶¶ 60-225.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (holding that the trial court abused its discretion by not applying *Foman* factors). Under Rule 15(a) there is a presumption in favor of granting leave to amend absent prejudice or a strong showing of any *Foman* factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

**III.    Analysis**

    **A.    Title IX**

The scope of Plaintiff's Title IX claim is that USC failed to investigate allegations of molestation, sexual abuse, and/or sexual harassment filed against Dr. Tyndall via student complaints over the course of his tenure at USC's student health center. *See* FAC ¶¶ 65-66. Plaintiff alleges that, as a result of USC's inaction, Plaintiff suffered physical and emotional harm. *Id.* ¶ 68.

Plaintiff's allegations are deficient to set forth a plausible claim of gender discrimination under Title IX.[4] Plaintiff does not allege that USC was on notice of any of Dr. Tyndall's improper conduct in 1991, at the time of Plaintiff's alleged abuse, which would be necessary to establish that USC had "actual notice" of the abuse and was "deliberately indifferent" toward Dr. Tyndall's mistreatment of female patients at the time of Plaintiff's injury. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) (holding that damages are available under Title IX only if "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond," and the inadequate response "must amount to deliberate indifference to discrimination"). Plaintiff's allegations about USC's notice of Dr. Tyndall's actions are conclusory and lack the requisite factual specificity necessary under Rule 12(b)(6).

Moreover, regarding the timing of USC's alleged notice, the FAC alleges that nurses or other members of USC's student health center became concerned with Dr. Tyndall's behavior as early as "[i]n the 1990s," see FAC ¶ 11, but Plaintiff adds nothing more to substantiate those allegations as conferring upon USC sufficient notice of sexual discrimination specifically at the time of Plaintiff's visit with Dr. Tyndall in March 1991. Without establishing USC's deliberate indifference prior to Plaintiff's examination by Dr. Tyndall, Plaintiff would be unable to establish that USC's alleged discrimination was the legal cause for Plaintiff's examination by Dr. Tyndall, which allegedly injured Plaintiff. It is unclear how Plaintiff would be entitled to assert a claim under Title IX predicated upon alleged discrimination by USC in failing to respond to student complaints about Dr. Tyndall *after* Plaintiff was allegedly harmed by Dr. Tyndall in the same way as subsequent students. Without a proper basis to

---

[4] While it seems self-evident and inherent in Plaintiff's Title IX claim, Plaintiff does not even affirmatively allege that any actions by USC in failing to respond to complaints against Dr. Tyndall constitute discrimination on the basis of sex, as required for a claim under 20 U.S.C. § 1681(a).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

conclude that Plaintiff's injuries were caused specifically by USC's discrimination in failing to take action against Dr. Tyndall, in response to complaints already filed against Dr. Tyndall *prior* to Plaintiff's examination, Plaintiff cannot maintain a claim under Title IX.

Plaintiff may be able to remedy the above pleading defects via amendment to the FAC. Therefore, the Court DISMISSES Plaintiff's first cause of action without prejudice.

    **B.    Statute of Limitations**

The primary argument advanced by Defendants in their motions to dismiss is that Plaintiff's state law claims fail to satisfy the statutes of limitations that apply to Plaintiff's various claims, given that the alleged conduct giving rise to Plaintiff's causes of action occurred almost 30 years ago. USC attached to a declaration in support of its motion to dismiss a chart indicating the various limitations periods applicable to each of Plaintiff's claims. *See* Dkt. 43-2. The Court finds USC's analysis of the applicable limitations periods legally correct based on the authority cited in the chart, and Plaintiff has not rebutted any of the limitations periods included in USC's chart. Therefore, the Court adopts the chart as the legal standards setting forth the applicable statutes of limitations for Plaintiff's claims. And, when doing so, it is clear that each of Plaintiff's state law claims is barred by the limitations periods therein.[5]

Plaintiff's rebuttal to the application of the statute of limitations periods to bar Plaintiff's state law claims is twofold: (1) Plaintiff alleges that, pursuant to California's "delayed discovery" rule, she

---

[5] While the parties in their briefing primarily address the standards governing statutes of limitations under California law, the parties do not appear to assert that the analysis of when the statute of limitations period begins to run would be different for Plaintiff's claim under Title IX, which does not originate under state law. As the Ninth Circuit noted, "[a]lthough Title IX borrows a state statute of limitations period, federal law governs the 'determination of the point at which the limitations period begins to run.'" *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). Under federal law, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis for the action," which, for a Title IX claim, focuses on the time of the alleged discriminatory acts, not the "time at which the consequences of the acts became most painful." *Id.* (internal quotation marks and citations omitted).

    As stated above, Plaintiff has not alleged that USC had knowledge of Dr. Tyndall's conduct in 1991 and therefore was deliberately indifferent toward Plaintiff, causing her injury. If Plaintiff can re-allege sufficient facts to establish a basis for a Title IX claim for Plaintiff's personal injury resulting from USC's discrimination, then at that point the Court would consider arguments regarding whether Plaintiff's Title IX claim is timely pursuant to the applicable federal standards governing that cause of action, which focus on when Plaintiff knew or had reason to know of USC's deliberate indifference toward female patients of Dr. Tyndall.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | Jane Doe v. University of Southern California, et al. | | |

did not discover the existence of her claims against USC and Dr. Tyndall until 2018, when the Los Angeles Times article was published; and (2) Plaintiff asserts that Defendants fraudulently concealed their wrongdoing for years, which tolls the statute of limitations under California law.

      1.    *Delayed Discovery Rule*

Generally, a statute of limitations does not begin to run until a cause of action accrues, which occurs "at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005) (internal quotation marks and citation omitted). California recognizes an exception to the rule of accrual called the "discovery rule," which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discovery, the cause of action." *Id.* at 807 (citations omitted). "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" *Id.* (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999)). The reference to "elements" does not mean the elements of the particular cause of action at issue, but instead "the 'generic' elements of wrongdoing, causation, and harm." *Id.* (citation omitted). Thus, to determine when the limitations period begins to run under the discovery rule, courts "look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." *Id.*

To benefit from the discovery rule, "the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Id.* at 808. Stated differently, "'[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" *Id.* (quoting *McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999)). The plaintiff bears the burden to show that she engaged in a reasonable investigation into the wrongdoing inflicted upon her; "conclusory allegations [of diligence] will not withstand" a dismissal of the complaint. *Id.* (internal quotation marks and citations omitted).

The FAC does not contain sufficient allegations to support a theory of delayed discovery. Although Plaintiff notes that the first date she became aware of all of her causes of action was the release of the Los Angeles Times article in May of 2018, the FAC merely states in a conclusory manner that Plaintiff engaged in "reasonable diligence" to discover the conduct at issue in Plaintiff's claims. *See* FAC ¶ 58. Such an empty statement is insufficient to establish that Plaintiff could not have reasonably discovered the facts supporting her causes of action within the applicable limitations period.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

    Plaintiff's allegations in the FAC reveal that she was aware of the existence of her causes of action against Dr. Tyndall at the time of her examination in 1991. Plaintiff admits in the FAC that she "sensed that Dr. Tyndall's examination was more about his own personal enjoyment than anything helpful for her." FAC ¶ 5. This allegation establishes that Plaintiff had a suspicion of wrongdoing on the day of her examination by Dr. Tyndall in 1991. The relevant facts pertaining to Plaintiff's claims against Dr. Tyndall were known to Plaintiff on the date that Plaintiff was examined by Dr. Tyndall, and Plaintiff has not alleged that she was reasonably diligent in her attempt to pursue a timely claim against Dr. Tyndall based upon those known facts. Plaintiff's argument that she could not have discovered Dr. Tyndall's examination constituted sexual misconduct until 2018 is implausible, since Plaintiff undoubtedly had further gynecological examinations by other medical professionals after Dr. Tyndall over the 27 years since and would have had a basis to conclude that Dr. Tyndall's conduct fell outside of medically acceptable standards. At the very least, Plaintiff did not plead facts suggesting otherwise.

    The fact that Plaintiff only learned that she was not the only female patient abused by Dr. Tyndall does not affect Plaintiff's knowledge of the abuse she received back in 1991. Indeed, Plaintiff acknowledges, in the allegations supporting her claim of constructive fraud, that Plaintiff "experienced recurrences of the above-described injuries" upon reading the 2018 article, FAC ¶ 151, indicating that Plaintiff experienced the alleged injuries contemporaneously with her examination by Dr. Tyndall in 1991. In other words, "recurrence" of Plaintiff's injury necessarily means that Plaintiff was emotionally harmed at the time of her examination by Dr. Tyndall and was aware of that emotional harm following the examination. Therefore, Plaintiff has not plausibly alleged that Plaintiff was unaware of her injury until 2018. And, to the extent that Plaintiff invokes the discovery rule on the ground that she did not know of the existence of a viable cause of action against Dr. Tyndall for his misconduct, "[t]he statute of limitations is not tolled by belated discovery of legal theories, as distinguished from belated discovery of facts." *Graham v. Hansen*, 128 Cal. App. 3d 965, 972 (1982) (emphasis removed) (quoting another source).

    As for Plaintiff's claims against USC for failing to respond appropriately to complaints about Dr. Tyndall, it is true that Plaintiff did not discover USC's knowledge and inaction regarding Dr. Tyndall's misconduct until the news article in 2018. But, as with Plaintiff's Title IX claim, Plaintiff does not allege that USC had the requisite knowledge and failed to take appropriate action during the relevant timeframe pertaining to Plaintiff's abuse—which occurred in 1991. To the extent that Plaintiff can allege that USC was aware of Dr. Tyndall's misconduct prior to 1991 but failed to act, Plaintiff will

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

need to allege sufficient facts to support the conclusion that Plaintiff was unaware of and could not discover those facts within the limitations periods through reasonable diligence.

For these reasons, Plaintiff has not properly alleged that her claims are timely due to the delayed discovery rule.

    2.    *Fraudulent Concealment*

Fraudulent concealment, a "close cousin" of the discovery rule, tolls the applicable statute of limitations for the period during which the plaintiff does not discover and could not reasonably discover her claim due to "the defendant's fraud in concealing a cause of action against him." *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994) (internal quotation marks and citations omitted). However, if the plaintiff discovers the existence of the claim independently, the limitations period begins to run on that date, irrespective of the defendant's continuing efforts to conceal the cause of action. *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 99 (citing *Pashley v. Pac. Elec. Ry. Co.*, 25 Cal. 2d 226, 229 (1944)). Therefore, the plaintiff must show that, due to the defendant's concealment, the plaintiff "was not at fault for failing to discover the cause of action and had no actual or presumptive knowledge of the facts sufficient to put him on inquiry." *Snyder v. Boy Scouts of Am., Inc.*, 205 Cal App. 3d 1318, 1323 (1988). Because allegations of fraudulent concealment pertain to fraudulent conduct, "a claim that fraudulent concealment tolls an applicable state statute of limitations must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1132-33 (C.D. Cal. 2010) (collecting cases); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Pleading fraud under 9(b) requires the plaintiff to include allegations about the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting another source).

To repeat from above, the allegations in the FAC reveal that Plaintiff had reasonable suspicion of her claims against Dr. Tyndall following her examination in 1991. Even if USC attempted to conceal Dr. Tyndall's improper behavior for years following Plaintiff's examination, Plaintiff's own allegations show that she independently had reason to believe that Dr. Tyndall did not conduct the examination of Plaintiff according to accepted medical standards, based on Plaintiff's observations during the examination. Because Plaintiff knew of the factual basis for her causes of action against Dr. Tyndall by herself, regardless of any efforts to conceal those facts, Plaintiff has not sufficiently alleged that her claims against Dr. Tyndall were concealed from reasonable detection by any fraudulent conduct by

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

Defendants from 1991 until 2018. Thus, Plaintiff has not properly alleged entitlement to a theory of fraudulent concealment to toll the applicable statute of limitations for her claims against Dr. Tyndall.

Plaintiff's reliance on Dr. Tyndall's "duty of disclosure" is unavailing. California recognizes that physicians have a "fiduciary duty of disclosure" to their patients. *Sanchez*, 18 Cal. 3d at 98. However, courts have "rejected any notion that nondisclosure by [a physician] would toll the statute [of limitations] despite discovery by plaintiff." *Id.* (citations omitted). Because Plaintiff was aware in 1991 of the relevant facts at issue that created a suspicion of wrongdoing on the part of Dr. Tyndall, Plaintiff cannot rely on Dr. Tyndall's failure to disclose his own alleged wrongdoing to Plaintiff as a basis to toll the limitations period.

Regarding Plaintiff's claims against USC for failing to respond meaningfully to complaints about Dr. Tyndall, Plaintiff's allegations are plainly deficient in meeting the standard for pleading fraud under Rule 9(b). Plaintiff's allegations of USC's actions to conceal Dr. Tyndall's conduct are general, vague, and conclusory, seemingly originating entirely from the Los Angeles Times article upon which Plaintiff relies as the basis for a vast portion of her substantive knowledge about the allegations against Dr. Tyndall. Plaintiff has not provided any specificity about what actions USC took to conceal Dr. Tyndall's conduct, which particular actors were involved in the misrepresentations or omissions constituting fraudulent concealment, or when those actions occurred. In the absence of any allegations of fraud pled in particularity, Plaintiff cannot benefit from fraudulent concealment as a basis to overcome the clear application of the statutes of limitations that would otherwise bar Plaintiff's claims.

Moreover, to the extent that Plaintiff's claims against Defendants are based in the same allegedly fraudulent actions that Plaintiff relies upon for purposes of tolling the statute of limitations, the Ninth Circuit has noted that fraudulent concealment is available when there is "active conduct by a defendant, *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guererro v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (emphasis added) (quoting another source). Plaintiff cannot rely on USC's inaction in response to allegations of abuse against Dr. Tyndall both as the basis for substantive claims against USC and for purposes of tolling the applicable statute of limitations period; neither can Plaintiff rely on Dr. Tyndall's failure to disclose his misconduct to Plaintiff both as a basis to toll the statute of limitations and as a basis to hold Dr. Tyndall liable for fraud.

The California Court of Appeal addressed this issue squarely in an analogous case where a plaintiff alleged that a church failed to take action in response to allegations of molestation against a

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

priest. *See Mark K. v. Roman Catholic Archbishop*, 67 Cal. App. 4th 603, 613 (1998). In rejecting the application of the doctrine of fraudulent concealment to allow the plaintiff to overcome the statute of limitations, the court noted:

> The wrongful conduct alleged against the church was its inaction in the face of the accusations against Father Llanos. Thus, what the church failed to disclose was merely evidence that the wrong had been committed. If plaintiff's approach were to prevail, then any time a tortfeasor failed to disclose evidence that would demonstrate its liability in tort, the statute of limitations would be tolled under the doctrine of concealment. Regardless of whether the issue is characterized as fraud by concealment or equitable estoppel, this is not the law.

*Id.* Similarly here, for any claims Plaintiff alleges against Dr. Tyndall or USC that depend upon the same factual allegations as Plaintiff asserts for purposes of fraudulent concealment to toll the statute of limitations, Plaintiff failed to include any allegations of wrongdoing above and beyond those that encompass the affirmative claim for relief.

Accordingly, Plaintiff has not adequately alleged that Defendants fraudulently concealed Plaintiff's causes of action against Defendants.[6]

\* \* \* \* \*

Based on the analysis above, Plaintiff has not alleged a basis to toll the statutes of limitations that apply to Plaintiff's various state law claims. However, Plaintiff may be able to allege further facts to support a theory of delayed discovery and/or fraudulent concealment. Therefore, the Court DISMISSES Plaintiff's state law claims without prejudice.

---

[6] The Court rejects USC's argument that common law doctrines of delayed discovery and fraudulent concealment do not apply to the four-year statute of limitations applicable to California's unfair competition law, Cal. Bus. & Prof. Code § 17200. The California Supreme Court held that Section 17200 "is governed by common law accrual rules to the same extent as any other statute," *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1196 (2013), overruling USC's outdated authority to the contrary. *See* Dkt. 43 at 13 (citing *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1185 n. 17 (C.D. Cal. 2005); *Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | April 18, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

Because there is a sufficient basis to dismiss Plaintiff's claims on statute of limitations grounds, the Court declines to address Defendants' arguments about the substantive deficiencies in Plaintiff's allegations supporting each of Plaintiff's state law claims. For the same reasons, the Court declines to address Defendants' arguments regarding Plaintiff's request for punitive damages at the present time.

### IV.    Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss the FAC without prejudice. Plaintiff is ordered to file an amended complaint within 21 days of this Order; the failure to do so will result in the dismissal of Plaintiff's case with prejudice.

After Plaintiff files an amended complaint, the Court will allow arguments on subsequent motions to dismiss only pertaining to Plaintiff's Title IX claim, the only federal claim asserted by Plaintiff in this action. If the Court determines that no federal cause of action can be maintained as a matter of law, then the Court intends to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. If Plaintiff can reassert a Title IX claim that satisfies federal pleading standards, then at that time the Court would invite further motions to dismiss from Defendants about the sufficiency of Plaintiff's state law claims.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |