UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING USC'S MOTION TO DISMISS PLAINTIFF'S TITLE IX CLAIM WITH PREJUDICE AND DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE [54]

On April 18, 2019, the Court granted motions to dismiss filed by Defendants University of Southern California and the Board of Trustees of the University of California (collectively, "USC") and Defendant George Tyndall, M.D. ("Dr. Tyndall"). *See* Dkt. 50. The Court dismissed Plaintiff Jane Doe's First Amended Complaint, Dkt. 38 (the "FAC"), without prejudice, and the Court indicated that after Plaintiff filed an amended complaint, the Court would entertain a motion to dismiss regarding only Plaintiff's claim brought under Title IX, 21 U.S.C. §§ 1681 *et seq.* ("Title IX"). *See* Dkt. 50 at 11.

Plaintiff subsequently filed a Second Amended Complaint on May 9, 2019. *See* Dkt. 51 (the "SAC"). USC filed a motion to dismiss Plaintiff's Title IX claim on June 6, 2019. *See* Dkt. 54. For the reasons set forth below, the Court GRANTS USC's motion and dismisses Plaintiff's Title IX claim with prejudice.

**I.      Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

**II.     Analysis**

USC raises two distinct arguments to dismiss Plaintiff's Title IX claim as alleged in the SAC. First, USC challenges the substance of Plaintiff's Title IX claim, arguing that Plaintiff has not alleged sufficient facts to support a plausible claim that USC had actual notice of Dr. Tyndall's conduct before Plaintiff's examination by Dr. Tyndall and that USC was deliberately indifferent in response to that notice. Second, USC asserts that the SAC again fails to contain sufficient allegations to overcome the two-year statute of limitation period governing Plaintiff's Title IX claim.

**A.     Merits of Title IX Claim**

Title IX prohibits recipients of federal funding from discriminating against individuals in an education program or activity on the basis of sex. 20 U.S.C. § 1681(a).

To be successful in a claim for damages under Title IX, a plaintiff must show that the defendant "has received 'actual notice' of the discrimination." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 181 (2005) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 288-90 (1998)). The plaintiff must establish that the actual notice of discrimination inured to "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf." *Gebser*, 524 U.S. at 290.

If actual notice is established, then the plaintiff must show that the defendant failed to respond to that notice adequately, in a manner that amounts to "deliberate indifference to discrimination." *Id.* The defendant's response must be "clearly unreasonable in light of the known circumstances," such that the defendant "made an official decision not to remedy the violation." *Oden v. N. Marianas College*, 440 F.3d 1085, 1089 (9th Cir. 2006) (internal quotation marks, ellipses, and citations omitted). Moreover, a finding of deliberate indifference "requires more than non-responsiveness; it requires that the indifference result in harassment or render [the plaintiff] vulnerable to harassment." *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1137 (9th Cir. 2006); *see also Davis v. Monroe Cty. Bd. of Educ.*, 526

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

U.S. 629, 645 (1999) (deliberate indifference "must, at a minimum, cause [students] to undergo harassment or make them liable or vulnerable to it") (alteration in original) (internal quotation marks and citation omitted).

Here, Plaintiff's allegations in the SAC are again insufficient to maintain a plausible Title IX claim under these standards. As to notice, the SAC states that Plaintiff visited Dr. Tyndall for a gynecological examination "in or about 1991." SAC ¶ 2. Plaintiff also alleges that "[i]n early 1991," another patient of Dr. Tyndall was assaulted by Dr. Tyndall and informed one of the nurses at the health center of what transpired during the gynecological examination. *Id.* ¶ 11; *see also id.* ¶ 78. However, these allegations are insufficient to show that an official at USC, with the authority to institute changes at the health center to remedy the alleged discrimination imposed upon female patients through Dr. Tyndall, was provided with notice of what the patient told the nurse following the examination.

Plaintiff also other allegation that, in 1991, a different patient of Dr. Tyndall "told a clinic medical director and the university women's advocacy office that Dr. Tyndall had photographed her naked without consent." *Id.* ¶ 12; *see also id.* ¶ 79. While this allegation may be sufficient to establish that the appropriate official with authority to remedy discrimination in the health center was made aware of Dr. Tyndall's improper conduct, Plaintiff does not provide sufficient clarity as to the timing of this notice in relation to her own examination by Dr. Tyndall. Plaintiff's vagueness as to the timeline of her own examination, occurring sometime in 1991, and the other examination that occurred "in 1991," does not create a plausible inference that the appropriate official at USC could have had notice of Dr. Tyndall's inappropriate conduct *prior to* Plaintiff's examination. As the Court explained in its prior Order dismissing the FAC, if Plaintiff cannot allege plausible facts showing that USC had knowledge of Dr. Tyndall's inappropriate behavior prior to Plaintiff's examination by Dr. Tyndall, "Plaintiff would be unable to establish that USC's alleged discrimination was the legal cause for Plaintiff's examination by Dr. Tyndall, which allegedly injured Plaintiff." Dkt. 50 at 4. Plaintiff's allegation that "this complaint to the clinic medical director and the USC Women's Advocacy Office occurred before Dr. Tyndall's assault of [Plaintiff]," SAC ¶ 12, is conclusory and not sufficiently definite to support a plausible claim that the other complaining student did so prior to Plaintiff's examination by Dr. Tyndall in 1991.

Plaintiff's other allegations about notice vested to "managerial-level employees of USC" or other school administrators, *see* SAC ¶ 59-60, 62-63, are conclusory and insufficiently defined to support a plausible inference that the appropriate officials at USC had notice of Dr. Tyndall's conduct prior to Plaintiff's examination in 1991. Indeed, the only time range given for the notice to the administrators is anywhere starting from 1990 and extending to 2018, *see id.* ¶¶ 60, 62-63, but Plaintiff does not allege

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

any specific facts beyond these conclusory representations. Thus, Plaintiff's allegations are not sufficient, without more, to establish that the appropriate officials at USC had actual knowledge of Dr. Tyndall's conduct prior to Plaintiff's examination by Dr. Tyndall in 1991.

Lastly, Plaintiff has failed to plead adequate facts to support Plaintiff's allegation that USC was deliberately indifferent to discrimination inflicted upon female students by Dr. Tyndall.[1] Plaintiff's source of deliberate indifference in the SAC is that, assuming that USC had received prior notice of Dr. Tyndall's behavior, USC "ignored the sexual abuse that Dr. Tyndall inflicted on [Plaintiff] and others and allowed him to continue treating young female students." SAC ¶ 80. But, as noted above, mere inaction in response to complaints is insufficient, without more, to constitute deliberate indifference. *See Stanley*, 433 F.3d at 1137. Plaintiff's conclusory allegations about USC's deliberate indifference do not rise to the level of an official position by USC to condone Dr. Tyndall's conduct rather than remedy it. *See Oden*, 440 F.3d at 1089.

Indeed, in Title IX claims of sexual harassment such as Plaintiff's, "it is the deliberate failure to curtail known harassment, rather than the harassment itself, that constitutes the intentional Title IX violation." *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 967 (9th Cir. 2010) (citation omitted). Plaintiff's vague and conclusory allegations in the SAC do not provide the Court with any basis to conclude that USC deliberately failed to curtail known harassment by Dr. Tyndall, as necessary to establish deliberate indifference that caused Plaintiff to be injured via the examination by Dr. Tyndall. Plaintiff's allegations more directly pertain to Dr. Tyndall's conduct during the gynecological examination—*i.e.*, "the harassment itself"—rather than USC's deliberately indifferent response to prior instances of complaints about the same or similar conduct. Therefore, even assuming that Plaintiff adequately alleged notice under Title IX, Plaintiff has not alleged sufficient facts to maintain a plausible argument that USC was deliberately indifferent such that USC's failure to respond appropriately to that notice constituted discrimination against Plaintiff.

For these reasons, Plaintiff's Title IX claim as asserted in the SAC is deficient on the merits, and Plaintiff's claim must be dismissed on this basis alone.

---

[1] Plaintiff's allegations of Dr. Tyndall's improper conduct during the gynecological examination is sufficient to constitute discrimination for purposes of Plaintiff's Title IX claim. *See, e.g.*, *Doe A. v. Green*, 298 F. Supp. 2d 1025, 2031 (D. Nev. 2004) ("A teacher or other school employee's sexual harassment or sexual abuse of a student clearly constitutes discrimination under Title IX.") (citing *Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 75 (1992)); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986) ("Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex.") (alteration in original).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

### B.     Statute of Limitations

Even if Plaintiff's substantive allegations under Title IX were sufficient to withstand a 12(b)(6) motion, Plaintiff has not adequately alleged a way to circumvent the binding and applicable statute of limitations period that applies to her Title IX claim.

"Although Title IX borrows a state statute of limitations period, federal law governs the 'determination of the point at which the limitations period begins to run.'" *Stanley*, 433 F.3d at 1136 (9th Cir. 2006) (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). Under federal law, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis for the action," which, for a Title IX claim, focuses on the time of the alleged discriminatory acts, not the "time at which the consequences of the acts became most painful." *Id.* (internal quotation marks and citations omitted). The statute of limitations period borrowed under Title IX is the one for personal injury actions, *id.*, which, under California law, is two years, see Cal. Civ. Proc. Code § 335.1.

It is undisputed that Plaintiff filed her lawsuit against Dr. Tyndall over two years after Plaintiff's gynecological examination from Dr. Tyndall in 1991. Plaintiff argues that she did not know or have reason to know of USC's deliberate indifference, assuming that Plaintiff has adequately pled such deliberate indifference, until reading the Los Angeles Times article published in 2018 about the extent of Dr. Tyndall's conduct. True, as USC acknowledges elsewhere in its briefing, "'it is the deliberate failure to curtail known harassment, rather than the harassment itself, that constitutes the intentional Title IX violation.'" Dkt. 56 at 6 (quoting *Mansourian*, 602 F.3d at 967).

Nevertheless, Plaintiff's *injury* resulting from USC's alleged deliberate indifference is that Plaintiff was subjected to discrimination via the improper and traumatizing gynecological examination performed by Dr. Tyndall, not that Plaintiff suffered additional emotional distress after learning the true extent of Dr. Tyndall's mistreatment of other patients almost thirty years after Plaintiff's own examination. Plaintiff undoubtedly was aware of her injury at the time of the examination, because Plaintiff acknowledges that she was contemporaneously aware of the impropriety of Dr. Tyndall's behavior. *See* SAC ¶ 3 (alleging that Dr. Tyndall "molested, sexually abused, and sexually harassed [Plaintiff] by, among other things, aggressively inspecting [Plaintiff's] private parts" and that Dr. Tyndall "made inappropriate remarks during this examination" of Plaintiff); *id.* ¶ 5 (again alleging that Dr. Tyndall performed the gynecological examination of Plaintiff "aggressively"); *id.* ¶ 6 (alleging that

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

Dr. Tyndall called Plaintiff an idiot during the examination for having difficulty locating the string of Plaintiff's tampon).

Based on these allegations in the SAC, Plaintiff's injury occurred, and she was fully aware of her injury, when she was examined by Dr. Tyndall in 1991. Even if Plaintiff generally did not learn until recently about USC's alleged deliberate indifference spanning over approximately thirty years, Plaintiff's understanding of her injury at the time of her examination by Dr. Tyndall means that the statute of limitations period began to run immediately following the examination. To illustrate, Plaintiff does not argue that Dr. Tyndall's behavior during Plaintiff's examination in 1991 was of no consequence; Plaintiff acknowledges that she knew Dr. Tyndall's examination was abnormal at the time it occurred. Instead, Plaintiff merely argues that Dr. Tyndall's behavior was of lesser consequence to Plaintiff until she read the Los Angeles Times article fully exposing Dr. Tyndall to the public. But this position reflects Plaintiff's focus upon "the time at which the consequences of the acts became most painful," *Stanley*, 433 F.3d at 1136 (internal quotation marks and citation omitted), not the time at which the alleged discriminatory acts by USC and Dr. Tyndall occurred.

Plaintiff has not alleged that she suffered any other injury during the limitations period or beyond that would toll the statute of limitations under a continuing violation theory. *See id.* at 1137 (finding that the defendant's alleged deliberate indifference did not toll the statute of limitations because the plaintiff "has not alleged that the University caused her to undergo, or be vulnerable to, any harassment during the limitations period"). Therefore, because Plaintiff waited longer than two years after the examination to file suit, Plaintiff's Title IX claim falls outside the federal statute of limitations period.[2]

---

[2] Plaintiff relies on *Doe v. Board of Education of Hononegah Community High School District No. 207*, 833 F. Supp. 1366 (N.D. Ill. 1993), which held that the plaintiff's constitutional claims were not barred by the statute of limitations under federal law because the plaintiff did not possess contemporaneous knowledge about the defendant school's alleged acts or omissions that caused the plaintiff to be abused by a teacher. *See id.* at 1375-76. Not only is *Doe* merely persuasive authority and does not address the Title IX context, but in any event the Court finds *Doe* to be poorly reasoned by failing to focus on the plaintiff's knowledge of her *injury* resulting from the alleged constitutional violation, which was the alleged abuse by the teacher employed by the defendant. Therefore, even if Plaintiff did allege sufficient facts to support a plausible claim that USC was deliberately indifferent to Dr. Tyndall's conduct, which caused Plaintiff to be injured during the examination, Plaintiff's awareness of her injury at the time of her examination is sufficient for the statute of limitations period to run following the examination, rather than after Plaintiff read the expository Los Angeles Times article.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

1.  *Equitable Tolling*

Although federal law supplies the date at which the statute of limitations to run, district courts are directed to consider state law rules governing the tolling of the limitations period, unless doing so "would be inconsistent with the federal policy underlying the cause of action under consideration." *Alexopulos v. S.F. Unif. Sch. Dist.*, 817 F.2d 551, 555 (9th Cir. 1987) (internal quotation marks omitted) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980)). Plaintiff argues that USC fraudulently concealed Dr. Tyndall's improper conduct, which should toll the statute of limitations period under California state law. *See* Dkt. 55 at 12-15; *see also* SAC ¶¶ 59-65 (alleging specific instances where USC faculty failed to report Dr. Tyndall's inappropriate conduct to law enforcement or medical boards after receiving notice of such conduct).

As the Court explained in the prior Order dismissing Plaintiff's FAC, fraudulent concealment is a "close cousin" of the delayed discovery rule under California law and tolls the statute of limitations period for the duration that the plaintiff could not reasonably discover her claim due to "the defendant's fraud in concealing a cause of action against him." *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994) (internal quotation marks and citations omitted). However, if the plaintiff discovers the existence of the claim independently, the limitations period begins to run on that date, irrespective of the defendant's continuing efforts to conceal the cause of action. *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 99 (1976) (citing *Pashley v. Pac. Elec. Ry. Co.*, 25 Cal. 2d 226, 229 (1944)). Therefore, for fraudulent concealment to toll the statute of limitations, the plaintiff must show that she "was not at fault for failing to discover the cause of action and had no actual or presumptive knowledge of the facts sufficient to put [her] on inquiry." *Snyder v. Boy Scouts of Am., Inc.*, 205 Cal App. 3d 1318, 1323 (1988).

Moreover, because allegations of fraudulent concealment pertain to fraudulent conduct, "a claim that fraudulent concealment tolls an applicable . . . statute of limitations must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1132-33 (C.D. Cal. 2010) (collecting cases); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Pleading fraud under 9(b) requires the plaintiff to include allegations about the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting another source).

Even assuming that Plaintiff has pled the particular instances of USC's alleged failure to disclose purported knowledge of Dr. Tyndall's conduct with sufficient particularity to satisfy Rule 9(b)—which

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

the Court is inclined to believe otherwise—Plaintiff's bases for the application of the fraudulent concealment doctrine are insufficient to toll the limitations period here.

First, Plaintiff cites to cases explaining that a doctor-patient relationship creates a fiduciary obligation on the part of the doctor to reveal all relevant information to his patients. *See* Dkt. 55 at 18 (citing *Mohlgemuth v. Meyer*, 139 Cal. App. 2d 326, 331 (1956)). But as the Court explained in its prior Order, courts in California have "rejected any notion that nondisclosure [of medical wrongdoing] by [a physician] would toll the statute [of limitations] despite discovery by plaintiff." *Sanchez*, 18 Cal. 3d at 98 (citations omitted). As analyzed above, Plaintiff contemporaneously believed Dr. Tyndall behaved inappropriately during Plaintiff's gynecological examination, meaning that Plaintiff had already discovered her injury independently prior to USC's alleged acts constituting fraudulent concealment. Moreover, as the Court previously explained, fraudulent concealment is available only when there is "active conduct by a defendant, *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guererro v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (emphasis added) (quoting another source); *see also Mark K. v. Roman Catholic Archbishop*, 67 Cal. App. 4th 603, 613 (1998) (rejecting the application of fraudulent concealment to toll the limitations period because "what the [defendant] [allegedly] failed to disclose was merely evidence that the wrong had been committed"). Thus, Plaintiff's reliance on any duty of Dr. Tyndall to disclose the nature of his wrongdoing to Plaintiff as part of the doctor-patient relationship merely establishes the argument that Dr. Tyndall should have disclosed to Plaintiff that wrongdoing had been committed during the examination, which is insufficient under *Mark K.* to invoke the fraudulent concealment doctrine.

Second, as to the other actions USC allegedly took to prevent public disclosure of Dr. Tyndall's conduct between 1991 and 2018, those allegations cannot overcome Plaintiff's clear knowledge of her injuries at the time of the examination. Plaintiff had sufficient actual knowledge of the facts surrounding the impropriety of Dr. Tyndall's conduct at the time of the examination to be put on notice of Plaintiff's potential Title IX claim against USC. Therefore, Plaintiff's contemporaneous and independent discovery of her injuries at the hands of USC renders irrelevant any subsequent steps USC allegedly took to prevent widespread public disclosure of Dr. Tyndall's conduct.

Lastly, under both California and federal law analyzing equitable tolling for fraudulent concealment, the plaintiff seeking to toll the limitations period must show that she was diligent in attempting to discover the facts underlying her cause of action and was unable to do so only because of the defendant's efforts to conceal that information. *See, e.g.*, *Stanley*, 433 F.3d at 1136 (the inception of the limitations period under federal law occurs "when a plaintiff knows *or has reason to know* of the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

injury which is the basis of [her] action," implying constructive notice based on the steps a reasonably diligent plaintiff would take to acquire any missing information) (emphasis added); *F.E.C. v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996) (reciting the requirements for equitable tolling for fraudulent concealment, a doctrine which is "read into every federal statute of limitation," as including "due diligence by the plaintiff until discovery of those facts" concealed by the defendant) (internal quotation marks and citations omitted); *N.L.R.B. v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979) (noting that "[t]he general rule applicable to federal statutes of limitations is that a limitation period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered," the facts underlying the cause of action); *Bernson*, 7 Cal. 4th at 931 (the defendant's fraudulent concealment applies "only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it") (internal quotation marks and citation omitted); *Sanchez*, 18 Cal. 3d at 100 (the rationale behind the fraudulent concealment rule "is that the culpable defendant should be estopped from profiting by his own wrong to the extent that it hindered an 'otherwise diligent' plaintiff in discovering [her] cause of action") (emphasis removed) (quoting *Pashley*, 25 Cal. 2d at 231).

Here, even assuming that the SAC contains sufficient allegations warranting application of the fraudulent concealment rule, Plaintiff's allegations are plainly deficient to warrant a plausible inference that Plaintiff was diligent in her endeavors to discover the facts that USC fraudulently concealed. Plaintiff alleges in a conclusory manner that she "was reasonably diligent in investigating the conduct at issue herein," but Plaintiff's only allegations to support that conclusion are that Plaintiff "talked to her friends and fellow students about gynecological exams" and that Plaintiff "occasionally read the alumni newspaper from USC but never saw any mention of Dr. Tyndall or any of his victims." SAC ¶ 68. These vague allegations are insufficient to establish Plaintiff's diligence in discovering the extent of Plaintiff's injury, or in discovering USC's knowledge of Dr. Tyndall's behavior, to the extent that such knowledge was a pre-requisite for the limitations period to run (which, as analyzed above, it is not). Plaintiff does not allege that she took any action to inquire with USC officials, within or outside of the student health center, about their knowledge of Dr. Tyndall's behavior or whether any complaints had been filed against Dr. Tyndall prior to Plaintiff's examination. Indeed, Plaintiff does not even allege that she filed a complaint against Dr. Tyndall herself. Thus, based on the allegations in the SAC, Plaintiff has not shown that she was reasonably diligent over the past three decades in attempting to collect evidence and information needed in order to assert Plaintiff's rights against USC and Dr. Tyndall.³

---

³ In the SAC, Plaintiff also attempted to address the Court's prior point that Plaintiff likely would have known that Dr. Tyndall's conduct fell outside of medically-accepted standards because Plaintiff undoubtedly would have received

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

In summary, Plaintiff has not identified a basis for equitable tolling of the two-year statute of limitation period applicable to Plaintiff's Title IX claim. Therefore, because Plaintiff filed her Title IX claim beyond the two-year limitations period, Plaintiff's claim is untimely, and Plaintiff's Title IX claim must be dismissed even if Plaintiff had included sufficient allegations to set forth a plausible substantive Title IX claim.

    **C.    Leave to Amend**

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (holding that the trial court abused its discretion by not applying *Foman* factors). Under Rule 15(a) there is a presumption in favor of granting leave to amend absent prejudice or a strong showing of any *Foman* factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Based on the course of Plaintiff's allegations to date, granting Plaintiff leave to amend to attempt to assert a plausible Title IX claim would be futile. Plaintiff's attempt to set forth a plausible Title IX

---

gynecological examinations from other medical professionals over the years since being examined by Dr. Tyndall. *See* Dkt. 50 at 7. The SAC merely alleges that "as [Plaintiff] aged and had additional, professionally-appropriate exams, [Plaintiff] noticed that a gynecological exam is not a standardized procedure, and different doctors have different styles, processes, methods, and concerns." SAC ¶ 68. Such an allegation does not create a plausible inference that, even if Plaintiff believed gynecologists operated with some differences in procedures, Plaintiff would not be able to identify which actions of Dr. Tyndall fell outside of medically-accepted standards, particularly since Plaintiff does not allege that any other gynecologists Plaintiff has visited since Dr. Tyndall engaged in similar behavior to what Plaintiff argues is actionable in the SAC. This provides another basis for the Court to conclude that Plaintiff knew of her injury at the time of the examination by Dr. Tyndall and was not reasonably diligent in evaluating any possible legal claims against USC or Dr. Tyndall in light of Plaintiff's subsequent gynecological examinations, which plausibly should have given Plaintiff reason to suspect Dr. Tyndall's wrongdoing.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09530-SVW-GJS | Date | July 9, 2019 |
|---|---|---|---|
| Title | *Jane Doe v. University of Southern California, et al.* | | |

claim in the SAC was deficient in part because Plaintiff's revised allegations contradicted or deviated from Plaintiff's prior allegations in the FAC. Denying a plaintiff leave to file an amended complaint is appropriate where it is "impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

As USC repeatedly points out in its motion to dismiss, Plaintiff has already contradicted her previous allegations in the FAC in attempting to plead a plausible Title IX claim in the SAC. *See* Dkt. 54 at 3, 9. Thus, it is apparent that Plaintiff would be unable to assert a plausible claim under Title IX following an additional amendment without further contradicting her prior allegations in the FAC or the SAC. Accordingly, amendment of Plaintiff's Title IX claim would be futile, and the Court dismisses Plaintiff's Title IX claim with prejudice and without leave to amend.

### III. Conclusion

For the reasons set forth above, the Court GRANTS USC's motion to dismiss Plaintiff's Title IX claim with prejudice.

Because Plaintiff does not assert any other federal causes of action in the SAC, the Court presently lacks subject matter jurisdiction over Plaintiff's remaining state law claims, and the Court declines to exercise supplemental jurisdiction over those claims. Therefore, the Court DISMISSES the SAC without prejudice for lack of jurisdiction so that Plaintiff may pursue her state law claims in state court.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |